# FORM 26(F) REPORT OF PARTIES' PLANNING MEETING

Caption of Case

Constance E. Bagley,

    Plaintiff

v.

Yale University ("Yale"), Professor Douglas Rae ("Professor Rae"), Dean Edward Snyder ("Dean Snyder"), and Deputy Dean Andrew Metrick ("Dean Metrick"), individually,

    Defendants

Date Complaint Filed:

December 20, 2013

Date Complaint Served:

December 20, 2013

Date of Defendants' Appearance:


Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on February 4, 2014. The participants were:

__Laura Studen_____ for plaintiff Bagley

__Patrick Noonan_____ for defendants Yale, Rae, Snyder, Metrick

## I. Certification

    Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject matter Jurisdiction

The Plaintiff alleges violations of federal statutes, Title VII and the ADEA, as well as FEPA and Connecticut common law, contract and torts.  As this action arises under the laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over claims arising under state law.

### B. Personal Jurisdiction

Personal jurisdiction is not contested.

## III. Brief Description of Case

Plaintiff, Professor Constance E. Bagley, currently serves as Professor in the Practice of Law and Management ("Professor in the Practice") at the Yale School of Management ("Yale SOM") in New Haven, Connecticut, where she has worked since 2007.  Professor Bagley is also a Senior Research Scholar at the Yale Law School.  In April 2008, Professor Bagley accepted an employment contract with Yale SOM as a Professor in the Practice for an initial five-year appointment, commencing on July 1, 2008, and ending on June 30, 2013.  On May 24, 2012, Professor Bagley was informed that the Yale SOM had decided not to renew her contract for another five-year term. Professor Bagley's contract with Yale SOM expires on December 31, 2014.

Plaintiff seeks damages as a result of Defendants' adverse, discriminatory, retaliatory, and tortious treatment of Plaintiff, including, but not limited to, Defendants' disparate and retaliatory treatment of Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), the Connecticut Fair Employment Practices Act,

General Statutes §§ 46a-60 et seq. ("FEPA"), and Connecticut common law, contract and torts.

Plaintiff seeks the following damages:

A. Money damages for actual damages that she proves at trial to have suffered as a result of the Defendants' conduct, including, but not limited to, compensatory damages, back pay and loss of future earnings, harm to reputation, damages for emotional distress and mental suffering, consequential damages, and additional liquidated damages and punitive damages.

B. An award of attorney's fees, court costs and expenses incurred by Professor Bagley in bringing this action.

C. Temporarily and permanently enjoining Yale University as set forth in 42 U.S.C. §2000e-2 ("Title VII") from discriminating and retaliating on the basis of age and gender.

D. An award of all such other relief as the Court deems just and proper.

**A. Claims of Plaintiff:**

  I.     **GENDER DISCRIMINATION UNDER TITLE VII –YALE**

  II.    **GENDER DISCRIMINATION UNDER CONNECTICUT FEPA–ALL DEFENDANTS**

  III.   **AGE DISCRIMINATION UNDER THE ADEA – YALE**

  IV.    **AGE DISCRIMINATION - CONNECTICUT FEPA–ALL DEFENDANTS**

  V.     **RETALIATION UNDER TITLE VII – YALE**

  VI.    **RETALIATION UNDER THE ADEA – YALE**

  VII.   **RETALIATION UNDER CONNECTICUT FEPA–ALL DEFENDANTS**

  VIII.  **BREACH OF CONTRACT – YALE**

  IX.    **BREACH OF COVENANT OF GOOD FAITH & FAIR DEALING – YALE**

  X.     **PROMISSORY ESTOPPEL – YALE**

  XI.  NEGLIGENT/INNOCENT MISREPRESENTATION – YALE

  XII.  TORTIOUS INTERFERENCE WITH ADVANTAGEOUS AND/OR CONTRACTUAL RELATIONS – RAE

  XIII.  TORTIOUS INTERFERENCE WITH ADVANTAGEOUS AND/OR CONTRACTUAL RELATIONS – SNYDER

  XIV.  TORTIOUS INTERFERENCE WITH ADVANTAGEOUS AND/OR CONTRACTUAL RELATIONS – METRICK

  XV.  AIDING AND ABETTING DISCRIMINATION UNDER CONNECTICUT FEPA § 46a-60(a)(5) – SNYDER

  XVI.  AIDING AND ABETTING DISCRIMINATION UNDER CONNECTICUT FEPA § 46a-60(a)(5) – METRICK

  XVII.  AIDING AND ABETTING DISCRIMINATION UNDER CONNECTICUT FEPA § 46a-60(a)(5) – RAE

  XVIII. DEFAMATION – RAE

**B. Defenses and Claims (Counterclaims, Third Party Claims, Cross Claims) of Defendants:**

Defendants deny all of Plaintiff's claims.

**C. Defenses and Claims of Third Party Defendants: Statement of Undisputed Facts:**

N/A

**IV.**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. Plaintiff Constance E. Bagley (hereinafter, "Professor Bagley") is an individual who currently resides at 20 Fox Den Way, Woodbridge, Connecticut. She has resided there for the majority of the time relevant to this action.

2. Defendant Yale University (hereinafter, "Yale") is a private degree granting institution

4

located in New Haven, Connecticut.  Yale School of Management ("Yale SOM") is the graduate business school of Yale and is also located in New Haven, Connecticut.

3.   Defendant Douglas Rae (hereinafter, "Professor Rae") is the Richard S. Ely Professor of Management at Yale SOM and Professor of Political Science at Yale.  He is a tenured full professor.

4.   Defendant Edward Snyder (hereinafter, "Dean Snyder") is the Dean of Yale SOM and the William S. Beinecke Professor of Economics and Management at Yale SOM.

5.   Defendant Andrew Metrick (hereinafter, "Dean Metrick") is the Deputy Dean of Yale SOM and the Michael H. Jordan Professor of Finance and Management at YaleSOM.

6.   Professor Bagley currently serves as Professor in the Practice of Law and Management ("Professor in the Practice") at the Yale School of Management ("Yale SOM") in New Haven, Connecticut, where she has worked since 2007.  Professor Bagley is also a Senior Research Scholar at the Yale Law School.

7.   In April 2008, Professor Bagley accepted an employment contract with Yale SOM as a Professor in the Practice for an initial five-year appointment, commencing on July 1, 2008, and ending on June 30, 2013.

8.   On May 24, 2012, Professor Bagley was informed that the Yale SOM had decided not to renew her contract for another five-year term.

**V. Case Management Plan:**

    **A. Standing Order on Scheduling in Civil Cases**

The parties have reached agreement with respect to some, but not all, aspects of scheduling, and  have set forth their respective positions below, which request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    **B. Scheduling Conference with the Court**

The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b), and would prefer a conference by telephone.

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time. Plaintiff remains open to settlement by means of mediation following the close of discovery, prior to the filing of any dispositive motions.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference, should there be one, with a magistrate judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D. Joinder of Parties and Amendment of Pleadings

1. Plaintiff(s) should be allowed until May 1, 2014 to file motions to join additional parties and motions to amend the pleadings.

2. Defendant(s) should be allowed until March 20, 2014 to file motions to join additional parties and until March 20, 2014 to file a response to the complaint.

(Plaintiff notes that Defendants filed a motion for clarification concerning the date upon which their response was due and represented to the Court that the Plaintiff would not agree to extend the deadline past March 3, 2014. Plaintiff wishes to correct the record on this point, as Plaintiff in fact agreed to the March 20, 2014 deadline prior to the filing of Defendants' motion for clarification.)

### E. Discovery

  a. The parties anticipate that discovery will be needed on the following subjects:

- Recruitment of the plaintiff
- Terms and conditions of plaintiff's contract

- Levels of review for potential renewal or extension of plaintiff's contract
- All Board of Permanent Officers (BPO) conversations and votes pertaining to plaintiff's employment
- Review committees formed to consider the terms and conditions of employment policies and procedures for professors in practice
- Relevant comparators
- Damages

Plaintiff reserves the right to seek additional discovery not specifically set forth above, if such discovery is warranted.

b. <u>Plaintiff's proposal</u>: All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by March 20, 2014 and completed (not propounded) by November 15, 2014. However, in the event Defendants elect not to file any dispositive motions, Plaintiff is willing to extend discovery to January 15, 2015.

<u>Defendants' proposal</u>: All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by March 20, 2014 and completed (not propounded) by April 20, 2015.

c. Discovery will not be conducted in phases.

d. Discovery on [N/A] will be completed by [date].

e. The parties anticipate that the Plaintiff will require a total of 15 depositions of fact witnesses and that the Defendant(s) will require a total of 10 depositions of fact witnesses.

<u>Plaintiff's proposal</u>: The depositions will commence by May 1, 2014 and be completed by November 15, 2014.

<u>Defendants' proposal</u>: The depositions will commence by May 1, 2014 and be completed by September 20, 2014.

f. The Defendants will request permission to serve more than 25 interrogatories.

7

g. Plaintiff intends to call expert witnesses at trial.

Plaintiff's proposal: Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 15, 2014.  Depositions of any such experts will be completed by September 15, 2014.

Defendants' proposal: Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 20, 2014. Depositions of any such experts will be completed by January 5, 2015.

h. Defendant/s intend to call expert witnesses at trial.

Plaintiff's proposal: Defendant/s will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 15, 2014. Depositions of such experts will be completed by November 15, 2014.

Defendants' proposal: Defendant/s will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by February 5, 2015. Depositions of such experts will be completed by April 20, 2015.

i. A damages analysis will be provided by any party who has a claim or counterclaim for damages by April 20, 2014.

j. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to provide each other, no later than March 20, 2014, with reasonable search terms to be applied.

k. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to provide each other with a privilege

log cataloguing all documents withheld from production as privileged, clearly setting forth the type of document, the privilege claimed, and the subject matter of the document.

### F. Dispositive Motions:

Plaintiff's proposal: Dispositive motions will be filed on or before December 15, 2014.

Defendants' proposal: Dispositive motions will be filed on or before May 20, 2015.

### G. Joint Trial Memorandum

Plaintiff's proposal: The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by February 1, 2015.

Defendants' proposal: The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by July 1, 2015.

## VI. TRIAL READINESS

Plaintiff's proposal: The case will be ready for trial by March 1, 2015.

Defendants' proposal: The case will be ready for trial by August 1, 2015.  Defense counsel is unable to agree to the date proposed by Plaintiff because of a 7-week medical malpractice trial involving a paraplegic plaintiff and multiple defendants commencing at the same time.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By __/s/ *Laura R. Studen*_____ Date: February 18, 2014

Defendants

By _/s/ *Patrick M. Noonan*_____ Date: February 18, 2014