UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANCE E. BAGLEY, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>YALE UNIVERSITY, DOUGLAS )<br>RAE, EDWARD SNYDER, AND )<br>ANDREW METRICK, Individually. )<br>)<br>Defendants. )<br>) | Civil Action No. 3:13-cv-01890 |

**PLAINTIFF CONSTANCE E. BAGLEY'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND MOTION FOR ENTRY OF PROPOSED CONFIDENTIALITY ORDER**

The Defendants, Yale University ("Yale"), Douglas Rae, Edward Snyder, and Andrew Metrick (collectively "Defendants"), seek a sweeping confidentiality order in this case that would make each and every document produced not only confidential, but automatically subject to sealing if filed with this Court. See Exhibit A to Dkt. No. 35, Defendants' Opposition, ¶¶1, 3. An order of this nature is not only unwarranted under the circumstances of the case, but completely contrary to the deeply ingrained principle that Court proceedings ought to be open to the public to promote fairness, trust, and transparency in the judicial system. Moreover, Defendants' assertions that there have been no undue delays in discovery due to the dispute concerning confidentiality are simply incorrect. See Dkt. No. 35, Defendants' Opposition at 1, n.1. It was Defendants' request for additional time to file their Answer or Motion to Dismiss that first delayed discovery; these pleadings were originally due on February 18, 2014, and initial disclosures were thus due on or about March 18, 2014. See Dkt. Nos. 12-15; Initial Discovery Protocols for Employment Cases Alleging Adverse Action ("Initial Discovery Protocols"), p. 2. Because Defendants requested and obtained an additional month, the initial disclosures were

likewise delayed by one month.  See Dkt. Nos. 21, 22.[1]  Moreover, as the initial disclosures call for the production of a vast array of documents,[2] it is irrelevant that depositions have been stayed pending resolution of the Motion to Dismiss.  The documents called for by the initial disclosures are documents to which Plaintiff is entitled, and the protracted negotiations concerning the confidentiality order have without question prejudiced her ability to receive and review those documents.[3]

For these reasons, and the reasons more fully set forth below, Plaintiff requests that the Court grant her motion for a confidentiality order, which proposed order adequately protects the privacy interests of unrelated third parties while preserving the integrity of the judicial process.

## I.      Court Proceedings Are Presumptively Open to the Public.

It is axiomatic that court systems and proceedings are presumptively open to the public.  Indeed, the Second Circuit has recognized that "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history."  United States v. Amodeo, 71 F.3d 1044, 1048 (2nd Cir. 1995).  This "public monitoring" affords the public confidence in the "honesty of judicial proceedings" and "is not possible without access to testimony and documents" introduced during litigation.  See id.; see also United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) ("Transparency is pivotal to public perception of the judiciary's legitimacy and independence").  A blanket order to deem confidential and to seal all documents pertaining to a particular matter is not only contrary to this spirit of openness and access, but—as addressed

---

[1] Plaintiff's request for additional time to file an opposition to Defendants' Motion to Dismiss had no bearing whatsoever on the date by which initial disclosures were to be made.

[2] These include, *inter alia*, the following categories of documents: communications between the plaintiff and defendant; documents concerning the "formation and termination" of the employment relationship; the plaintiff's personnel file and evaluations; workplace policies and guidelines; documents concerning investigation of the plaintiff's complaints; and the plaintiff's job search efforts.  See Initial Discovery Protocols, pp. 6-9.

[3] Defendants' assertion that "all discovery and depositions, with the exception of initial disclosures, have been stayed pending the Court's ruling on the Motion to Dismiss," see Dkt. No. 35, n.1, is also inaccurate.  The Court's March 21, 2014 Order only stays depositions, not document production.  See Dkt. No. 30 ("requests for the production of documents will proceed at present and while the *Motion* remains *sub judice*.")

below—is particularly unnecessary given the nature of this case and types of documents Defendants are required, and expected, to produce.

### II. Defendants' Proposed Order is Vastly Overbroad and Defendants Can Offer No Legitimate Reason for Keeping All Discovery Confidential.

The Defendants have boldly asserted that (1) the "vast majority" of documents produced by Yale during discovery will consist of personnel records, student records, and e-mail communications, and (2) all of these documents are confidential by nature. See Dkt. No. 35, p. 2. Both assertions are wholly unsupported.

The types of documents the Defendants must produce pursuant to the Initial Discovery Protocols do not all fit into the three categories of documents—personnel records, student records, and e-mail communications—the Defendants explicitly seek to protect. See supra note 2; Initial Discovery Protocols, pp. 7-9. Indeed, employment contracts, workplace policies and guidelines, board meeting minutes, committee reports resulting from investigations, job descriptions, and compensation and benefits information are among the many types of documents the Defendants are required to produce pursuant to the Discovery Protocols. Thus, besides Professor Bagley's own personnel file and certain e-mail communications, a host of other types of responsive documents fall outside the limited categories outlined by Defendants in their Opposition.

Even if "virtually all" of Defendants' required production did consist of personnel records, student records, and e-mail communications, see Dkt. No. 35, p. 2, which it does not, these categories of documents are not afforded blanket confidentiality as a matter of right. While it is true that the former two categories are afforded certain statutory protections, these protections would still not cover each and every document in those general categories.[4] As to

---

[4] Personnel and student records are not confidential in their entirety. Indeed, the statutory excerpts cited by the Defendants indicate that it is the *individually or personally identifiable* information in personnel files and student

the latter category, Plaintiff vigorously disputes the notion that all e-mail communications are confidential.[5] In fact, it appears that Yale employees are placed on notice that they do *not* have an expectation of privacy in their online activities, which are explicitly subject to monitoring at the discretion of the University. See Exhibit 1, Notice to Yale Employees of Electronic Monitoring, attached hereto. As such, Defendants' assertion that e-mails among faculty, students and administrators at Yale "were sent with an expectation that they would remain private," see Dkt. 35, p. 3, lacks any basis in fact.

Notably, even the Model Protective Order contained in the Initial Discovery Protocols does not call for nearly as restrictive confidentiality terms as the ones Defendants propose. Surely, if this Model Order is the sort the Court finds appropriate in "employment cases alleging adverse actions," there is no justification for substantially deviating from the scope of that proposed order in the present case – a case which, undeniably, is an "employment case alleging adverse actions," and in which nothing related to trade secrets, intellectual property, sexual abuse, or any other topic potentially calling for blanket confidentiality is, at this juncture, likely implicated. See, e.g., Eli Lilly & Co. v. Gottstein, 617 F.3d 186, 296 (2d Cir. 2010) (acknowledging the need for confidentiality of documents that reveal "trade secrets, confidential preliminary research, development ideas, commercial information, product planning and employee training techniques"); Sealed Plaintiff # 1 v. Farber, 212 Fed. Appx. 42, 43 (2d Cir. 2007) (recognizing a person's status as sexual abuse victim to be the type of "highly personal" information protected from dissemination).

Also of import is the fact that, in recent years, this Court has entered Standing Orders in other employment discrimination cases involving Yale University that do not contemplate

---

records that are protected—as discussed more fully at Part III, *infra*, redaction is thus the appropriate protective measure.

[5] Plaintiff requested a copy of Yale's policy concerning e-mail communications, but did not receive a response.

marking each and every document as confidential.[6]  Certainly, if Yale has been able to abide by those Orders, it can agree to something less than blanket confidentiality in the instant case.  In fact, Yale's awareness of such Orders raises concerns about the Defendants' good faith and motivation for demanding blanket confidentiality in this case, which has already caused undue delay and prejudice to Professor Bagley.

> **III.     Defendants' Proposition That All Documents be Filed Under Seal is Improper and the Appropriate Solution is Redaction and *In Camera* Review.**

The Defendants' proposed order would not only mandate that each document produced be marked confidential, but would also automatically require that all documents "be sealed and unavailable to the public" if filed with this Court.  See Dkt. Nos. 35, 35-1.  Such a proposal is overly broad and unsupported by the law.

The Second Circuit has held that "[d]ocuments to which the public has a qualified right of access may be sealed *only* if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." United States v. Aref, 533 F.3d 72, 82 (2d Cir. 2008) (emphasis added) (internal quotations and citations omitted).  Indeed, "it is the responsibility of the district court to ensure that sealing documents to which the public has a First Amendment right is no broader than necessary" Id. at 82 (determining legitimate national security concerns warranted sealing of documents at issue).

The employment case at bar involves little, if any, proprietary business information such as "trade secrets or confidential research," and involves no considerations of "public safety" that would even merit consideration of sealing the litigation in its entirety.  See Crossman v. Astrue, 714 F. Supp. 2d 284, 287 (D. Conn. 2009).  Moreover, even where courts have found that such trade secrets or other confidential information warrant protection, the solution has not been

---

[6] See, e.g., Willoughby v. Yale University, 3:14-cv-00608, Dkt. No. 5; Reddick v. Yale University et al., 3:13-cv-1140, Dkt. No. 4; Craig v. Yale University School of Medicine et al., 3:10-cv-1600, Dkt. No. 5.

blanket confidentiality or sealing, but rather, *redaction* (and, if required, limited sealing).  See Crossman, 714 F. Supp. 2d at 289; In re Unseal, 98 Cr 1101 Ilg, United States v. John Doe 98, 2014 U.S. App. LEXIS 10436 (2d Cir. 2014) (upholding the district court's decision to limit the sealing of documents to redactions on certain pages).  Indeed, the best means of protecting the legitimate privacy interests of unrelated third persons without unduly limiting the use of documentary evidence is through redaction, which is exactly what both the Federal Rules of Civil Procedure and the Local Rules dictate.  See Fed. R. Civ. P. 5.2(f) (permitting a party to submit a redacted, public version of a filing and an unredacted copy under seal);  D. Conn. L. Civ. R. 5(e)(4) (same).[7]

    The Defendants here have made no showing of subject matters or circumstances that would warrant such a broad order requiring that all documents be marked as confidential and sealed if filed with the Court.  Should the disclosure of any proprietary or sensitive information become contested, narrowly-tailored redaction and, if needed, *in camera* review by the Court of select documents, is the reasonable solution.

## Conclusion

    For the reasons set forth above, Plaintiff respectfully requests that this Court grant her Motion for Confidentiality Order and endorse the proposed order appended thereto.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[7] The Local Rules embody the spirit of access and openness.  See, e.g., D. Conn. L. Civ. R. 5(e)(3): "Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."

Respectfully Submitted,

Constance E. Bagley
BY HER ATTORNEYS,

/s/ Laura R. Studen
Laura R. Studen, Esq.
Alexandra H. Deal, Esq.
Emily J. Nelson, Esq.
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
Telephone: 617-345-3000
Email: lstuden@burnslev.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 6, 2014.

/s/ Emily J. Nelson