UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANCE BAGLEY | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13 CV 1890  (CSH) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, DOUGLAS RAE, | : | |
| EDWARD SNYDER and ANDREW | : | |
| METRICK, Individually | : | JUNE 11, 2014 |
| | : | |
| Defendants | : | |

**DEFENDANTS' SUR-REPLY RE: OBJECTION TO PLAINTIFF'S
MOTION FOR PROTECTIVE ORDER AND MOTION FOR ENTRY
OF PROPOSED CONFIDENTIALITY ORDER**

The defendants, Yale University ("Yale"), Douglas Rae, Edward Snyder and Andrew

Metrick, hereby submit the following memorandum in further support of their objection to the

plaintiff's May 20, 2014 Motion for Protective Order, and in further support of their May 28,

2014 Motion for Entry of Proposed Confidentiality Order.

The plaintiff claims that the defendants' proposed confidentiality order should not be

permitted as it is contrary "to the deeply ingrained principle that Court proceedings ought to be

open to the public." (See Docket No. 37, p. 1.)  The plaintiff's argument improperly conflates

discovery materials with pleadings and evidence filed with the Court.   The proposed

confidentiality order appended to the defendants' May 28, 2014 Motion for Entry of Proposed

Confidentiality Order would govern only the use of discovery documents and materials.  As

previously noted, Fed. R. Civ. P. 5(d) and L. Civ. R. 5(f) both recognize that discovery

materials are not public information and should not be filed with the Court.  The plaintiff also improperly mischaracterizes the defendants' proposed order as a "blanket order" to "seal all documents" pertaining to this matter.  (See Docket No. 37, p. 2; see also p. 1 (defendants "seek a sweeping confidentiality order in this case that would make each and every document … automatically subject to sealing if filed with this Court.")  The defendants' proposed order does not seek any such "blanket order" regarding the sealing of documents filed with the court.  Indeed, the defendants' proposed order does not request the sealing of any documents whatsoever.  The parties do not have the authority to require the sealing of documents filed with the Court.  See L. Civ. R. 5(e).  Rather, the proposed order merely sets forth a procedure to  request the sealing of discovery materials filed with the court.  Of course, the Court would then decide whether to grant such an order on a document by document basis.

The decisions cited by the plaintiff -- United States v. Amodeo, 71 F.3d 1044 (2d. Cir. 1995) and United States v. Aref, 533 F.3d 72, 83 (2d. Cir. 2008) -- do not support her argument that the defendants proposed confidentiality order is unwarranted.  In fact, both of these decisions refute the plaintiff's argument that an order treating all discovery material as presumptively confidential would be contrary to the principle that court proceedings are presumptively open to the public.  As an initial matter, both decisions address public access to "judicial documents," items filed with the court that are "relevant to the performance of the judicial function and useful in the judicial process…"  United States v. Amodeo, 44 F.3d 141,

145-146 (2d Cir. N.Y. 1995).[1]  The defendants' proposed confidentiality order by its express terms would apply only to discovery materials, which are not filed with the Court.  The plaintiff fails to point out that the Amodeo court reasoned as follows:

> [I]t must be recognized that an abundance of statements and documents generated in federal litigation actually have little or no bearing on the exercise of Article III judicial power. The relevance or reliability of a statement or document generally cannot be determined until heard or read by counsel, and, if necessary, by the court or other judicial officer.
>
> As a result, the temptation to leave no stone unturned in the search for evidence material to a judicial proceeding turns up a vast amount of not only irrelevant but also unreliable material.
>
> *Unlimited access to every item turned up in the course of litigation would be unthinkable. Reputations would be impaired, personal relationships ruined, and businesses destroyed on the basis of misleading or downright false information.*

(Emphasis added.) Id. at 1048-49. Those very considerations are the foundation of the defendants' proposed confidentiality order.  In addition, while the Amodeo court recognized that judicial documents are presumptively subject to public inspection, "[d]ocuments that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach, … and stand[] on a different footing than … a motion filed by a party seeking action by the court, or, indeed, than any other

---

[1] In Amodeo, supra, 71 F.3d 1044, the court considered the issue of public access to a sealed report filed with the court by a Court Officer appointed pursuant to a consent decree to investigate allegations of corruption in a local hotel and restaurant employees' union.  The report concerned the conduct of attorneys who represented the union, including Harold Ickes who, at the time of the decision, had been appointed Deputy Chief of Staff to President Clinton.  In Aref, supra, 533 F.3d 72, a criminal matter, the Second Circuit affirmed the District Court's decision to seal documents on the ground that "the Government's interest in protecting the national security and preventing the dissemination of classified information outweighs the defendants' and/or the public's right of access to these materials."  Id. at 77.  (Internal quotation marks omitted.)

document which is presented to the court to invoke its powers or affect its decisions." (Citations omitted; internal quotation marks omitted.) Id. at 1051.

As case law cited by the plaintiff makes clear, there is no public right to access discovery material. Therefore, treating the discovery materials in this case as confidential does not run afoul of any "deeply ingrained principle;" indeed, it is entirely consistent with Second Circuit decisions. (See Docket No. 37, p. 1.) In light of the fact that the defendants' proposed confidentiality order is consistent with Second Circuit precedent, it is telling that the plaintiff has not provided any reason why the discovery materials in this case would need to be publicly available.

Because the majority of the documents and materials produced by Yale during the discovery phase of this litigation will be confidential in nature, the defendants' proposed confidentiality order offers the most economical procedure for the production and use of such information. The defendants' proposed order will also ensure that confidential information relating to the parties, as well as non-parties, remains confidential. To be sure, as previously explained by the defendants, the majority of the discovery materials produced in this case will consist of confidential personnel records, confidential student records, or private emails. The plaintiff argues that, other than her own personnel file and certain email communications, most of the responsive documents produced in this case will not fall within the above categories of confidential information. (See Docket Entry No. 37, p. 3). This is simply incorrect, and ignores that fact that the discovery materials in this case will encompass the personnel information of other employees, as well as student records. As to the plaintiff's argument that

Yale employees have no expectation of privacy in their email communications, the document submitted by plaintiff in support of this argument is merely a blank form produced by the Department of Labor.  There is no indication that this document was produced by Yale or distributed to the Yale employees at issue in this case.  The plaintiff's argument also misses the point that email communications may contain information regarding employees or students that is protected pursuant to Conn. Gen. Stat. § 31-128f and/or the Family Education Rights and Privacy Act of 1974, 20 U.S.C. § 1232g (1989).

Therefore, for the reasons stated herein, the defendants respectfully request that this Court deny the plaintiff's motion for protective order and instead enter the proposed confidentiality order attached to their May 28, 2014 Motion for Entry of Proposed Confidentiality Order.

THE DEFENDANTS
YALE UNIVERSITY, DOUGLAS RAE,
EDWARD SNYDER and ANDREW
METRICK

BY:___/s/ Patrick M. Noonan  (#ct00189)___
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

5

**<u>CERTIFICATION</u>**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan