UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANCE E. BAGLEY, | : |
| | : Civl Action No. |
| Plaintiff, | : 3:13-cv-1890 (CSH) |
| | : |
| v. | : |
| | : |
| YALE UNIVERSITY, DOUGLAS | : |
| RAE, EDWARD SNYDER, and | : JUNE 27, 2014 |
| ANDREW METRICK, | : |
| | : |
| Defendants. | : |

**RULING ON MOTIONS FOR CONFIDENTIALITY ORDER**

**HAIGHT, Senior District Judge:**

This Ruling concerns the proper form of a protective and confidentiality order to be entered in this case. Plaintiff and Defendants agree in principle that a confidentiality order is needed in the case. They disagree vigorously with respect to the form should take in practice. The parties proffer differing orders, Plaintiff's order is Doc. 33-1. Defendants' order is Doc. 35-1. In a two-round exchange of briefs, each side attacks the other's order as inappropriate, too broad (or too narrow), and generally outrageous.

After careful consideration, I find that I cannot agree with Defendants' proposal that "all disclosed information will be treated as confidential" (Brief, Doc. 35, at 4). So sweeping, so automatic a confidentiality order finds no parallel in any case cited to me, or that I have encountered in my own experience. Yale itself, in prior cases where discharged employees have

alleged violation of their civil rights, has seemingly had no problem with the more narrowly crafted Standard Protective Order of this Court, which defines "Confidential" as information, documents and things that have not been made public, and the disclosing party believes "contains or comprises (a) trade secrets, (b) proprietary business, or (c) information implicating an individual's legitimate expectation of privacy." *See* cases cited in Plaintiff's Reply Brief, Doc. 37, at 5 n. 6.

In fact, the third enumerated class of confidential information specified in the Standing Order would cover much, if not most, of the information about which Defendants express concern in the case at bar. Nor is there as much difference between the contending orders in this case as the strength of expression in the briefs of counsel would suggest. Plaintiff's proposed order defines "Confidential Information" as meaning "any personnel information, personal financial information, non-public proprietary information, or other private facts concerning any non-party that counsel believes in good faith is not generally known to the public." That last category is broadly written, and should be construed broadly. To resolve one of the disputes that has surfaced, I conclude that e-mails sent or received by non-parties fall within that category of Confidential Information. It is of no moment whether Yale did or did not give its employees notice that it might monitor their office e-mails. Yale may look over their employees' shoulders, but that does not operate as a total negation of an individual's legitimate expression of privacy in his or her electronic communications.

The Court will endorse an Order in final form which adopts the form proposed by Plaintiff, subject to these comments:

Page 1, line 3: insert the word "to" between the words "respect" and "confidential."

Include ¶ 3 from Defendants' proposed order, with respect to sealing.

Counsel for Plaintiff are directed to submit an Order in final form, consistent with this Ruling. Discovery in the case should continue apace (if that is an appropriate word to describe the progress to date).

The foregoing is SO ORDERED.

Dated:  New Haven, Connecticut
        June 27, 2014

                                              /s/
                                    CHARLES S. HAIGHT, JR.
                                    Senior United States District Judge