UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                        )
CONSTANCE E. BAGLEY,                    )
                                        )
        Plaintiff                       )
                                        )
    v.                                  )   Civil Action No.
                                        )   3:13-cv-1890 (CSH)
YALE UNIVERSITY, DOUGLAS                )
RAE, EDWARD SNYDER, AND                 )
ANDREW METRICK, Individually.           )
                                        )
        Defendants.                     )
_____)

## CONFIDENTIALITY ORDER

This Order shall govern in this proceeding before the Court and in any proceedings related to it. The purpose of this Order is to facilitate discovery while protecting the privacy of non-parties with respect to confidential and/or private information, and the legal obligations of educational institutions with regard to disclosure of student-related data. In the event of a dispute as to whether claimed confidential or private information (including the contents of documents) are, in whole or part, subject to this Order, the parties agree that they shall submit the matter to the Court, in camera, for determination as to whether the claimed confidential or private information is subject to this Order; provided, however, that the challenged confidential or private information shall be subject to the restrictions in this Order unless or until the parties agree otherwise or the Court enters a ruling changing the designation of such information or materials.

1. For purposes of this Order, "Confidential Information" means any personnel information, personal financial information, non-public proprietary information, or other

private facts concerning any non-party that counsel believes in good faith is not generally known to the public.  All Documents (as defined below) containing Confidential Information shall be subject to the terms of this Order regardless of whether individual documents lack marking or designation, either prior to or subsequent to disclosure, indicating that they are confidential.  All documents which are produced in this action that contain Confidential Information ("Documents") shall be treated as confidential, and neither such Documents, nor any information contained therein, nor any portion thereof, shall be disclosed by the parties or their counsel to any person, except as permitted herein.

2. Confidential Information shall be used by the parties solely for purposes of this litigation or any related proceeding, and shall not be used for any other purpose.

3 Counsel for the parties and their clients shall not disclose Confidential Information except on the following terms and conditions:

    (a) Possession, custody and control of all Documents shall be limited to attorneys of record for a party, including their partners and associates and other members of their offices, including employees and law clerks, expert witnesses, and to the parties in this litigation;

    (b) Confidential Information may also be disclosed to any person listed in the following paragraphs 3(b)(i) through 3(b)(iii), provided, however, that the requirements of paragraph 3(c) are followed:

        (i) Expert witnesses and consultants retained in connection with the above-captioned action, to the extent such disclosure is necessary for the preparation for discovery, discovery (including depositions), the preparation for trial/hearings and/ or trial/hearings

        of the action, or if such expert is noticed or subpoenaed by a party for deposition;

(ii) Parties, managerial employees and agents of a party and representatives of insurers of a party to the extent such disclosure is necessary for determination of coverage, management of the litigation, discovery (including depositions), the trial/hearing and/or preparation for discovery/trial/hearing of the above-captioned action; and,

(iii) Witnesses or potential witnesses in this action, to the extent that such disclosure is necessary for preparation for and undergoing depositions, preparation for discovery/trial/hearing and/or the trial/hearing of the above-captioned action.

(c) Disclosure of Confidential Information to persons in paragraphs 3(b)(i) through 3(b)(iii) may be made only if prior to such disclosure, counsel for the party seeking disclosure instructs and advises such persons that that the information must be kept in confidence, and such persons agree.

(d) Counsel for the parties will at all times until the conclusion of this litigation retain possession of all documents containing confidential information and may release said documents only as is reasonably necessary for discovery, the trial/hearing and/or preparation for trial/hearing of the above-captioned matter.

(e) The restrictions on the use of Confidential Information established by this Stipulation apply only to the use by a party of Confidential Information

obtained from another party relating to non-parties.  A party is free to do whatever it desires with its own Confidential Information relating to the parties.

4. When either party uses Confidential Information at the deposition of any person, that portion of the transcript of that deposition (or, where feasible, the "Confidential" portion thereof) shall be marked Confidential, and that portion shall be filed, if at all, under seal, and when used in connection with any motion, hearing or trial, that portion shall be treated as "Confidential".  Insofar as either party may wish to use a document containing Confidential Information at the deposition of any person not an adverse party or current or former employee, expert or agent thereof, the following procedures shall apply: Prior to showing the document to the witness, the party's counsel shall show the document to the opposing counsel (and, if applicable, also to counsel for the party which produced the document) and provide an opportunity for the document to be designated, in whole or part, as "confidential," consistent with this Order.

5. If Confidential Information is to be included in any papers to be filed in Court prior to trial, the filing party shall request an order from the Court that any information subject to this Order be sealed and be unavailable to the public.

6. This Order is without prejudice to the right of any party to seek an Order of the Court respecting Confidential Information, and the treatment thereof.

7. In the event anyone shall intentionally violate or threaten to violate any terms of this Order, the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order, and in the event the aggrieved party shall do so, any respondent party or other person subject to the

5

provisions of this Order shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. In the event of a discovery of what one party in good faith believes appears to be an unintentional violation, the aggrieved party shall provide reasonable notice and an opportunity to cure prior to seeking further relief from the Court.

8. Within one hundred twenty (120) days after the final disposition of the above-captioned case, whether by judgment and the exhaustion of all appeals, or by settlement, counsel for each party: (a) shall return, destroy or maintain in confidence all of the Documents produced by other parties in the possession, custody or control of counsel or counsel's client, including any copies; (b) shall destroy or maintain in confidence all notes, memoranda, or other documents which contain Confidential Information, including attorney work product or attorney-client communications.

9. Any Confidential Information filed with the Court shall be filed in accordance with the Rules on Impoundment Procedure, and shall be marked with a legend in substance stating "CONTAINS CONFIDENTIAL INFORMATION - SUBJECT TO STIPULATED PROTECTIVE ORDER."

10. The Court shall retain jurisdiction for the purpose of enforcing this Order.

11. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

**DONE AND ORDERED.**

_____
**CHARLES S. HAIGHT, JR.**
Sr. United States District Judge