UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANCE BAGLEY | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13 CV 1890(CSH) |
| vs. | : | |
| YALE UNIVERSITY, DOUGLAS RAE, EDWARD SNYDER and ANDREW METRICK, Individually | : | |
| Defendants | : | JULY 11, 2014 |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM RE: MOTION TO DISMISS IN COMPLIANCE WITH COURT'S JUNE 30, 2014 ORDER**

In compliance with this Court's June 30, 2014 Order for Further Briefing, the defendants, Yale University ("Yale"), Douglas Rae, Edward Snyder and Andrew Metrick, hereby submit the following supplemental memorandum in further support of their motion to dismiss, with regard to the issue of whether the plaintiff's March 4, 2013 filing with the Connecticut Commission on Human Rights and Opportunities ("CHRO") was timely.

The plaintiff filed a complaint with the CHRO on March 4, 2013, directed only against Yale. (A copy of this complaint is attached to the Defendants' March 20, 2014 Memorandum of Law in Support of Motion to Dismiss as Exhibit A, and is hereinafter referred to as "Exhibit A".) This complaint was not timely and therefore does not provide a basis for the alleged violations of the Connecticut Fair Employment Practices Act ("CFEPA") advanced in the present litigation. The CHRO complaint attacks only the May 7, 2012 decision to not renew the plaintiff's contract with Yale and alleges that this decision was improperly motivated by her age, sex, physical

disability, and because she previously opposed discriminatory conduct. Following a merit assessment review, the plaintiff's CHRO complaint was dismised on July 15, 2013, on the ground that it was not timely filed: "Complainant's claim is not timely filed as the timeframe for filing is one hundred and eighty (180) days from the date when complainant knew or should have reasonably known of the alleged act." (See CHRO's Merit Assessment Review, dated July 15, 2013, attached as Exhibit B to Defendants' March 20, 2014 Memorandum of Law in Support of Motion to Dismiss.) Indeed, the plaintiff's March 4, 2013 CHRO complaint was not filed until 301 days after she was notified of the decision to not renew her contract on May 7, 2012.

There are "two prongs required to bring a CFEPA claim in court: namely the plaintiff must (1) file a timely discrimination complaint with the CHRO and (2) obtain a release from the commission to file the suit." Anderson v. City of Derby, 718 F. Supp. 2d 258, 271 n. 31 (D.Conn. 2010) (Haight, J.). See Conn. Gen. Stat. § 46a-100 (providing that an individual who has "timely filed a complaint with the Commission on Human Rights and Opportunities" regarding an alleged discriminatory practice "and who has obtained a release from the commission . . . may also bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred."); Conn. Gen. Stat. § 46a-101 ("No action may be brought in accordance with section 46a-100 unless the complainant has received a release from the commission in accordance with the provisions of this section."). See also Catalano v. Bedford Assocs., 9 F. Supp. 2d 133, 135 (D. Conn. 1998) (Dorsey, J.) ("Courts have subject matter jurisdiction over employment discrimination claims under the [CFEPA], C.G.S. § 46a-60, only if (1) the plaintiff timely files a discrimination complaint with the CHRO . . .; and, (2) the

2

plaintiff obtains a release from the commission to file suit.") (internal quotation marks omitted); Payne v. PSC Indus. Outsourcing, L.P., 2013 U.S. Dist. LEXIS 180941 (D. Conn. Dec. 30, 2013) (Bryant, J.) ("It is clearly established that before a plaintiff can file a claim for CFEPA retaliation in district court, the plaintiff must timely file[] with the [CHRO] a petition and either receive a ruling on those claims or a release by the commission of its jurisdiction.") (internal quotation marks omitted).

To be timely, a complaint with the CHRO must be filed within 180 days of the conduct that forms the basis of the complaint. "Any complaint filed pursuant to this section must be filed within one hundred and eighty days after the alleged act of discrimination …." Conn. Gen. Stat. §46a-82(e). See also State v. Commission on Human Rights & Opportunities, 211 Conn. 464, 471-73, 559 A.2d 1120 (1989) (holding that employee cannot recover for employer's acts that occurred more than 180 days prior to filing charge of discrimination with CHRO). The alleged act of discrimination at issue in the plaintiff's March 4, 2013 CHRO complaint was the decision not to reappoint her as a Professor in the Practice in the Yale School of Management. As alleged, this occurred on May 7, 2012. (See Exhibit A.) Therefore, in order to timely contest this decision before the CHRO, the plaintiff was required to file a complaint by November 3, 2012. The plaintiff did not file her CHRO complaint until about four months later, on March 4, 2013. Even if calculated from May 24, 2012 -- the date of Dean Snyder's letter informing the plaintiff that her appointment was not being renewed -- the plaintiff's discrimination charge nonetheless was not timely filed with the CHRO. As the plaintiff's March 4, 2013 CHRO

complaint was not timely, she cannot now rely on that complaint as a basis for the CFEPA claims she is advancing in the present litigation.  See Anderson, supra, 718 F. Supp. 2d. at 271 n. 31.

There can be no question that May 7, 2012, the date of the decision to not reappoint the plaintiff, is the relevant date from which to calculate the 180 day period provided in Conn. Gen. Stat. §46a-82(e).  This is the allegedly discriminatory act set forth in the plaintiff's March 4, 2013 CHRO complaint.  (See Exhibit A.)  As the plaintiff is still employed by Yale, there is also no other relevant date from which to assess the timeliness of the plaintiff's CHRO complaint.  As such, the plaintiff's reliance on Vollemans v. Town of Wallingford, 103 Conn. App. 188 (2007) is misplaced.[1]  In Vollemans, the Connecticut Appellate Court addressed the issue of whether the 180 day requirement for filing a complaint with the CHRO, pursuant to Conn. Gen. Stat. §46a-82(e), was to be calculated from the date the plaintiff in that case was notified of the termination of his employment, or from the last day of his employment.  Id. at 195.  This case does not present such an issue as there is no last day of employment which would mark the commencement of the 180 day time period for the filing of a complaint with the CHRO.   Indeed, if the relevant date for this case were in fact the last day of employment, then both of the CHRO filings would be deficient, on the ground that they were prematurely filed.  If the date of the discriminatory act is the day of the plaintiff's last date of employment, then the claims under the CFEPA in the present complaint would have to be dismissed, because no discriminatory act has yet occurred.

---

[1] In her Opposition to Defendants' Motion to Dismiss, the plaintiff's only response to the argument that her CHRO complaint was not timely filed is a vague reference to the Vollemans decision, and the assertion that the

The plaintiff's Federal law claims under Title VII and the ADEA, concerning the May 7, 2012 decision to not renew her contract, were also not timely filed with the EEOC. In order to bring a Title VII or ADEA lawsuit in federal district court, a plaintiff must file a *timely* charge with the EEOC. "When a plaintiff fails to file a timely charge with the EEOC, the claim is time-barred." Butts v. City of New York Department of Housing, 990 F.2d 1397, 1401 (2d Cir. 1993), citing Gomes v. Avco Corp., 964 F.2d 1330, 1332-33 (2d Cir. 1992) and Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 394 (1982). An EEOC charge, the necessary prerequisite for the plaintiff's claims under Title VII and the ADEA, must be filed within either 180 days or 300 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). The charge must be filed within 180 days after the unlawful event unless, as here, it is initially filed with a state agency, in which case the charge must be filed with the EEOC within 300 days of the event. 42 U.S.C. § 2000e-5(e)(1); Odili, supra, 1997 WL 317316 at *2. A charge of discrimination is not deemed to be officially filed with the EEOC until "sixty days after proceedings have been commenced under the state or local law…" 42 U.S.C. § 2000e-5(c); see also 29 C.F.R. § 1601.13(b); Kremer v. Chemical Construction Corp., 456 U.S. 461, reh. den. 458 U.S. 1133 (1982) (explaining purpose of provision is to give state agencies limited opportunity to resolve discrimination complaints at local level before triggering federal involvement). The ADEA contains an identical requirement. See 29 U.S.C. 633(b); Goodman v. Heublein, Inc., 645 F.2d 127, 132 (2d Cir. 1981).

---

Court need not consider this argument as it was rendered moot by the filing of a second CHRO complaint. (See Plaintiff's Opposition to Motion to Dismiss, p. 8 n.7.)

Because the plaintiff's CHRO complaint against Yale was filed on March 4, 2013, it was not deemed to be filed with the EEOC until sixty days thereafter on May 3, 2013. May 3, 2013 is almost a full year after the conduct that forms the basis of the plaintiff's claim: the May 7, 2012 decision to not renew her contract. In order to be considered timely, the plaintiff's claim with the EEOC was required to be filed by March 3, 2013, which is 300 days of the May 7, 2012 decision. As such, the plaintiff's claim with the EEOC was not timely, and her Title VII and ADEA claims before this Court should be dismissed.[2] See Mohasco Corp. v. Silver, 447 U.S. 807, 100 S. Ct. 2486, 65 L. Ed. 2d 532 (1980) (holding that employee's religious discrimination complaint against his employer was not timely filed with the EEOC because, by the time that the 60-day deferral period had passed, the 300-day limit for filing a charge with the EEOC was over.)[3]

As the plaintiff's federal law discrimination claims were not timely charged to the EEOC, those claims, contained in Counts One, Three, Five and Six, should be dismissed. As these are the only federal law claims asserted by the plaintiff, the dismissal of these claims deprives this Court of supplemental jurisdiction over the remaining claims. Therefore, even if the Court were to conclude that the plaintiff's CFEPA claims have been timely filed, the Complaint should nonetheless be dismissed in its entirety.

---

[2] Again, even if calculated from the date of Dean Snyder's May 24, 2012 letter, the plaintiff's May 3, 2013 charge with the EEOC did not occur within 300 days. Calculated from May 24, 2012, the plaintiff's 300 day filing deadline expired on March 20, 2013.

[3] In her Opposition to Defendants' Motion to Dismiss, the plaintiff's only response to the argument that her Title VII and ADEA claims were not timely filed is the assertion that the Court need not consider this argument as it was rendered moot by the filing of a second EEOC complaint. (See Plaintiff's Opposition to Motion to Dismiss, p. 5 n. 6.)

## CONCLUSION

For the reasons stated herein, as well as for the reasons stated in defendants' previous briefs, the plaintiff's Complaint should be dismissed.

> THE DEFENDANTS
> YALE UNIVERSITY, DOUGLAS RAE,
> EDWARD SNYDER and ANDREW
> METRICK, Individually
>
>
> BY: ___/s/ Patrick M. Noonan  (#ct00189)___
> Patrick M. Noonan
> Donahue, Durham & Noonan, P.C.
> 741 Boston Post Road
> Guilford, CT 06437
> (203) 458-9168

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

> _____/s/_____
> Patrick M. Noonan