UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANCE BAGLEY | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13 CV 1890  (CSH) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, DOUGLAS RAE, | : | |
| EDWARD SNYDER and ANDREW | : | |
| METRICK, Individually | : | |
| | : | AUGUST 7, 2014 |

## DEFENDANT, YALE UNIVERSITY'S, OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

The defendant, Yale University, hereby objects to the plaintiff's First Request for Production of Documents dated July 8, 2014.

## TIME FRAME

Unless otherwise specified, the time period governing the below Requests is January of 2006 to the present.

## DEFINITIONS

In addition to the definitions set forth by Rule 26 of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut, the following definitions shall apply to these Requests:

1.      The terms "Plaintiff" or "Professor Bagley" shall mean the plaintiff Constance "Connie" E. Bagley and any agent, representative, attorney or other person or entity acting on her behalf.

2.      The terms "Yale" or "you" shall refer to Yale University in New Haven, Connecticut, including every present and former officer as well as every present and former director, agent, employee, faculty member, staff member, attorney, consultant, independent contractor, expert, representative and all other persons purporting to act on behalf of Yale University or its founders, predecessors or successors.  The term "Yale" includes, without limitation, the Yale School of Management, as defined below.

3.      The term "Yale SOM" shall refer to the Yale School of Management, including every present and former officer as well as every present and former director, agent, employee, faculty member, staff member, attorney, consultant, independent contractor, expert, representative and all other persons purporting to act on behalf of the School of Management.

4.      The term "BPO" shall refer to the Board of Permanent Officers of Yale SOM.

5.      The term "faculty member" shall herein refer to any professor, professor in the practice, lecturer, senior lecturer, instructor, or any other member of the Yale teaching staff, excluding teaching assistants.

6.      The term "document," as used herein, shall mean and refer to the original, an identical copy when no original is available, and all nonidentical copies, drafts, interim and final versions of any writings, records, drawings, data compilations, graphic matter of any type or description, or any other retrievable data (whether recorded, encoded, taped or coded electrostatically, electromagnetically, or otherwise), including but not limited to notes, correspondence, memoranda (including written memoranda of telephone conversations, other communications, discussions, agreements, and any other acts, transactions, or activities), printed copies of computer documents, electronic mail, invoices, time sheets, expense vouchers, contracts, agreements, pamphlets, receipts, books of account (including cash disbursement journals, cash receipt journals, balance sheets, income statements, reconciliation statements, or other similar financial statements), order forms, records, bonds, requisitions, bills, plans, drawings, specifications, sound recordings, minutes, diaries, by-laws, articles of incorporation, calendars, desk pads, scrap books, notebooks, bulletins, circulars, forms, statements, journals, letters, telegrams, notices, interoffice or intra office communications, photostats, microfilm, microfiche, studies, reports, analyses, messages, comparisons, graphs, charts, summaries, films, photographs, tapes or tape-recordings, advertisements, facsimiles, Teletype messages, office communications, drafts, memoranda, summaries, reports, records, instructions, work papers, data sheets, specifications, notes, diaries, photocopies, descriptions, publications, books, transcripts, telephone records, tables, books of account, files, plans, affidavits, computer printouts, computer tapes or disks, data capable of being reproduced, and other data compilations however produced or reproduced from which information can be obtained and any other written matter of any kind including without limitation any marginal and/or handwritten comments appearing on any documents or any other writing. Where a particular request specifies certain types of documents it is intended only to suggest that the categories named may contain some of the information sought and is neither intended nor to be construed as limiting the definitions stated above.

7.      The term "communication" means any transmittal of information whether oral or written in the form of meeting, conversation, correspondence, message, statement, discussion, conversation, agreement or other occurrence whereby thoughts, opinions, or data is transmitted between two or more persons.

8.     The terms "concern" or "concerning" means referring to, describing, evidencing or constituting.

9.     The terms "relate" or "relating to" means referring to, reflecting upon or in any way logically or factually connected with the matters discussed.

10.     As used herein, the term "and" shall mean "and" as well as "or."

11.     As used herein, the term "or" shall mean "or" as well as "and."

## INSTRUCTIONS

1.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are required to supplement responses to the below Requests in a timely manner or upon Court order.

2.     Pursuant to Local Rule 26(e), you are required to produce a privilege log in conformance with this rule.

3.     A request for any document shall be deemed to include a request for any and all drafts, revisions and modifications thereto, in addition to the document itself.

4.     If any of the documents requested below have been destroyed or otherwise discarded, identify the document destroyed or discarded in the same manner as identification is requested for "privileged documents."

5.     If a document requested herein cannot be produced in full, produce it to the extent possible, identify any portion(s) that cannot be so produced and specify the reasons for your inability to produce said portion(s).

## GENERAL OBJECTIONS

1.     Defendant objects to the extent that materials sought are covered by the attorney-client privilege.

2.     Defendant objects to the extent that information is protected by the work product privilege.

3.     Defendant objects to the extent that the discovery requested is duplicative, overbroad, burdensome, readily obtainable from another source that is more convenient or less expensive, and/or the burden of responding is outweighed by the likely benefit, within the meaning of Fed. R. Civ. P. 26(b)(2).

4.     Defendant objects to the plaintiff's "Instructions" and "Definitions" to the extent that these are inconsistent with the Federal Rules of Civil Procedure.

5.      Defendant objects on the ground that the time period reflected in plaintiff's discovery requests – January, 2006 to the present – is unreasonably long.  In this regard, defendant notes that the first claim of an adverse employment action was May, 2012.  Accordingly, the timeframe should be no longer January, 2012 to present.

6.      Defendant objects to all of plaintiff's discovery requests on the ground that the ESI search terms requested by the plaintiff are unreasonably broad and have resulted in the collection of literally thousands of pages of irrelevant documents.  In this regard, defendant notes the following:

- In response to the Court's order on Initial Disclosures, counsel for plaintiff and defendant consulted on ESI search terms and a date for the commencement of discovery.  The date requested by the plaintiff was January 1, 2007 to present.  Plaintiff requested that the files of a large number of employees of Yale University be searched for a number of ESI terms.  Defendant then in fact carried out that search.

- The result of the search requested by the plaintiff in response to the Initial Disclosures led to the production by the defendant of three large-capacity DVD's containing 20.8 gigabytes of data, which were divided into 37,991 separate files.  According to Nexus Lexis, 20.8 gigabytes of data equals 33,000 pages of email text.

- A large number of the defendant's staff members in the IT Department and in the Office of General Counsel collectively spent hundreds of hours assembling and reviewing this material.  It is estimated that more than 99% of the materials are completely irrelevant to the subject matter of the present dispute.  Nevertheless, it has been turned over to plaintiff's counsel.

- Following the production of the 33,000 pages of material, defense counsel consulted with plaintiff's counsel about compliance with the plaintiff's Production Requests and suggested that the parties agree on a method for reducing the volume of documents and the enormous commitment of time to review and produce them.

- Rather than reduce the amount of the defendant's commitment, plaintiff's counsel added additional ESI search terms and then insisted that the search be conducted for an additional year, i.e. starting in January of 2006, rather than January of 2007.  This insistence on a longer time period was made despite the fact that the first claim of an adverse employment action occurred in May, 2012.  Furthermore, plaintiff's counsel stated that she was unwilling to agree that whatever search terms and time period were agreed upon would be final.  She wished to reserve the right to request additional search terms for additional periods of time.

- Under these circumstances, defendant objects to embarking upon any additional search until such time as the Court has determined the period of time for searching of documents and the ESI search terms.  Defendant should not be required to make multiple searches of computerized documents.

**BY WAY OF PRODUCTION REQUEST:**

1.      All documents and communications between or among Edward Snyder, Douglas Rae, Andrew Metrick, Geert Rouwenhorst, Joel Podolny, and Stanley Garstka concerning or relating to Professor Bagley.

**OBJECTION:**    **See general objections.**

2.      All documents and communications between or among Edward Snyder, Douglas Rae, Andrew Metrick, Geert Rouwenhorst, Joel Podolny, and Stanley Garstka concerning or relating to the Yale SOM course "State and Society."

**OBJECTION:**    **See general objections.  Defendant also objects on the ground that this request will generate a large quantity of documents which are neither relevant nor likely to lead to the discovery of relevant evidence. Accordingly, the burden of responding to this request is substantially outweighed by the likely benefit.  See Fed.R.Civ. p.26(b)(2)**

3.      All documents and communications between Professor Bagley and Edward Snyder, Douglas Rae, Andrew Metrick, Geert Rouwenhorst, Joel Podolny, or Stanley Garstka concerning or relating to Professor Bagley or the Yale SOM course "State and Society."

**OBJECTION:**    **See objections to Production Request #2 above.  Defendant further objects on the ground that this request is entirely duplicative of Requests #1 and #2.**

4.  All documents and communications between President (and former Provost and President Elect) Peter Salovey and Professor Bagley.

**OBJECTION:**    **See objection to Production Request #2 above.**

5.      All documents and communications between one of Edward Snyder, Douglas Rae, or Andrew Metrick, and any other dean or faculty member at Yale SOM concerning or relating to Professor Bagley or "State and Society."

**OBJECTION:**      **See objection to Production Request #2 above.**

6.      All documents and communications between Peter Salovey and Yale SOM, including without limitation former Deputy Provost Frances McCall Rosenbluth and Deputy Provost Stephanie Spangler, concerning or relating to Professor Bagley, "State and Society," or the standards for reappointment of Professors in the Practice at Yale SOM.

**OBJECTION:**      **See objection to Production Request #2 above.**

7.      All documents and communications between you, including without limitation Peter Salovey, Frances McCall Rosenbluth, or Stephanie Spangler, and former Yale President Richard Levin, concerning or relating to Professor Bagley, "State and Society," or the standards for reappointment of Professors in the Practice at Yale SOM.

**OBJECTION:**      **See objection to Production Request #2 above.  Defendant also objects on the ground that this request is duplicative of Request #6.**

8.      All communications between Richard Levin and Professor Bagley.

**OBJECTION:**      **See general objections.  Defendant also objects on the ground that this information is as available to the plaintiff as to the defendant.**

9.      All documents and communications relating to one or more of the following Yale SOM courses: "State and Society," "Legal Aspects of Entrepreneurship," "Law for Executives," and "Managing Legal and Regulatory Complexity."

**OBJECTION:**      **See objection to Production Request #2 above.**

10.      All documents prepared by and all communications with Provost Ben Polak concerning or relating to Professor Bagley, "State and Society," or the standards for reappointment of Professors in the Practice at Yale SOM.

**OBJECTION:**      **See objection to Production Request #2 above.**

11.     All documents and communications regarding Yale's decision to remove Professor Bagley from teaching the core course "State and Society" in or around 2012.

**OBJECTION:     See general objections.**

12.     All documents and communications regarding Yale's decision to have Professor Ian Shapiro co-teach "State and Society" with Douglas Rae.

**OBJECTION:     See general objections.**

13.     All documents and communications regarding the selection and hiring of David Bach by Yale SOM, including without limitation his interview schedule, as well as the decision to have him teach "State and Society" in the Executive MBA Program at Yale SOM.

**OBJECTION:     See general objections.  Defendant further objects on the ground that compliance would violate the privacy interests of an individual who is not a party to this litigation and on the ground that compliance with this request would violate the provisions of Conn.Gen.Stat. § 31-128f.**

14.     All documents and communications concerning the search for a Director of Entrepreneurial Programs at Yale SOM (or a comparable position), including without limitation all documents and communications related to the recruitment and selection of Kyle Jensen to fill the position of Director of Entrepreneurial Programs at Yale SOM.

**OBJECTION:     See objection to Production Request #13 above.**

15.     All documents and communications concerning Professor Bagley's application to the position of Director of Entrepreneurial Programs (or a comparable position) at Yale SOM, including without limitation, all communications with prospective outside reviewers and any written responses therefrom.

**OBJECTION:     See objection to Production Request #13 above.**

16.     All documents and communications concerning the criteria for, applications to, or candidates for the Theodore Nierenberg Chair (also known as the Theodore Nierenberg Professorship), including without limitation the interview schedules of all candidates invited to give "job talks" at Yale SOM and all documents and communications relating to any such candidates.

**OBJECTION:**     **See objections to Production Requests #2 and #13 above.**

17.     All documents and communications concerning Professor Bagley's application for the Theodore Nierenberg Chair and/or faculty director of the Millstein Center for Corporate Governance and Performance, including without limitation her request for a meeting with search committee chair Douglas Rae to discuss her candidacy.

**OBJECTION:**     **See general objections.**

18.     A copy of the report produced in or around 2011-2012 by the review committee chaired by Professor Paul Bracken ( the "Bracken Committee") concerning Professor Bagley, as well as all drafts, notes, interviews, correspondence, meeting minutes, and other documents relating thereto.

**OBJECTION:**     **See objections to Production Request #2 above.  Without waiving these objections, defendant notes that it has already provided a copy of the Bracken report.**

19.     A copy of the charge to the Bracken Committee issued in or around 2011 concerning Professor Bagley's reappointment as a Professor in the Practice.

**OBJECTION:**     **See general objections.**

20.     A copy of all reports produced by the faculty committee chaired by Professor Verity Harte ("Harte Committee") relating to Professor Bagley, as well as all drafts, notes, interviews, correspondence, meeting minutes, and other documents relating thereto.

**OBJECTION:**     **See general objections.  Without waiving these objections, defendant notes that it has already provided a copy of the Harte Committee report.**

21.     A copy of the charge to the Harte Committee issued in or around 2012 concerning Professor Bagley.

**OBJECTION:**     **See general objections.**

22.     A copy of all reports produced by the committee chaired by Professor Edieal Pinker ("Pinker Committee") concerning Professor Bagley, as well as all drafts, notes, interviews, correspondence, meeting minutes, and other documents relating thereto.

**OBJECTION:**     **See general objections.  Without waiving these objections, defendant notes that it has already provided a copy of the Pinker Committee report.**

23.     A copy of any charge to the Pinker Committee issued in or around 2012 concerning Professor Bagley.

**OBJECTION:**     **See general objections.**

24.     Minutes of the May 7, 2012 meeting of the BPO, as well as any drafts, notes, voice recordings or videos relating to this meeting.

**OBJECTION:**     **See general objections.  Without waiving these objections, defendant states that it will provide copies of all non-privileged responsive documents.**

25.     All ballots and notes submitted by members of the BPO on May 7, 2012, pertaining to the vote on Professor Bagley's reappointment as a Professor in the Practice at Yale SOM.

**OBJECTION:**     **See general objections.  Without waiving these objections, defendant states that it will provide copies of all non-privileged responsive documents.**

26.     Minutes of the October 21, 2013 meeting of the BPO, as well as any drafts, notes, voice recordings or videos relating to this meeting.

**OBJECTION:**     **See general objections.  Without waiving these objections, defendant states that it will provide copies of all non-privileged responsive documents.**

27.     All ballots and notes submitted by members of the BPO on October 21, 2013, pertaining to the vote on Professor Bagley's reappointment as a Professor in the Practice at Yale SOM.

**OBJECTION:**     **See general objections.  Without waiving these objections, defendant states that it will provide copies of all non-privileged responsive documents.**

28.     Minutes, including any draft minutes, from or relating to any meeting of the BPO or the committee on appointments, curriculum, and strategy or any comparable faculty committee at which Professor Bagley or "State and Society" was discussed.

**OBJECTION:**     **See general objections.  Defendant also objects on the ground that this request is overbroad and burdensome and not likely to lead to discovery of relevant, admissible evidence.**

29.     A list of all faculty members at Yale SOM, including without limitation Professors in the Practice and adjunct faculty members, who were terminated by Yale, or whose contract was not renewed, from 2007 to the present, including the gender, age, rank, and title of each such individual.

**OBJECTION:**     **Defendant will provide the requested list.**

30.     A list of all individuals appointed to the rank of Professor in the Practice at Yale SOM since the founding of Yale SOM and the dates and duration of their initial and any renewed appointments, including the gender, age, rank, and title of each such individual at the time of the initial appointment and any renewed appointments.

**OBJECTION:**     **See general objections.  Without waiving these objections, defendant would have no objection to providing the requested list for the academic year 2007-2008 up to the present.**

31.     All documents listing, containing, or referencing statistics on diversity and diversity hiring, retention, and promotion at Yale SOM from January 1, 2007, to the present.

**OBJECTION:**     **See general objections.  Without waiving these objections, defendant states that it has no objection to compiling a document indicating the name, race (where known) and gender of faculty members at Yale SOM for each academic year commencing with the 2007-2008 academic year to the present.**

32.     A copy of the report produced as a result of the 2014 Diversity Summit at Yale ("2014 Summit"), as well as any data collected in preparation for drafting the report and any documents provided to the participants in the 2014 Summit.

**OBJECTION:**     **See general objection to Production Request #2.**


33.     Any policies, procedures, or reports relating to the contract renewal, including the process for determining whether an individual should be reappointed, of Professors in the Practice at Yale SOM, as well as the standards applied in each instance.

**OBJECTION:**     **See objections to Production Request #2.**


34.     The minutes of all BPO meetings, including any draft minutes, at which a vote was taken on the reappointment of a Professor in the Practice at Yale SOM, as well as any notes, voice recordings or videos relating to such meeting.

**OBJECTION:**     **See general objections.  Defendant further objects on the ground that providing such information for individuals other than the plaintiff will invade the privacy rights of persons not party to this litigation and violate the provisions of Conn.Gen.Stat. § 31-128f.  Without waiving these objections, defendant notes that it has no objection to producing minutes of all BPO meetings taken on the reappointment of the plaintiff.**


35.     All documents and communications concerning the dispersing or distribution of Professor Bagley's responsibilities, including without limitation her teaching responsibilities, upon or after her termination from Yale SOM.

**OBJECTION:**     **See general objections.  Defendant also objects on the ground that this request is vague and uncertain in meaning.**


36.     All documents and communications relating to any complaint, whether formal or informal, made against Yale SOM from 2000 to the present, relating to or concerning alleged discriminatory, harassing or retaliatory treatment, defamation, breach of contract, tortious interference with contractual or advantageous business relations, or breach of the implied covenant of good faith and fair dealing.

**OBJECTION:**     **See general objections.  Defendant further objects on the ground that compliance with this request would violate the privacy interests of**

persons not party to this litigation and would contravene
**Conn.Gen.Stat. § 31-128f.**

37.     All documents and communications relating to any complaint, whether formal or informal, made against Professor Douglas Rae concerning discrimination, harassment, or retaliation.

**OBJECTION:**     **See objections to Production Request #36 above.**

38.     All evaluations of Professor Ian Shapiro resulting from or associated with his teaching of "State and Society."

**OBJECTION:**     **See objections to Production Request #36 above.**

39.     All evaluations of David Bach resulting from or associated with his teaching of "State and Society."

**OBJECTION:**     **See objections to Production Request #36 above.**

40.     All documents and communications concerning the decision not to offer the course "Law for Executives" to the Executive MBA Class of 2015.

**OBJECTION:**     **See general objections.  Without waiving these objections, defendant states that it will produce any non-privileged responsive documents.**

41.     All documents and communications prepared by Michael Della Rocca, chair of the Yale University Wide Committee on Sexual Misconduct, relating to or concerning Professor Bagley.

**OBJECTION:**     **See general objections.  Without waiving these objections, defendant states that it will produce any non-privileged responsive documents.**

42.     Any other document or communication on which Yale or the individual defendants may rely in defending against the allegations in the above-captioned complaint.

**OBJECTION:**     **See general objections.  Defendant also objects on the ground that this request would violate the attorney/client and work product privileges. It is defense counsel, not defendant, who will make the determination as to which documents may be used as evidence at trial.  Furthermore,**

defense counsel cannot know at this point – prior to the completion of discovery and hearing plaintiff's evidence – which documents are likely to be offered into evidence by the defense.

THE DEFENDANT
YALE UNIVERSITY

BY:_____/s/_____
               Patrick M. Noonan
               Donahue, Durham & Noonan, P.C.
               741 Boston Post Road
               Guilford, CT 06437
               (203) 458-9168

## **CERTIFICATION**

       This is to certify that a copy of the foregoing was e-mailed on the above-written date, to:

Michael J. Rose, Esquire
Rose Kallor, LLP
750 Main Street, Suite 606
Hartford, CT 06103
mrose@rosekallor.com

Laura R. Studen, Esquire
Emily J. Nelson, Esquire
Burns & Levinson, LLP
125 Summer Street
Boston, MA 02110
lstuden@burnslev.com; enelson@burnslev.com

_____/s/_____
    Patrick M. Noonan