UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANTCE E. BAGLEY, ) | |
| ) | |
| ) | |
| Plaintiff ) | Civil Action No. |
| v. ) | 3:13-cv-01890 (CSH) |
| ) | |
| YALE UNIVERSITY, DOUGLAS ) | |
| RAE, EDWARD SNYDER, AND ) | |
| ANDREW METRICK, Individually. ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME AND TO YALE UNIVERSITY'S OBJECTION TO HER FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff Constance E. Bagley ("Plaintiff" or "Professor Bagley") hereby objects to Defendants' Motion for Extension of Time ("Motion") [D.E. 50] and to Yale's request that this Court bar Plaintiff from making any further requests for electronic discovery, as asserted in Defendants "General Objections" to Plaintiff's First Request for Production of Documents [D.E. 51].[1] In support of her Opposition, Plaintiff states as follows:

1. Plaintiff filed her Complaint in this case on December 20, 2013.

2. On March 21, 2014, the Court ordered the parties to proceed with paper discovery pursuant to the *Initial Discovery Protocols for Employment Cases Alleging Adverse Action* [D.E. 30]. Since that date, Plaintiff continually pressed Yale for a date certain by which it would make its disclosures and first document production.

3. By May 2014, Defendants had not yet produced a single document, arguing they

---

[1] Plaintiff's specific objection made herein to Defendant, Yale University's, Objections to Plaintiff's First Request for Production of Documents [D.E. 51] is made for the purposes of this Opposition and does not preclude further objections to either the General Objections, the specific objections, or the associated document production.  Plaintiff sees no need to further use this Court's time to engage in discovery battles with Defendants.

1

would not do so until the entry of a confidentiality order by this Court.  Defendants insisted upon a blanket confidentiality order, despite the fact that such an order is nearly unprecedented.  This frivolous and overly broad request further delayed production until the Court ruled against such a sweeping order on June 27, 2014. [D.E. 42].

4. On July 8, 2014, Plaintiff served her First Request for Production of Documents to Yale, which expressly supplemented rather than replaced the production required by the *Initial Discovery Protocols*.  Defendants have advanced no legitimate reason why an extension until October 8, 2014 is needed to complete responses.

5. Although Plaintiff is unclear why the Defendant filed with this Court a response to Plaintiff's document request despite the mandates of Fed. R. Civ. P. 5(d) and Local Rule 5(f), Plaintiff objects vigorously to the representations made therein and the request that this Court bar any further e-discovery requests until an undetermined point in the future. [D.E. 51]

6. While Defendants are entitled to their own beliefs about what it is relevant and have estimated that "more than 99% of the materials [reviewed] are completely irrelevant to the subject matter of the present dispute," that is their own subjective assessment and relevance cannot be so strictly construed, particularly in discrimination cases which rely heavily on circumstantial evidence.

7. Defendants have entirely omitted any mention of Plaintiff's good-faith efforts to help facilitate efficient electronic discovery.  For example, on July 22, 2014, Professor Bagley sent counsel for Yale a revised list of search terms that actually *deleted* several terms from the initial list and invited defense counsel to propose his own limitations or modifications. Plaintiff informed Yale that the terms she presented to the Defendant were made in good faith to be as comprehensive, yet particularized, as possible at this early stage in discovery.

8.      At this early stage in discovery, before any depositions have even occurred, it would be entirely unreasonable for Plaintiff's counsel to agree to a "final" search term list with no future additions until some undetermined future date.  Yale somehow believes it is entitled to waiver from standard discovery practices, asserting that it "should not be required to make multiple searches of computerized documents." [D.E. 51, p. 4-5].  Plaintiff objects to Defendant's request that this Court "determine[] the period of time for searching of documents and the ESI search terms."

9.      Plaintiff has now served her initial disclosures pursuant to the *Initial Discovery Protocols* (i.e., "Information that Plaintiff must produce to Defendant" at Part 2(3)) on counsel for Yale University.  Plaintiff has yet to receive the same (i.e., "Information that Defendant must produce to Plaintiff" at Part 3(3)) from Defendants.

10.     While Professor Bagley does not minimize the importance of her own document production, which is forthcoming, she notes that nearly all documents she will produce are already in Yale's possession by virtue of her Yale e-mail account and of the sparse paper documentation she received from the institution during the course of her appointment reviews.

11.     In short, in less than five months, on December 31, 2014, Professor Bagley will be out of a job.  Continual delays in this case are nothing more than an attempt to drain her resources and force her to go away—Yale's end goal now for two years.  She will not surrender to such tactics.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Motion for Extension of Time so that discovery may continue apace.

Respectfully Submitted,
Constance E. Bagley
BY HER ATTORNEYS,

/s/ Laura R. Studen
Laura R. Studen, Esq.
lstuden@burnslev.com
Emily J. Nelson, Esq.
enelson@burnslev.com
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
617-345-3000

## CERTIFICATE OF SERVICE

    I hereby certify that, on this 11th day of August, 2014, a copy of the foregoing was electronically filed and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF system.

    /s/ Emily J. Nelson
Emily J. Nelson

4839-1119-4396.1