UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANCE BAGLEY | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13 CV 1890(CSH) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, DOUGLAS RAE, | : | |
| EDWARD SNYDER and ANDREW | : | |
| METRICK, Individually | : | |
| | : | |
| Defendants | : | SEPTEMBER 26, 2014 |

## ANSWER AND SPECIAL DEFENSE

Defendants hereby respond to plaintiff's complaint, dated December 20, 2013, as follows:

1-5.    The allegations contained in Paragraphs 1 through 5 are admitted.

6.    The defendants admit that the plaintiff has made allegations against the defendants, but deny that the plaintiff can prove any of her claims.  It is admitted that this Court has jurisdiction over the subject matter.

7-8.    The allegations contained in Paragraphs 7 and 8 are admitted.

9.    The defendants admit that the plaintiff received a Right to Sue letter from the CHRO, but deny knowledge or information as to the date said letter was received.

10.    The allegations contained in Paragraph 10 are admitted.

11.    The allegations contained in Paragraph 11 are denied, except to admit that the plaintiff exhausted the internal remedies available from Yale University.

12-13.    The allegations contained in Paragraphs 12 and 13 are admitted.

14. The defendants admit the allegations of Paragraph 14, except that they deny the allegation that they are seeking the Court's intervention.

15. The defendants admit that the plaintiff has brought claims against the defendants, but deny that there is any validity to said claims.

16. The defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, except to admit that the plaintiff joined Yale School of Management as a visiting faculty member in 2007.

17. The defendants deny the allegations of Paragraph 17, except to admit that Professor Bagley was appointed as a "Professor in the Practice" for a five year term, which was to end on June 30, 2013.

18. The allegations contained in Paragraph 18 are denied, except that the defendants admit that Professor Bagley did well at the Yale School of Management until the spring semester of 2012. The defendants admit that the plaintiff won an Excellence in Teaching Award, but not for a core course. The defendants also admit that the plaintiff authored publications, but only one article was published in an academically prestigious outlet.

19. The allegations contained in Paragraph 19 are denied, except that the defendants admit that Professor Bagley served as a core member of the UWC and at times publicly advocated for equal treatment of women at Yale. The defendants admit that the plaintiff made contributions to the University, but not more significant than other faculty members of the Yale School of Management.

20-22. The allegations contained in Paragraphs 20 through 22 are denied.

23. The allegations contained in Paragraph 23 are denied, except that defendants admit that the plaintiff filed a grievance and that the Harte Committee prepared a report. The defendants refer to that report for the contents thereof.

24. The allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied, except that it is admitted that the plaintiff's final day of employment with the University will be December 31, 2014.

26-28. The defendants deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 26 through 28, since they have no personal knowledge of these facts. They acknowledge that Professor Bagley's resume contains these items. They also admit that the plaintiff taught courses at Yale SOM.

29. The allegations contained in Paragraph 29 are admitted.

30. The allegations contained in Paragraph 30 are admitted.

31. The allegations contained in Paragraph 31 are admitted.

32. The defendants admit that Professor Bagley accepted an employment contract with Yale University as Professor in the Practice at the Yale School of Management for a five year appointment, commencing on July 1, 2008 and ending on June 30, 2013, and that she was given the opportunity to seek renewal. The defendants admit the terms of her employment were negotiated with representatives of the Yale SOM, including Dean Podolny. The terms of her employment contract are contained in an offer letter from Deputy Dean Stanley Gartska dated April 8, 2008.

33. The defendants deny that the allegations contained in Paragraph 33 reflect all of the provisions of Professor Bagley's offer letter, and refer to that letter for the contents thereof.

34. The first two sentences of Paragraph 34 are denied. The defendants refer to the Yale Faculty Handbook for the contents thereof. Defendants deny that the Yale Faculty Handbook was incorporated by reference in the April 8, 2008 letter from Deputy Dean Gartska appointing the plaintiff as Professor in the Practice.

35-36. The allegations contained in Paragraphs 35 and 36 are denied.

37. The defendants deny the statement attributed to Dean Snyder, but admit that the conditions for reappointment were not changed by Yale University in 2012.

38. In light of the fact that the individual who is alleged to have made the statement contained in Paragraph 38 has not been identified, the defendants are unable to confirm or deny the truth of the allegations contained in Paragraph 38.

39. The defendants deny that Paragraph 39 contains all of the information reflected in Professor Bagley's employment letter, but refer to that letter for the contents thereof. The last sentence of Paragraph 39 is denied.

40-41. The allegations contained in Paragraphs 40 and 41 are denied.

42. The defendants admit that Professor Bagley won one of the School of Management Awards for Excellence in Teaching in 2009 in an elective course and won an Excellence in Teaching Award for the non-degree Executive MBA Program in 2013.

43. The allegations contained in Paragraph 43 are denied, except that the defendants admit that the plaintiff played a leading and mostly successful role in the State and Society course

4

until the spring of 2012.  The defendants also admit that the plaintiff co-taught that course for five years with Professor Rae, and that she taught the other two courses referenced in Paragraph 43.

44. The allegations contained in the first sentence of Paragraph 44 are denied, except that it is acknowledged that Professor Bagley published one article in an academically prestigious outlet.  The defendants deny knowledge or information sufficient to admit or deny the allegations contained in the final sentence of Paragraph 44.

45. The defendants admit that an internet source made the statement attributed in Paragraph 45.

46. The defendants admit the first sentence of Paragraph 46 and deny the remaining allegations of Paragraph 46, except to admit that Professor Bagley has served as a core member of the UWC.

47. The defendants admit the first sentence of Paragraph 47, but deny the allegations contained in the second sentence, and admit the allegations contained in the third sentence.

48. The allegations contained in Paragraph 48 are denied.  However, the defendants admit that Professor Bagley told Michael Della Rocca that she had a disagreement with a lawyer employed by the Office of General Counsel and asked whether this disagreement could adversely impact her application for reappointment to the School of Management faculty.  Mr. Della Rocca expressed doubt that that had occurred, but discussed with Professor Bagley the possibility of filing a UWC complaint.  Professor Bagley chose not to do so and instead filed a grievance.

49. The defendants deny the allegations of Paragraph 49 as stated.  However, the defendants acknowledge that OCR commenced an investigation in March, 2011 and completed it

in June, 2012, after which Yale Vice President and General Counsel Dorothy Robinson signed a Voluntary Resolution Agreement.

50-54. The allegations contained in Paragraphs 50 through 54 are denied.

55. The allegations contained in Paragraph 55 are admitted.

56-57. The allegations contained in Paragraphs 56 and 57 are denied.

58. The defendants admit the allegations contained in the first sentence of Paragraph 58 and deny the remainder of that paragraph.

59. The allegations contained in Paragraph 59 are denied.

60. The allegations contained in Paragraph 60 are denied, except to admit that Professor Aguilera applied for the position and was not selected.

61. The allegations contained in the first sentence of Paragraph 61 are admitted. The defendants also admit that the Bracken Committee was not charged with considering factors other than Professor Bagley's accomplishments, since those matters were to be left to the BPO and the Dean.

62. The allegations contained in Paragraph 62 are admitted.

63. The allegations contained in Paragraph 63 are denied, except that the defendants admit that when Professor Bagley requested that she be considered for tenure, Dean Snyder responded that he was not willing to create a tenured position in Legal Studies.

64. The allegations contained in Paragraph 64 are denied.

65. The allegations contained in Paragraph 65 are denied, except that the defendants admit that the plaintiff asked to be considered for a ten year contract and that Dean Metrick

informed the plaintiff that the BPO would vote first on reappointment for five years.  Then, if the vote was favorable, the BPO would be asked to consider a ten year appointment.

66. The defendants deny the allegations of Paragraph 66, except to admit that at a meeting on May 7, 2012, the Bracken Committee report was submitted to the BPO, which consists of the Yale SOM tenured faculty.

67-68. The allegations contained in Paragraphs 67 and 68 are denied.

69. The allegations contained in Paragraph 69 are denied, except that defendants admit that Dean Snyder wrote a letter to the plaintiff dated May 24, 2012 and refer to that letter for the contents thereof.  The defendants also admit that Dean Snyder had told the plaintiff that the review of the Bracken Committee had been positive.

70. The allegations contained in Paragraph 70 are denied.

71. The allegations contained in Paragraph 71 are admitted.

72. The defendants admit that the plaintiff filed a complaint dated June 19, 2012 and refer to that complaint for the contents thereof.  The defendants deny that plaintiff's complaint had any merit.

73. The allegations contained in Paragraph 73 are admitted.

74. The allegations contained in Paragraph 74 are denied, except that the defendants admit that President Salovey appointed the Harte Committee to investigate and draft a report.

75. The allegations contained in Paragraph 75 are denied, except that the defendants admit that the Harte Committee prepared two reports.  The defendants refer to those reports for the contents thereof.

76-82. The defendants deny the allegations contained in Paragraphs 76 through 82, except to admit that the Harte Committee drafted a report and refer to that report for the contents thereof.

83. The allegations contained in Paragraph 83 are denied, except to admit that the Yale SOM Deans decided not to have the plaintiff teach the State and Society course after the spring 2012 semester, and that course ratings were not presented to the BPO at that meeting.

84. The defendants admit that the plaintiff submitted a response to the Harte Report and refer to that response for the contents thereof.

85-86. The allegations contained in Paragraphs 85 and 86 are denied, except that the defendants admit that a revised version of the Harte Report was issued. The defendants refer to that report for the contents thereof.

87-88. The allegations contained in Paragraphs 87 and 88 are denied.

89. The allegations contained in Paragraph 89 are denied, except that the defendants admit that there were changes to the course syllabus and some of the cases utilized in the 2013 syllabus were co-authored by the plaintiff.

90. The allegations contained in Paragraph 90 are denied.

91. The allegations contained in Paragraph 91 are denied, except that the defendants admit that the plaintiff gave some lectures in non-degree seminars in the summer of 2013.

92. The allegations contained in Paragraph 92 are denied.

93. The allegations contained in Paragraph 93 are denied, except to admit that President Salovey wrote a letter dated April 4, 2013 and the defendants refer to that letter for the contents thereof.

94. The allegations contained in the first sentence of Paragraph 94 are admitted, and the allegations contained in the second sentence are denied.

95. The allegations contained in Paragraph 95 are admitted, except that the defendants deny that any discriminatory or retaliatory events had occurred.

96. The allegations contained in Paragraph 96 are denied, except that the defendants admit that the plaintiff was informed that she would not be scheduled to teach the State and Society course for the 2013-2014 academic year.

97-98. The allegations contained in Paragraphs 97 and 98 are denied.

99. The allegations contained in Paragraph 99 are denied, except that the defendants admit that on October 21, 2013 the BPO voted not to renew the plaintiff's contract as Professor in the Practice and that Dean Metrick informed the plaintiff of the vote that evening and Dean Snyder sent the plaintiff a letter dated November 7, 2013. The defendants refer to that letter for the contents thereof.

100-101. The allegations contained in Paragraphs 100 through 101 are denied.

102. The defendants deny that the Pinker Committee devised a new set of standards for renewal for Professors in the Practice, and refer to the Committee's report for the contents thereof.

103-104. The allegations contained in Paragraphs 103 and 104 are denied.

105.    The allegations contained in Paragraph 105 are denied, except defendants admit that Dean Metrick informed the plaintiff that need is a factor which is decided by the BPO.

106.    The defendants admit that there were courses which the plaintiff could teach, and she has continued to teach in the spring semester and fall semester of 2014.

107.    The allegations contained in Paragraph 107 are denied as stated.  However, the defendants admit that Dean Snyder announced the opening of a Non-Ladder Entrepreneurship position at Yale SOM; and that Dean Metrick rescheduled an appointment with the plaintiff, after which the plaintiff was the first candidate with whom Dean Metrick discussed the position.  The defendants further admit that the plaintiff was not selected for the position.

108.    The allegations contained in Paragraph 108 are denied, except that the defendants admit that Yale SOM extended the plaintiff's contract to December 31, 2014.

109.    The allegations contained in Paragraph are denied.

110.    The allegations contained in Paragraph 110 are denied, except that the defendants deny knowledge or information sufficient to form a belief as to the results of the most recent study of the Yale Women's Faculty Forum.

111.    The allegations contained in Paragraph 111 are denied.

112.    The defendants admit that the plaintiff served on a UWC panel in December, 2012 and then again in November, 2013.  The defendants deny the implication that there is anything unusual about that fact.  The defendants also admit that the plaintiff was not asked to serve on a case involving a Yale faculty or staff member since June, 2012, but there have been only two such cases since that date.

113-120. The allegations contained in Paragraphs 113 through 120 are denied.

121.     The allegations contained in Paragraph 121 are admitted.

122.     The allegations contained in Paragraph 122 are denied.

## COUNT ONE

123.     The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

124.     The allegations contained in Paragraph 124 are admitted.

125-129. The allegations contained in Paragraphs 125 through 129 are denied.

## COUNT TWO

130.     The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

131.     The allegations contained in Paragraph 131 are admitted.

132-136. The allegations contained in Paragraphs 132 through 136 are denied.

## COUNT THREE

137.     The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

138.     The allegations contained in Paragraph 138 are admitted.

139-143. The allegations contained in Paragraphs 139 through 143 are denied.

## COUNT FOUR

144.     The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

145. The allegations contained in Paragraph 145 are admitted.

146-150. The allegations contained in Paragraphs 146 through 150 are denied.

## COUNT FIVE

151. The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

152. The allegations contained in Paragraph 152 are admitted.

153-156. The allegations contained in Paragraphs 153 through 156 are denied.

## COUNT SIX

157. The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

158. The allegations contained in Paragraph 158 are admitted.

159-162. The allegations contained in Paragraphs 159 through 162 are denied.

## COUNT SEVEN

163. The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

164. The allegations contained in Paragraph 164 are admitted.

165-168. The allegations contained in Paragraphs 165 through 168 are denied.

## COUNT EIGHT

169. The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

170.     The allegations contained in Paragraph 170 are denied, except to admit that Yale extended an offer of employment to the plaintiff as set forth in the written offer letter signed by Deputy Dean Stanley Garstka.

171-172. The allegations contained in Paragraphs 171 and 172 are admitted, except to deny that the terms of the Yale Faculty Handbook were incorporated by reference into the contract.

173.     The allegations contained in Paragraph 173 are denied.

174.     The allegations contained in Paragraph 174 are denied, except that the defendants admit that the plaintiff did not breach the contract.

175-176. The allegations contained in Paragraphs 175 and 176 are denied.

### COUNT NINE

177-181. No response is necessary to these allegations of the complaint, in light of the fact that the Court has dismissed Count Nine.

### COUNT TEN

182.     The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

183-187. The allegations contained in Paragraphs 183 through 187 are denied.

### COUNT ELEVEN

188.     The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

189-195. The allegations contained in Paragraphs 189 through 195 are denied.

### COUNT TWELVE

196. The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

197. The allegations contained in Paragraph 197 are admitted.

198-200. The allegations contained in Paragraphs 198 through 200 are denied.

### COUNT THIRTEEN

201. The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

202. The allegations contained in Paragraph 202 are admitted.

203-205. The allegations contained in Paragraphs 203 through 205 are denied.

### COUNT FOURTEEN

206. The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

207. The allegations contained in Paragraph 207 are admitted.

208-210. The allegations contained in Paragraphs 208 through 210 are denied.

### COUNT FIFTEEN

211. The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

212. The allegations contained in Paragraph 212 are denied.

213. The allegations contained in Paragraph 213 are admitted.

214-215. The allegations contained in Paragraphs 214 and 215 are denied.

## COUNT SIXTEEN

216.	The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

217.	The allegations contained in Paragraph 217 are denied.

218.	The allegations contained in Paragraph 218 are admitted.

219-220. The allegations contained in Paragraphs 219 and 220 are denied.

## COUNT SEVENTEEN

221.	The defendants repeat their answers to Paragraphs 1 through 122 as if fully stated herein.

222.	The allegations contained in Paragraph 222 are denied.

223.	The allegations contained in Paragraph 223 are admitted.

224-225. The allegations contained in Paragraphs 224 and 225 are denied.

## COUNT EIGHTEEN

226-232. No response is necessary to these paragraphs of the complaint, in light of the Court's decision to dismiss Count Eighteen of the complaint.

## SPECIAL DEFENSE

The plaintiff's claims under Title VII, the ADEA and the Connecticut Fair Employment Practices Act should be dismissed because of plaintiff's failure to file a timely complaint and

because of plaintiff's failure to exhaust her administrative remedies prior to filing this action.

                                         THE DEFENDANTS
                                         YALE UNIVERSITY, DOUGLAS RAE,
                                         EDWARD SNYDER and ANDREW
                                         METRICK, Individually

                             BY:   /s/ Patrick M. Noonan  (#ct00189)
                                         Patrick M. Noonan
                                         Donahue, Durham & Noonan, P.C.
                                         741 Boston Post Road
                                         Guilford, CT 06437
                                         (203) 458-9168


**CERTIFICATION**

     I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                                       _____/s/_____
                                                                         Patrick M. Noonan