UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANCE BAGLEY | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13 CV 1890 (CSH) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, DOUGLAS RAE, | : | |
| EDWARD SNYDER and ANDREW | : | |
| METRICK, Individually | : | |
| | : | |
| Defendants | : | OCTOBER 10, 2014 |

### DEFENDANT YALE UNIVERSITY'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

The defendant, Yale University, hereby responds to the plaintiff's First Set of Interrogatories dated August 11, 2014.

### BY WAY OF INTERROGATORY:

### Interrogatory No. 1

Identify the person(s) answering these Interrogatories, and any and all persons assisting in the answering of these Interrogatories.

**Response:**    Dean Edward A. Snyder, Deputy Dean Andrew Metrick, Deputy Dean Stanley J. Garstka, and Professor Douglas Rae.

**Interrogatory No. 2**

Identify all persons whom you expect to call as an expert witness at trial, and for each such person state: (a) the person's qualifications and field of expertise; (b) the subject matter on which the person is expected to testify; (c) the substance of all facts and opinions about which you expect such person to testify; and (d) a detailed summary of the grounds for each opinion, along with all documents upon which the expert relied or is expected to rely in formulating or justifying his or her opinion.

  **Response:** See Objection dated September 10, 2014. Without waiving said objection, defendants state that expert disclosures will be made after plaintiff's experts have been disclosed and deposed.

**Interrogatory No. 3**

State and explain in detail all reason(s), motivation(s), ground(s), or rationale(s) for hiring Professor Bagley to Yale, as a Visiting Associate Professor in 2007 and then as a Professor in the Practice in 2008, and who made the decision(s) to hire her.

  **Response**: See Objection dated September 10, 2014. Without waiving said objection, defendants state that Professor Bagley was invited to spend a visiting year teaching at SOM as a Visiting Associate Professor in 2007. Members of the Board of Permanent Officers ("BPO") voted to recommend Professor Bagley's appointment as a Professor in the Practice in 2008, and each of those members had their own reasons, motivations, grounds, or rationales for their vote. Dean Joel Podolny decided to take that recommendation and offer a position to Professor Bagley.

**Interrogatory No. 4**

State and explain in detail all reason(s), motivation(s), ground(s), or rationale(s) for the decision to remove Professor Bagley from teaching the core course "State and Society," and who made this decision.

>**Response:** See Objection dated September 10, 2014. Without waiving said objection, defendants state that over the period that Professor Bagley had co-taught "State & Society," the course had developed in a way that was less appropriate for an SOM core course. By May 2012, the relationship between Professor Rae and Professor Bagley had deteriorated to the point that they were unable to continue co-teaching the course. The academic approach used by Professor Rae was more appropriate to an SOM core course than the academic approach used by Professor Bagley. The decision to remove Professor Bagley from the course was made by Edward Snyder, Andrew Metrick, and Geert Rouwenhorst.

**Interrogatory No. 5**

State and explain in detail all reason(s), motivation(s), ground(s), or rationale(s) for the decision to extend, in or around May 2013, Professor Bagley's contract as a Professor in the Practice, and who made this decision.

>**Response:** See Objection dated September 10, 2014. Without waiving said objection, defendants state that Professor Bagley's contract was extended to ensure that, in the event the decision not to reappoint her was upheld, she would have at least one year after the review and reconsideration of her reappointment to seek new employment. In April of 2013, then-President-Elect Peter Salovey asked Dean Snyder to have SOM conduct a second review. Dean Snyder and Deputy Dean Andrew Metrick believed that, in order to have ample time for this review, it should be conducted in the Fall of 2013, and thus Dean Snyder extended her appointment until December 31, 2014.

3

**Interrogatory No. 6**

State and explain in detail all reason(s), motivation(s), ground(s), or rationale(s) for the decision not to renew Professor Bagley's contract at Yale School of Management past December 2014, and who made this decision.

>   **Response:**     See Objection dated September 10, 2014. Without waiving said objection, defendants state that members of the Board of Permanent Officers ("BPO") voted not to recommend Professor Bagley's reappointment, and each of those members had their own reasons, motivations, grounds, or rationales for their vote.  Dean Snyder decided not to renew Professor Bagley's term past December 2014 because he respected the collective judgment of those members of the BPO.

**Interrogatory No. 7**

Identify all members of the committee chaired by Edi Pinker ("Pinker Committee") that was formed in or around 2013 and state how such members were selected, including who selected these members.

>   **Response:**     Professors Edieal Pinker, Judith Chevalier, Frank Zhang.   The members were recommended by Deputy Dean Metrick to Dean Snyder, who appointed the committee.

**Interrogatory No. 8**

State and explain in detail the basis for the decision by Yale to have Ian Shapiro co-teach the core course "State and Society" with Douglas Rae, and who made this decision.

**Response**:    See Objection dated September 10, 2014. Without waiving said objection, defendants state that Professor Rae suggested that he co-teach "State & Society" with Professor Shapiro. Professor Shapiro offered good suggestions for teaching the course in a way that would be more appropriate for an SOM core course. The decision was made by Professor Rouwenhorst, in consultation with Deputy Dean Metrick and Dean Snyder.

## Interrogatory No. 9

State and explain in detail the basis for the decision to hire David Bach and have him teach

"State and Society" in the Executive MBA Program at the Yale School of Management, and

who made this decision.

**Response**:    See Objection dated September 10, 2014. Without waiving said objection, defendants state that Dean Bach was hired as the result of a search for the position of Senior Associate Dean for the MBA program, including responsibility for global programs. Previously, Dean Bach was Professor of Strategic Management and Dean of Programs at IE Business School in Madrid, where he was responsible for about 20 master's degree programs. SOM deans are expected to teach, in addition to their administrative responsibilities. Because Dean Bach is a political scientist he was assigned to teach "State & Society" in the Executive MBA program. Dean Snyder made the decision to hire Dean Bach. Dean Metrick and Professor Rouwenhorst made the decision that Dean Bach should teach "State & Society" in the Executive MBA program.

## Interrogatory No. 10

State and explain in detail the basis for the decision to select Kyle Jensen for the position of

Director of Entrepreneurial Programs at Yale School of Management, and who made this

decision.

**Response:**    See Objection dated September 10, 2014. Without waiving said objection, defendants state that Mr. Jensen was hired as the result of a search for the position of lecturer and Director of Entrepreneurial Programs, with a preference that candidates have experience running entrepreneurial ventures. Previously, Mr. Jensen, who holds a Ph.D. in Engineering from MIT, co-founded Agrivida, a biotechnology company; PriorSmart, a patent analytics provider; and Pit Rho, a motorsport analytics company. The Appointments, Curriculum, and Strategy Committee voted to recommend Mr. Jensen for the position. Dean Snyder made the decision to hire Mr. Jensen.

**Interrogatory No. 11**

State and explain in detail the basis for the decision not to select Professor Bagley for the N.

Theodore Nierenberg Chair (also known as the Theodore Nierenberg Professorship), and

who made this decision.

**Response:**    See Objection dated September 10, 2014. Without waiving said objection, defendants state that the Nierenberg search committee unanimously concluded that Professor Bagley lacked the scholarly credentials for the position and as a result did not recommend her candidacy to the Board of Permanent Officers.

**Interrogatory No. 12**

Explain in detail the standard process or procedure for deliberating and voting on renewals of

Professors in the Practice, including the numbers of votes needed for a decision of renewal and

whether such votes are anonymous.

**Response:**    See Objection dated September 10, 2014. Without waiving said objection, defendants state that the candidate's CV, select publications, SOM review committee report, and teaching information are made available to members of the BPO in a secure manner at least one week before the vote. A full or half meeting of the BPO is devoted to the SOM review committee presentation, discussion, and vote. Voting is by

secret ballot, but the ballots are signed, and the votes are known to the person who counts the ballots. The renewal recommendation decision is made by a majority of those present and voting.

## Interrogatory No. 13

Identify every Professor in the Practice, since 2000, who was recommended unanimously for renewal by a SOM Review Committee, but whom the BPO voted against renewal. For each individual identified, provide his or her full name and last known physical address, and describe in detail the facts and circumstances regarding each individual's termination on this basis, as well as the date of termination or nonrenewal.

> **Response:** See Objection dated September 10, 2014. Without waiving said objection, defendants state: Professor Bagley. As to the facts, circumstances, and date, please see the defendants' other Interrogatory responses.

## Interrogatory No. 14

Identify any Professor in the Practice whose contract was not renewed due to a lack of "need" by the School of Management. For each individual identified, provide his or her full name and last known physical address, and describe in detail the facts and circumstances regarding each individual's termination on this basis, including the SOM's assessment of that individual's teaching, writing, engagement and service, and reputation, as well as the date of termination or nonrenewal.

> **Response:** The Board of Permanent Officers does not identify specific reasons for non-renewal.

**Interrogatory No. 15**

Identify any complaint, whether formal or informal, written or oral, made against faculty members or administrators at the Yale SOM, including without limitation Douglas Rae, Edward Snyder, and Andrew Metrick, from 2004 to the present, relating to concerns about harassing or retaliatory treatment, defamation, breach of contract, tortious interference with contractual or advantageous business relations, or breach of the implied covenant of good faith and fair dealing.

> **Response:**   See Objection dated September 10, 2014.   Without waiving said objection, defendants state that no such complaint has been filed against Dean Edward A. Snyder, Deputy Dean Andrew Metrick, or Professor Douglas Rae.

**Interrogatory No. 16**

Identify any complaint or concern, whether formal or informal, written or oral, made against Professor Bagley from the time she was hired to the present day.

> **Response:**   See Objection dated September 10, 2014.

**Interrogatory No. 17**

Describe what steps you have taken to search for and locate all documents responsive to Plaintiff's First Requests for Production of Documents, including identifying every person

8

from whom documents were requested and every person whose emails, computer and files were searched for responsive documents.

> **Response:** See Objection dated September 10, 2014. Without waiving said objection, defendants state that the following persons have been queried for non-electronic documents and their electronic documents and e-mail messages have been searched for key words: Dean Edward A. Snyder, Deputy Dean Andrew Metrick, Professor Douglas Rae, and Professor Michael Della Rocca. The following persons have been queried for non-electronic documents and their electronic documents and e-mail messages are in the process of being searched for key words: Deputy Dean Stanley Garstka, Deputy Provost Stephanie Spangler, Professor Ian Shapiro, Senior Associate Dean David Bach, Professor Edieal Pinker, Professor Judith Chevalier, Professor Frank Zhang, Professor Paul Bracken, Professor Ian Ayres, Professor Geert Rouwenhorst, former President Richard Levin, former Provost and President-Elect Peter Salovey, former Deputy Provost Frances Rosenbluth, Professor Verity Harte, Professor Anne Alstott, Professor William Sledge, and Provost Benjamin Polak. The following persons have been queried for non-electronic documents and arrangements are being made for a key word search of their electronic documents and e-mail messages: Professor John Wargo and Professor Margaret Clarke.

## Interrogatory No. 18

Describe the process by which the Board of Permanent Officers makes decisions with respect to the renewal of appointments for Professors in the Practice, including without limitation whether votes are oral or written, whether they are anonymous, and any changes in the process over the last ten years.

> **Response:** See Objection dated September 10, 2014. Without waiving said objection, defendants state: see response to Interrogatory 12 above. Prior to May 2012, votes were taken orally. Starting in May 2012, votes have been cast by secret paper ballot, which are read only by the person counting the vote.

**Interrogatory No. 19**

Identity any Professor in the Practice at Yale SOM whose contract was ever renewed for 10 or

more years at a time.

> **Response:**   See Objection dated September 10, 2014. Without waiving said objection, defendants state: Dean Garstka, Professor Jeffrey Garten, Professor Jeffrey Sonnenfeld.



## VERIFICATION

Andrew Metrick, being duly sworn, depose and say that I have read the foregoing

Answers to Interrogatories and believe the same to be true and correct answers based either on

my own knowledge or on information supplied to me by persons regularly employed or

retained by the defendant Yale University who are knowledgeable in the subject matter.

YALE UNIVERSITY

By: _____
Andrew Metrick


STATE OF CONNECTICUT   )
                              : ss. New Haven, October   , 2014
COUNTY OF NEW HAVEN   )


Subscribed and sworn to before me this 10 day of October, 2014.

_____
Notary Public

JEAN M. PAGE
NOTARY PUBLIC
State of Connecticut
My Commission Expires
June 30, 2016

11

THE DEFENDANTS
YALE UNIVERSITY, DOUGLAS RAE,
EDWARD SNYDER and ANDREW
METRICK, Individually


BY:___/s/ Patrick M. Noonan  (#ct00189)___
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168


## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


_____/s/_____
Patrick M. Noonan