UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANCE E. BAGLEY, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | 3:13-cv-1890 (CSH) |
| ) | |
| v. ) | |
| ) | |
| YALE UNIVERSITY, DOUGLAS ) | |
| RAE, EDWARD SNYDER, and ) | NOVEMBER 17, 2014 |
| ANDREW METRICK, Individually, ) | |
| ) | |
| Defendants. ) | |

### RULING ON PLAINTIFF'S MOTION TO SEAL

**HAIGHT, Senior District Judge:**

The Court herein resolves Plaintiff's Motion to Seal [Doc.63] certain exhibits to her Motion for Preliminary Injunction [Doc. 62]. Throughout this action, Plaintiff and Defendants have agreed to the necessity of a confidentiality order in this case. Upon reviewing their individual proposed/draft confidentiality orders, this Court issued a final "Confidentiality Order," seeking "to facilitate discovery while protecting the privacy interest of non-parties with respect to confidential and/or private information, and the legal obligations of educational institutions with regard to disclosure of student-related data." Doc. 49, at 1. Because, however, a confidentiality order entered by the Court to govern discovery shall not qualify as an order to seal documents, any party seeking to seal exhibits on the court record must make a proper motion to seal pursuant to D. Conn. L. Civ. R. 5(e)(3).[1]

---

[1] Local Civil Rule 5(e)(3) makes plain that "[a] confidentiality order or protective order entered by the Court to govern discovery shall not qualify as an order to seal documents for purposes

In moving to seal, a party must demonstrate that "sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons," D. Conn. L. Civ. R. 5(e)(3). *See also New York Times Co. v. Biaggi,* 828 F .2d 110, 116 (2d Cir.1987) ("documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest") (citations and internal quotation marks omitted), *cert. denied*, 485 U.S. 977 (1988)); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) (documents used by parties with respect to motions "should not remain under seal *absent the most compelling reasons*") (citation omitted; emphasis in original); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir.2004) (judicial records enjoy a "presumption of openness" that is rebuttable only "upon demonstration that suppression is essential to preserve higher values and is narrowly tailored to serve that interest") (citation and internal quotation marks omitted).

At present, Plaintiff moves the Court for leave to file under seal Exhibits H and I to her memorandum in support of her Motion for Preliminary Injunction. *See* Doc. 62 ("Incorporated Memorandum" in support of Motion for Preliminary Injunction"); Doc. 63 (Motion to Seal) . She has explicitly brought this motion to seal in compliance with the terms of the "Confidentiality Order" because "Defendants have marked [these documents] as confidential." Doc. 63, ¶ 2. Plaintiff has not, however, submitted a memorandum of law to accompany her motion. *See* D.Conn. L. Civ. R. 4(a) (When filing a motion to seal, counsel "shall attach to the motion unredacted copies of each document sought to be sealed and any memorandum or other documents supporting the assertion that

---

of this rule." *See, e.g., Gardner v. Univ. of Connecticut Health Ctr.*, No. 3:12-CV-1168 CSH, 2013 WL 6073430, at *3 (D. Conn. Nov. 18, 2013) ("the fact that the parties have stipulated to a court-approved protective order will not be dispositive on the issue of whether designated materials should be sealed") (citing D. Conn. L. Civ. R. 5(e)(3)).

grounds exist for sealing the documents sought to be sealed").[2]  It thus follows that Plaintiff has neither specified the particular substantive grounds upon which she requests sealing, nor explained or demonstrated why redaction of particular portions would not suffice.

It may well be that the entire Exhibits at issue are rife with personal information which should be protected by sealing.  Nonetheless, there has been no such broad  representation from Plaintiff and no presentation of the documents' contents for the Court's review.  "Blanket sealing" of entire documents is generally disfavored and rarely appropriate.  *See, e.g., Matter of New York Times Co.,* 828 F.2d at 116 (vacating sealing order and remanding to district court because "[t]o protect whatever privacy interests may be prejudiced by disclosure of the motion papers, redaction of names and perhaps portions of the . . . materials contained in the motion papers, or other appropriate measures, *as opposed to the wholesale sealing of the papers*," might be more appropriate) (emphasis added); *United States v. Aref*, 533 F.3d 72, 76 (2d Cir. 2008)  ("we urge district courts to avoid sealing documents in their entirety unless necessary"  – *e.g.*, "to serve a compelling governmental interest such as national security").  *See also Crossman v. Astrue,* 714 F.Supp.2d 284, 290 (D.Conn.2009) (denying plaintiff's request for "blanket order allowing [him] to file every document under seal");  *Suntoke v. PSEG Power Connecticut, LLC*, No. CIVA 306CV01520 JCH, 2007 WL 1455847, at *1 (D. Conn. May 16, 2007) ("A blanket sealing order such as that apparently requested would rarely, if ever, be appropriate.").

"[N]either the parties' agreement to keep the related matter confidential nor the consent of

---

[2]  The Court is also not yet  in  receipt of unredacted copies of Exhibits H & I at this time and cannot, therefore, review their contents.  Plaintiff has included in her "Proposed Order on Motion to File Under Seal" a provision that "Professor Bagley may deposit with the Court un-redacted versions of her exhibits to her Motion for Preliminary Injunction."  Doc. 63-1, ¶ 1.  However, the Court must review the documents *prior to* entering an order to seal.

defendants to the instant motion can bind the Court to order a sealing" if that sealing is impermissible.  *Vassiliades v. Israely*, 714 F.Supp. 604, 606 (D. Conn. 1989).  Accordingly, the Court DENIES Plaintiff's motion to seal [Doc. 63] WITHOUT PREJUDICE to the filing of a proper motion to seal, with supporting papers, on or before **November 24, 2014.**  If Plaintiff files Exhibits H & I prior to that date without an accompanying motion to seal, the documents shall remain temporarily sealed until November 24, 2014.

  It is SO ORDERED.

Dated: New Haven, Connecticut
    November 17, 2014

                */s/Charles S. Haight, Jr.*
                CHARLES S. HAIGHT, JR.
                Senior United States District Judge