UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANTCE BAGLEY | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13 CV 1890  (CSH) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, DOUGLAS RAE, | : | |
| EDWARD SNYDER and ANDREW | : | |
| METRICK, Individually | : | NOVEMBER 19, 2014 |
| | : | |
| Defendants | : | |

**AMENDED MOTION FOR EXTENSION OF TIME**

The defendants respectfully submit, pursuant to Local Civil Rule 7(b), this Amended Motion for Extension of Time to file the defendants' opposition to the plaintiff's Motion for Preliminary Injunction (the "Motion for Preliminary Injunction") (Dkt. No. 62).  For the reasons set forth more particularly below, good cause exists to grant the modest extension of the dates set forth in the Court's Initial Scheduling Order (the "Initial Scheduling Order") (Dkt. No. 64), because (1) the plaintiff has known since at least May 2012 that her position at Yale University's School of Management ("SOM") was in jeopardy, she received several extensions of her employment, and yet she waited over a year after SOM's final decision not to renew her contract to present the Court with her emergency application, and (2) the plaintiff has offered no evidence in her moving papers that would entitle her to a ruling on her motion prior to the December 31, 2014 expiration of her employment contract, as opposed to a ruling in January or February of

2015. In further support of this Amended Motion for Extension of Time, the undersigned respectfully states as follows:

1. The plaintiff was formally notified by SOM on May 24, 2012 that she would not be reappointed as a Professor in the Practice at SOM. As of that date, her employment contract was set to expire on July 1, 2013.

2. SOM twice extended the plaintiff's employment while it conducted a series of internal reviews of SOM's determination not to renew her contract, ultimately extending her employment at SOM through December 31, 2014.

3. The plaintiff received SOM's final determination that her contract would not be extended for a second five-year term on November 7, 2013.

4. The plaintiff subsequently initiated two proceedings in the Connecticut Commission on Human Rights, and filed this federal lawsuit on December 20, 2013.

5. Her Complaint in this action requests relief in the form of both temporary and permanent injunctive relief.

6. Nevertheless, the plaintiff delayed filing her request for emergency relief for over a full year after she received final notice that her contract at SOM would expire, but barely six weeks before the December 31, 2014 expiration date, and knowing full well that the intervening holidays would render that six-week period, as a practical matter, significantly shorter.

7. If the current briefing and hearing schedule is not modified, the plaintiff will have had 14 months since she was notified of SOM's decision not to renew her contract in which to prepare her Motion for Preliminary Injunction, the defendants will have 5 business days to

prepare their opposition, and the plaintiff will then have an additional 7 days to reply.  It would be anomalous in these circumstances to adhere to a schedule in which the plaintiff is afforded more time to reply than the defendant has to oppose, notwithstanding the 14 months the plaintiff had to prepare her Motion for Preliminary Injunction.

8.     Nowhere in the plaintiff's Motion for Preliminary Injunction does she claim that, were the Court to rule in her favor in January or even February of 2015, the temporary suspension of her $289,056 per year salary (plus benefits) would cause her to be unable to support herself or her minor son, who attends a public high school.

9.     As the Court observed in its Initial Scheduling Order, SOM could have agreed to retain and compensate the plaintiff as an SOM faculty member pending the ultimate resolution of this case.  However, SOM has already compensated the plaintiff for the full five-year term of her employment contract, and by December 31, 2014, will have paid her for the additional year-and-a-half period during which SOM has twice extended her contract.  Therefore, by December 31, 2014, the plaintiff will already have received six-and-a-half years' worth of salary and benefits on a five-year contract.

10.     If the Court did rule on the plaintiff's motion in January or even February of 2015, there is no reason why such order could not retroactively award the plaintiff back pay from January 1, 2015 to the date of the order.

11.     Although the plaintiff concedes in her Motion for Preliminary Injunction that she has a duty to mitigate damages, she offers no evidence that she has been unable to obtain employment in another academic setting.  She fails even to allege she has tried to do so.

12. The defendants note that, in support of her Motion for Preliminary Injunction, Plaintiff essentially relies on two federal district court cases, one from the Eastern District of New York in 1976 and the other from the District of Massachusetts from 1975. (Motion for Preliminary Injunction at 14-17.) The plaintiff fails to identify any factually apposite decisions rendered by either the Court of Appeals for the Second Circuit or the District of Connecticut that would warrant granting the plaintiff the extraordinary remedy she seeks.

13. The defendants recognize that the Court is not aware of the various attempts defense counsel has made to engage with plaintiff's counsel, both to streamline discovery in this matter and to engage in mediation prior to the commencement of discovery.

14. At the outset of the discovery process, in an effort to manage discovery-related expenses and out of concern that using the plaintiff's proposed search terms to collect electronically stored information would result in the collection of tens of thousands of pages of irrelevant documents, defense counsel requested that plaintiff's counsel curtail plaintiff's proposed search terms. Plaintiff's counsel refused to do so.

15. In fact, defense counsel approached plaintiff's counsel prior to the commencement of discovery and proposed the parties discuss possible terms of settlement, in an effort to dispose of the case at an early stage and avoid the expense of discovery altogether. Plaintiff's counsel summarily rejected that suggestion, and adamantly refused even to discuss settlement.

16. Thereafter, document discovery commenced. In July and August of 2014, the defendants reviewed 6.44 gigabytes of electronically stored information and produced over 300 megabytes of data, confirming the concerns defense counsel had previously voiced to plaintiff's

4

counsel.  At that point defense counsel asked the plaintiff's counsel to embark upon a more streamlined discovery process so that neither side would be required to sift through tens of thousands of pages of irrelevant documents.  Once again, plaintiff's counsel refused to discuss the matter.

17.   Defense counsel repeatedly attempted months ago to engage with plaintiff's counsel for the purposes of attempting to discuss settlement and to better manage the discovery process, but defense counsel soundly rebuffed each of defense counsel's good faith attempts.

18.   As a result of the plaintiff's counsel's refusal to discuss settlement and to discuss any modification of their discovery requests, the defendants have been required to produce approximately 1 gigabyte of data to date, which is the equivalent of over 100,000 pages of email files.  Defense counsel believes that 95 percent or more of the documents produced by the defendants so far are responsive to plaintiff's document requests, but nevertheless completely irrelevant to any issue in this case.

19.   Accordingly, the defendants respectfully request that the Court extend the defendants' deadline to file their opposition to the plaintiff's Motion for Preliminary Injunction to Friday, **December 5, 2014**.  Defense counsel believes this modest extension is appropriate given the facts set forth above, and will afford defense counsel the time he reasonably needs to properly marshal the evidence, research the legal issues presented in the plaintiff's Motion for Preliminary Injunction, and prepare the defendants' opposition to the same.  The defendants also request a continuance of the date of the hearing on the plaintiff's motion to Tuesday, **December 9, 2014**, which will afford the Court sufficient time to review the papers prior to the hearing.  The

defendants further request that the Court allow the parties to file simultaneous post-hearing briefs within 10 days of the conclusion of the hearing, which will afford the parties an additional opportunity to respond the arguments raised in the briefs and during the hearing.

20. The defendants submit that, given the facts set forth above, the Court is not compelled to render a decision on the plaintiff's request for emergency relief before December 31, 2014. Rather, a decision rendered in January or even February of 2015, if retroactively applied, would adequately protect the plaintiff from the harm she alleges she will suffer if her request for emergency relief is not granted.

WHEREFORE, the defendants respectfully request an extension of time through and including December 5, 2014 within which to file their opposition to the plaintiff's Motion for a Preliminary Injunction; a continuance of the date of the hearing on the plaintiff's motion to December 9, 2014; and an opportunity to file post-hearing briefs within 10 days of the conclusion of the hearing.

Respectfully submitted,

THE DEFENDANTS
YALE UNIVERSITY, DOUGLAS RAE,
EDWARD SNYDER and ANDREW
METRICK, Individually

By: /s/ Patrick M. Noonan  (#ct00189)
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168
pnoonan@ddnctlaw.com

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                        _____/s/_____
                                                Patrick M. Noonan