UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANT E. BAGLEY, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>YALE UNIVERSITY, DOUGLAS )<br>RAE, EDWARD SNYDER, AND )<br>ANDREW METRICK, Individually. )<br>)<br>Defendants. )<br>) | Civil Action No.<br>3:13-cv-01890 (CSH) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED MOTION FOR EXTENSION OF TIME TO OPPOSE HER MOTION FOR PRELIMINARY INJUNCTION**

Although no reply is required of Plaintiff, as the Court has already ruled on Defendants' Amended Motion, Constance E. Bagley ("Plaintiff" or "Professor Bagley") feels obliged to submit this brief memorandum to address false statements made by Defendants in their Amended Motion for Extension of Time (Docket No. 62) regarding purported efforts made by Yale, through counsel, to engage with Plaintiff's counsel to resolve this dispute. Presumably Yale sprinkled these misstatements in an effort to cast the Plaintiff and her counsel in an unfavorable light before this Court. To be clear, Yale has not made efforts, let alone "various attempts" or "repeated attempts", to engage Plaintiff's counsel in discussions regarding mediation of this lawsuit or possible terms of settlement. Plaintiff's counsel has never "refused to discuss settlement", nor has Plaintiff's counsel "rebuffed" defense counsel since no such invitation has ever been made. These characterizations are simply not true.

Before filing this Reply, and in an abundance of caution, Plaintiff's counsel called Attorney Noonan's office on November 19, 2014 to discuss the false representations and requested that

1

Yale clarify the record.  As Attorney Noonan was not in the office, Plaintiff's counsel spoke with an associate substantively involved, communicated these concerns, and requested that Yale provide documentation of any kind that may have been inadvertently missed supporting the Defendants' characterizations.  As of the time of the filing of this Response, the Defendants have not taken any steps to either reach Plaintiff's counsel or to clarify or correct the record.

Plaintiff's counsel has never "refuse[] to discuss" or to "embark upon a more streamlined discovery process."  The reality is that defense counsel, as he expressed, did not believe substantial document production would aid the Plaintiff in proving her case, and thus sought to curtail the Plaintiff's efforts to seek documentary evidence.  Plaintiff's counsel, however, in multiple iterations, revised the e-discovery search term list and conferred with opposing counsel regarding the same.

Plaintiff did not "delay" her request for emergency relief.  Yale, having elected to extend her contract twice with no harm to Yale, was requested to do the same with regard to the 12/31/2014 deadline.  Yale refused, prompting Professor Bagley's Motion for Preliminary Injunction.

At this juncture, Plaintiff makes no prayer for relief in connection with this filing.

Respectfully Submitted,

Constance E. Bagley
BY HER ATTORNEYS,

/s/ Laura R. Studen
Laura R. Studen, Esq.
lstuden@burnslev.com
Emily J. Nelson, Esq.
enelson@burnslev.com
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
617-345-3000

Dated: November 20, 2014

## CERTIFICATE OF SERVICE

  I hereby certify that, on this 20th day of November, 2014, a copy of the foregoing was electronically filed and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF system.

          /s/ Emily J. Nelson
          Emily J. Nelson

4832-9199-4912.1