## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| CONSTANCE E. BAGLEY, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | 3:13 - CV-1890 (CSH) |
| | ) | |
| v. | ) | |
| | ) | |
| YALE UNIVERSITY, DOUGLAS | ) | |
| RAE, EDWARD SNYDER, and | ) | **NOVEMBER 25,  2014** |
| ANDREW METRICK, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

_____)

## <u>ORDER</u>

**HAIGHT, Senior District Judge:**

The Court's deadline of November 24, 2014, for Plaintiff to renew her motion to seal Exhibits H and I [Doc. 66 & 7], filed in support of her motion for preliminary injunction [Doc. 62], has expired and she has filed no such amended motion to seal.  *See* Doc. 65 (*Ruling* on Motion to Seal) & 71 (*Orde*r to temporarily seal until November 24, 2014).  Per Plaintiff's representation, Defendants marked those Exhibits as "confidential" under the Court's Confidentiality Order [Doc. 49], and that is why she previously moved to seal them.  Doc. 63, at 1 (¶¶ 1-2).  Plaintiff thus conceded that she has an obligation to move to seal the documents pursuant to the Confidentiality Order.  *Id.*

On November 14, 2014, Plaintiff filed a deficient motion to seal [Doc. 63], which failed to provide the substantive grounds upon which the documents should be sealed and to specify the particular portions to be sealed.  The Court therefore denied the motion pursuant to Local Civil Rule

5(e)(3), which mandates that a motion to seal "demonstrat[e] that sealing is supported by clear and compelling reasons" and "narrowly tailored to serve those reasons." In denying that motion, the Court did so "without prejudice to the filing of a proper motion to seal, with supporting papers, on or before November 24, 2014." Doc. 65, at 4. Plaintiff has filed no such amended motion.

The Confidentiality Order explicitly provides that "[i]f Confidential information is to be included in any papers to be filed in Court prior to trial, the filing party shall request an order from the Court that any information subject to this Order be sealed and be unavailable to the public." Doc. 49, at ¶ 5. Implied in such a provision is the good faith duty to file a *proper* motion to seal to effect the desired result – protection of confidential information, regardless of which side deems the information confidential. Upon the first application of that provision, Plaintiff not only failed to file a proper motion, she allowed the opportunity to amend the motion to expire.

This leaves the Court with two choices: (1) to unseal the Exhibits at issue and allow them to be used by Plaintiff in support of her preliminary injunction motion; or (2) to order the documents withdrawn pursuant to the Confidentiality Order and not consider them with respect to Plaintiff's preliminary injunction motion. Option (1) may be employed if the Defendants no longer view the exhibits as "confidential." Defendants have not been heard by the Court on the confidentiality of the documents in that they neither joined in the motion to seal, nor objected when Plaintiff thereafter filed the documents as unsealed.[1] Alternatively, Option (2) may be implemented in light of Plaintiff's failure to make the necessary motion in compliance with Local Rule 5(e)(3), even after the Court expressly granted her a second opportunity to do so.

---

[1]    The Court, noting the unsealed documents filed on the court docket, quickly sealed them pursuant to its Ruling [ Doc. 65], providing for temporary sealing till November 24, 2014. *See* Doc. 71.

With respect to these two options, the Court hereby ORDERS that on or before **noon on December 3, 2014**, each party must file with the Court a Notice regarding which option the Court should employ and why**.**  In particular, Defendants must indicate whether they continue to view the Exhibits as "confidential," and if so, on what basis and in what portion.  Plaintiff must inform the Court whether she intends to proceed with her preliminary injunction motion *without the use of Exhibits H and I.*  If she still wishes the Court to  consider these Exhibits, she must explain why the Court should do so after she has failed to file a proper sealing motion pursuant to the Confidentiality Order.  Alternatively, all parties may confer and file a joint motion to seal, presenting the Court with a proper basis for sealing and designated redactions to be sealed.

The Court hereby  extends the temporary sealing of Exhibits H and I [Doc. 66 & 67] until the Court is in receipt of the parties'  December 3, 2014 submission(s) and thereafter makes a final determination regarding the documents' sealing or withdrawal.

The foregoing is SO ORDERED.

Dated:   New Haven, Connecticut
      November 25, 2014

                                    */s/Charles S. Haight, Jr.*
                                      CHARLES S. HAIGHT, JR.
                                      Senior United States District Judge