UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANCE E. BAGLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:13-CV-1890 (CSH) |
| v. ) | |
| ) | |
| YALE UNIVERSITY, DOUGLAS ) | |
| RAE, EDWAYD SNYDER, and ) | DECEMBER 2, 2014 |
| ANDREW METRICK, Individually, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**HAIGHT, Senior District Judge:**

There is presently pending the motion of Plaintiff Constance E. Bagley against Defendant Yale University for a preliminary injunction. The evidentiary hearing will begin on Monday, December 8, 2014.

If Plaintiff's motion for a preliminary injunction is granted (a question upon which the Court intimates no present view), the order granting the injunction must, *inter alia*, "state its terms specifically" and "describe in reasonable detail – and not by referring to the complaint or other document – the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(B), (C).

The submissions by Plaintiff's counsel to date may require some further particularization in those regards. The complaint [Doc. 1] at page 42, paragraph C, prays for an order "Temporarily and permanently enjoining Yale University as set forth in 42 U.S.C. § 2000e-2 from discriminating and retaliating on the basis of age and gender." Plaintiff's combined motion for a preliminary injunction

and brief in support [Doc. 62] says at page 2 that the motion "seeks to maintain the status quo, and enjoin Yale from taking any actions to remove Professor Bagley from her present position – with all its concomitant benefits and obligations – until the merits of her claims can be fairly adjudicated." Doc. 62 says at page 3 that Plaintiff "requests that this Court maintain Professor Bagley's *status quo* and issue a preliminary injunction to enjoin Yale from terminating her employment pending a decision on the merits of this case." Doc. 62 concludes at page 27 with the request that the Court grant a preliminary injunction "preventing Yale from removing her from her position as a PiP within SOM until a trial on the merits or other dispositive decision, and any other relief this Court may deem appropriate."

The Court raises the question *sua sponte* of whether, assuming Plaintiff succeeds on her basic claim for a preliminary injunction, the quoted strictures of Rule 65(d)(1) will require a more detailed order of the Court, which specifies with precision what Yale must or must not do in order to comply with the injunction. It is proper governance of the case to require counsel to consider that question in advance of the hearing, although the question would of course be mooted if Plaintiff's motion for an injunction fails.

Counsel are directed to file, not later than the close of business on December 4, 2014, their submissions of what the Court's recitations pursuant to Rules 65(d)(1)(B) and 65(d)(1)(C) should say, in the event that the Plaintiff's motion for a preliminary injunction is granted.

It s SO ORDERED.

Dated:   New Haven, Connecticut
         December 2, 2014

                                              /s/Charles S. Haight, Jr.
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge