

# Yale SCHOOL OF MANAGEMENT

EDWARD A. SNYDER
*Dean & William S. Beinecke Professor of Economics and Management*

tsnyder@yale.edu
T 203 432-6035

PO Box 208200
New Haven CT 06520-8200

135 Prospect Street
New Haven CT 06511 *(courier)*

December 17, 2012

**CONFIDENTIAL**

YALE SOM DEAN'S OFFICE RESPONSE

TO

REPORT OF FAS REVIEW COMMITTEE

REVIEWING THE COMPLAINT OF PROFESSOR CONSTANCE E. BAGLEY

We appreciate the earnest and detailed work of the Review Committee. This Response addresses one crucial disagreement we have with a specific conclusion in the Review Committee's report. We believe that (i) the Committee erred in this specific conclusion, based on incorrect findings of fact, and (ii) if this error is corrected, the case for providing additional relief to Professor Bagley would be far weaker.

By way of background, the Committee report on Page 8 summarizes its conclusions. A primary basis for the <u>last conclusion</u> (f) stating "that fairness requires some relief for Professor Bagley as she makes the transition to new employment" lies in the <u>previous</u> conclusion (e):

> SOM's process failures compound the unfairness of construing the ambiguous employment letter to Professor Bagley's detriment: The reappointment process did not afford her a chance to engage with the SOM decision-makers to invoke (and explain) her contract or to elucidate her role in the State and Society course and meltdown.

The Review Committee's findings of fact– specifically findings (8) and (9) on page 7 – that the process did not afford Professor Bagley with opportunities to provide her views about her contract and her role in the recent offering of the State and Society course are simply not accurate.

The Committee's findings are not accurate for the following reasons:

1. Dean Snyder, who met with the Review Committee two times, was never asked whether Professor Bagley was given an opportunity to provide her views about her contract and her assessment of the causes of the manifest problems with the State and Society course. In fact, during two meetings between Dean Snyder and Professor Bagley, one with Deputy Dean Metrick, Professor Bagley provided her views on both topics. She recounted statements made to her by then Dean Joel Podolny regarding her contract being renewed. She provided detailed examples of the conflicts between herself and Professor Rae (with whom she co-taught State and Society), including disagreements over subject matter and teaching process.

2. Deans Snyder and Metrick were well aware of Professor Bagley's side of the story as to the causes of the meltdown with State and Society. Moreover, the Deans did a careful assessment of the teaching evaluations of the course and a review of the correspondence among Professors Rae, Bagley, and a teaching assistant for the course.

3. Finding (8) on page 7 of the report states that "Our committee heard some evidence that the SOM Deans' understanding of the course problems came primarily from reports provided by Professor Rae." While we cannot comment on evidence the committee may have heard from other faculty, as the responsible Deans referenced in that sentence we can clearly state that this is false. Our contact with Doug Rae on the topic was limited to a single short conversation between Metrick and Rae – a conversation that took place only because Professor Bagley had told Professor Rae that she had already spoken with the Dean's Office about the case, and Professor Rae then asked for a meeting with Metrick.

4. Deans Snyder and Metrick carefully considered whether the specific problems in State and Society should brought before the BPO. We concluded that to do so would be

harmful to Professor Bagley's case, in large part because the evaluations for her individual performance in the course were negative. The committee is incorrect in finding #8 that we only had "joint teaching reviews" for the course. Students rate each instructor separately, and Professor Bagley's ratings were lower than those for Professor Rae. Furthermore, since the BPO does not make decisions about specific teaching assignments, it would have been highly irregular to bring that question into the deliberations. Had we done so, it would have left us open to a justified charge of process failure. Moreover, the committee's apparent suggestion in finding (9) that Professor Bagley should have had an opportunity "to give her account of her role in the course" to the BPO at the time of her review would have been unprecedented.

5. As the SOM Deans told the committee: while the future of the State and Society course had not been determined at the time of the BPO vote, the BPO and Deans had discussed the need to move in new directions, e.g., a more political science-based course, a more economics-oriented course focused on public choice issues. Either of these, especially with a global orientation, would have made less relevant Professor Bagley's potential contributions to course.

Thus, several findings of fact made by the review committee are incorrect. The Dean's Office was fully aware of Professor Bagley's views. We did an evaluation of the course and chose not to go into detail about the State and Society course meltdown – a path that we believe increased the likelihood that Professor Bagley's review would be positive. The BPO discussion also included future strategic directions for the course that made the issue of the meltdown moot: the future direction for the course lay elsewhere.

Respectfully,

Edward A. Snyder, Dean

Andrew Metrick, Deputy Dean for Faculty Development