UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANCE E. BAGLEY, | ) | |
| Plaintiff, | ) | No. 3:13-CV-1890 (CSH) |
| v. | ) | |
| YALE UNIVERSITY, DOUGLAS RAE, EDWAYD SNYDER, and ANDREW METRICK, Individually, | ) | **DECEMBER 5, 2014** |
| Defendants. | ) | |

## MEMORANDUM REGARDING DEFENDANTS' BIFURCATION MOTION

**HAIGHT, Senior District Judge:**

Counsel for the parties in this case have conducted the litigation in a manner which results in certain unnecessary complications affecting the evidentiary hearing on Plaintiff's motion for a preliminary injunction [Doc. 62], scheduled to begin on Monday, December 8, 2014.

Counsel for the Plaintiff certainly could, and arguably should, have filed Plaintiff's preliminary injunction motion on a date earlier than November 14, 2014, given the amount of time Plaintiff knew that her employment by Defendant Yale University would terminate on December 31, 2014, and the proximity of that date to the date by which the Court must complete the hearing and decide the preliminary injunction motion.

Counsel for the Defendants certainly could, and arguably should, have filed their motion to bifurcate the hearing earlier than 7:40 p.m. on Tuesday, December 2, 2014 (the time of day revealed by the Clerk's records) [Doc. 84]. Counsel accompanied their bifurcation motion with a substantial

1

brief on the law.  As of this writing, counsel for Plaintiff have not responded to that motion.

Defendants' bifurcation motion asks that the Court hear and rule upon Plaintiff's showing of irreparable harm before receiving evidence on any other elements of the preliminary injunction motion.  Defendants contend that if Plaintiff cannot demonstrate irreparable harm, the preliminary injunction necessarily fails, and all merits-related issues are mooted.

According to principles articulated by the Second Circuit in *Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010), such bifurcation would require the Court to determine at the outset of the hearing "whether the plaintiff will suffer irreparable harm in the absence of a preliminary injunction." "The relevant harm is the harm that (a) occurs to the parties' legal interests and (b) cannot be remedied after a final adjudication, whether by damages or a permanent injunction." *Salinger,* 607 F.3d at 81.  Plaintiffs seeking a preliminary injunction "must show that, on the facts of their case, the failure to issue an injunction would actually cause irreparable harm," which is to say, harm that is irreparable even if plaintiff wins on the merits at a trial.  607 F.3d at 82.  The district court is required to "actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the remedies available at law, such as monetary damages, are inadequate to compensate for that injury." *Id.* at 80 (citations and internal quotation marks omitted).

Defendants' bifurcation motion, not yet responded to, indicates that Plaintiff's counsel does not assent to this procedure.  If Plaintiff opposes bifurcation, that question will be the first item on the agenda at the beginning of the hearing on December 8.  Counsel may be heard, the Court will decide the question expeditiously, and the evidentiary hearing will commence in one form or another, which is to say, bifurcation will either be granted or denied.  Counsel should arrange for the

availability of their witnesses in order to be able to comply with either of these two contingencies.

Defendants' counsel filed their bifurcation motion at a time which left Plaintiff's counsel three weekdays and the weekend before the Monday hearing to respond, days presumably devoted to trial preparation as well.  In that circumstance, the Court makes no order as to when opposing papers, if any, to the bifurcation motion  must be filed.

It is SO ORDERED.

Dated:   New Haven, Connecticut
            December 5, 2014

                                       /s/Charles S. Haight, Jr.
                                       CHARLES S. HAIGHT, JR.
                                       Senior United States District Judge