UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANCE E. BAGLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YALE UNIVERSITY, DOUGLAS ) <br> RAE, EDWARD SNYDER, and ) <br> ANDREW METRICK, Individually, ) <br> ) <br> Defendants. ) <br> ) | No. 3:13-cv-1890 (CSH) <br><br><br><br> DECEMBER 12, 2014 |

## RULING IN SUMMARY FORM ON DEFENDANT'S MOTION FOR A PRELIMINARY INJUNCTION

**HAIGHT, Senior District Judge:**

Plaintiff, Constance E. Bagley, made a motion under Fed. R. Civ. P. 65(a) against Defendant Yale University for a preliminary injunction. An evidentiary hearing on the motion began before the Court on December 8, 2014. At the beginning of the hearing, the Court ruled from the bench that the hearing would be bifurcated, so as to first take evidence upon, and receive the Court's ruling upon, the question of whether Plaintiff had made the prerequisite showing of irreparable harm.

Evidence was taken on that question during December 8, December 9, and December 10. Both parties rested their cases during the afternoon of December 10. Counsel argued the question extensively on December 11.

The Court announces its Ruling on the bifurcated question in this summary form, in order that the parties and their counsel may be promptly advised. A written Opinion stating the Court's

reasoning in greater detail, with references to the evidence and citations to authority, is in preparation and will be filed when completed.

A summary of some of the salient reasons for the Ruling follows:

1. In the particular circumstances of the case, Plaintiff did not delay making her motion for a preliminary injunction to an extent that would preclude her moving for the preliminary relief requested.

2. Plaintiff has not shown that she will suffer irreparable injury in the absence of a preliminary injunction. If she prevails on the merits of her claims at trial, she may be awarded back pay, front pay, the value of any lost benefits, and reinstatement to the Yale faculty. Other elements of her claim, such as loss of reputation, are compensable in money damages.

3. Assuming without deciding that Plaintiff has provided sufficient proof that Yale's termination of Plaintiff's employment on the School of Management faculty had a chilling effect upon other Yale employees, the preliminary injunction Plaintiff prays for would not vitiate that alleged chilling effect, which in consequence does not factor into an irreparable injury analysis.

For these and additional reasons, all to be stated in detail in a subsequent Opinion, the Plaintiff's motion for a preliminary injunction [Doc. 62] is DENIED.

It is SO ORDERED.

Dated:  New Haven, Connecticut
        December 12, 2014

                                      /s/Charles S. Haight, Jr.
                                      CHARLES S. HAIGHT, JR.
                                      Senior United States District Judge