UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANT E. BAGLEY, <br><br>Plaintiff<br><br>v.<br><br>YALE UNIVERSITY, DOUGLAS RAE, EDWARD SNYDER, AND ANDREW METRICK, Individually.<br><br>Defendants. | Civil Action No.<br>3:13-cv-01890 (CSH) |

**PLAINTIFF'S OPPOSITION TO PROTECTIVE ORDER SEEKING TO LIMIT DEPOSITIONS AND CROSS-MOTION TO ENGLARGE NUMBER OF DEPOSITIONS**

Plaintiff Constance E. Bagley ("Professor Bagley") hereby opposes Defendants' Motion for Protective Order seeking to limit the Plaintiff to ten depositions. See Dkt #110. Simultaneously, Plaintiff seeks leave of Court to increase the number of depositions permitted under Federal Rule of Civil Procedure 30(a)(2)(A)(i).[1] Plaintiff's identification of potential deponents is well within the scope of permissible discovery, and Plaintiff has exercised reasonable judgment in also limiting the number of hours of each deponent in a manner designed to be as efficient and accommodating as possible.[2] The number of deponents currently noticed

---

[1] The Plaintiff has conferred with defense counsel regarding an increase in the number of depositions permitted, but have been unable to reach any agreement.

[2] The deposition of David Bach only lasted about 4 hours; also noticed are Dean Snyder, Dean Metrick, Professor Doug Rae, Professor Paul Bracken, Professor Verity Harte, Deputy Dean Stephanie Spangler, Professor Edi Pinker, Professor Arthur Swersey and President Salovey. Among the additional deponents Plaintiff has identified at the Defendants' request are: Professor Frances Rosenbluth, Professor Michael Della Rocca, Dean Stanley Garska, Professor Ann Alstott, Professor James Baron, Professor Judith Chevalier, and Professor Barry Nalebluff. In addition, Plaintiff has requested that the Defendants identify the person(s) who took handwritten notes at various meetings and in interviews, as these persons may need to be deposed to decipher handwriting and address the circumstances of their involvement. At the present time, the Plaintiff is limiting her request to increase the number of depositions permitted to a total of 20, reserving for potential identification other percipient witnesses whose identities are yet unknown, but may become apparent once Yale completes its document production, or who are identified during the depositions of others. Most of the forgoing depositions will be scheduled for half of a day.

1

for deposition collectively does not even exceed the potentially 70 hours of deposition permitted under the Rules (i.e., 10 depositions, each not to exceed 7 hours).  The number of depositions needed is the product of the vast array of individuals at Yale who have, or may have, personal knowledge of the facts and circumstances related to Professor Bagley's hire, tenure, and ultimate termination, and the Defendants' defenses.  Defendants are unable to articulate a substantive objection to the discovery by deposition that Plaintiff seeks.

Decision-making at Yale with respect to Professor Bagley's non-renewal and other University-wide activities occurred over multiple years and through a series of several reviews (and behind-the-scenes communications) involving a large assembly of faculty and high level administrators, both inside and outside the School of Management.[3]  Indeed, the Committee reports and e-mail communications produced to date illuminate the sheer number of deans and faculty members (both within and outside the School of Management) with knowledge of facts relevant to the Plaintiff's claims and Yale's defenses.  The claims tied to these discoverable facts are numerous and complex, particularly where claims of discrimination and retaliation may rely heavily on circumstantial evidence.  Document discovery in this case was to commence nearly one year ago, and depositions have been delayed by Yale's refusal to schedule a deponent unless the deposition would be conducted to conclusion (despite Yale's own delays and incomplete document production).  Now Yale refuses to schedule the deposition of President Salovey unless Plaintiff agrees to limit his deposition to two hours (the subject of a separate motion filed by Yale)—Plaintiff will not, and cannot, assent to the limitations the Defendants seek.[4]

---

[3] Plaintiff relies on the statement of facts and claims as fully articulated in Dkt. #36 and Dkt. #62, pleadings well known to this Court.

[4] Yale has a curious way of attempting to control all matters pertaining to the litigation.  For example, beyond efforts to dictate time, place and manner of depositions, the disingenuous "eagerness" to mediate is conditioned on the Plaintiff agreeing to one of Yale's hand-picked list of mediators, failing to appreciate the need for completely independent neutrals upon whom both sides can invest with trust.

During the week of February 23, 2015, the Plaintiff deposed Defendants Snyder and Rae for approximately 6 and 4.5 hours, respectively; in total, only three depositions have been taken to date.  These most recent depositions were suspended by Plaintiff pending the production by Yale of documents not yet forthcoming; Yale objected to suspension.  Plaintiff has also noticed the depositions, *inter alia*, of Defendant Andrew Metrick,[5] the chairs of the three "review" committees (Bracken, Harte, and Pinker) convened to discuss Professor Bagley, as well as Yale President, and former Provost, Peter Salovey.  President Salovey's involvement appears to have been initiated as early as May 2012, even before the first negative vote regarding Professor Bagley's appointment renewal, and continued throughout 2014.  The depositions of Metrick, Bracken, Harte and Deputy Provost Stephanie Spangler have all been confirmed for the week of March 16, 2015. Counsel has not yet reached agreement on dates for all other deponents. Scheduling depositions has proven challenging given that counsel for Yale is the only attorney acting on its behalf, and he is often unavailable due to the demands of other litigation matters (some that result in his being unavailable for several consecutive weeks, and even a month at a time).

Plaintiff's counsel has been flexible in scheduling these depositions, providing the estimated number of hours anticipated for each deponent and accommodating previously scheduled vacations and other commitments.  Indeed, Professor Bagley has indicated that only five (5) of depositions noticed to date will consume close to the full seven hours of allotted time. The remaining depositions are, as indicated to defense counsel, anticipated to take two, three, or four hours each.  The number of depositions that Plaintiff may need to take, and the length of each of those respective depositions, is hardly placing a burden on Yale.

---

[5] The deposition of Andrew Metrick scheduled for February 26, 2015 was canceled because he reportedly was ill with the flu, but has been rescheduled for March 20, 2015 by agreement of the parties.

The Plaintiff asks this Court for leave to take up to a total of 20 depositions, if needed, many of which will be reasonably limited in time. Plaintiff's list of additional deponents includes former Provost and current Yale Professor Frances Rosenbluth, who had close communications with President Salovey during the timeframe relevant to the Plaintiff's claims; Michael Della Rocca, the former Chair of the University-Wide Committee on Sexual Harassment—a committee in which Professor Bagley was intimately involved; Anne Alstott, another member of the Harte Committee believed to have been charged with taking the handwritten notes on behalf of the Committee; Stanley Garskta, a Deputy Dean who worked under former SOM Dean Joel Podolny at the time of Professor Bagley's hiring; and several members of the Board of Permanent Officers ("BPO") who participated in the discussions and the two votes on Professor Bagley appointment renewal. Once Yale has identified, as they have been asked to do, who wrote the "notes" produced in conjunction with interviews and committee meetings, those note takers will be deposed to decipher some of the unintelligible handwriting and provide additional context.

Defendants have not yet completed their document production (the subject of a pending Motion before this Court, Dkt. #108) on subject matters highly probative in this litigation. At this time, Plaintiff seeks—without further leave of Court—the opportunity to conduct up to a total of 20 depositions, of varying length, to be scheduled by the parties at mutually convenient times, and given the prejudice of delay to the Plaintiff, that the depositions take place before faculty and staff depart Yale for the summer months.

Respectfully Submitted,
Constance E. Bagley
BY HER ATTORNEYS,

/s/ Laura R. Studen
Laura R. Studen, Esq. (phv06466)
lstuden@burnslev.com
Ellen J. Zucker (phv07152)
ezucker@burnslev.com
Emily J. Nelson, Esq. (phv06483)
enelson@burnslev.com
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
617-345-3000
*Counsel for Plaintiff*

Dated: March 2, 2015

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd of March, 2015, a copy of the foregoing was electronically filed and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

/s/ Emily J. Nelson
Emily J. Nelson

4830-2523-1138.1