UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CONSTANCE BAGLEY                              :
                                             :
        Plaintiff                            :            CIVIL ACTION NO.:
                                             :            3:13 CV 1890  (CSH)
vs.                                          :
                                             :
YALE UNIVERSITY, DOUGLAS RAE,                :
EDWARD SNYDER and ANDREW                     :
METRICK, Individually                        :            MARCH 11, 2015
                                             :
        Defendants                           :

**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER
RE: DEFENDANTS' REVIEW OF ELECTRONICALLY STORED INFORMATION**

        The defendants, Yale University ("Yale"), Douglas Rae, Edward Snyder and Andrew

Metrick, hereby submit this reply memorandum in further support of their motion for

protective order concerning their review of electronically stored information ("ESI").

        In their opening brief, the defendants demonstrated that the keyword search of the ESI

of various custodians was proving to be an extremely inefficient method for conducting

discovery in this case, and that relevant documents can be obtained through a more focused

and less burdensome process.  In her objection, the plaintiff has further proven this point.  The

plaintiff states that she filed "narrowly tailored" requests for production on January 14, 2015,

and that the documents produced by Yale in response to these requests include "some of the

most relevant documents produced to date."  (See Docket No. 113, p. 2.)[1]   In other words, the

---

[1] While the plaintiff claims that the defendants broadly objected to the plaintiff's requests, the defendants in fact
provided responses to seven of the ten requests.  The three requests for which the defendants did not provide a

ESI discovery, which has occupied so much of the efforts of counsel for both the plaintiff and the defendants, produced little of value.  On the other hand, the "narrowly tailored" standard discovery requests were quite effective in the "speedy and inexpensive" disclosure of useful information.  Consistent with Fed. R. Civ. P. 1, which admonishes that the Federal Rules should be applied to promote the "speedy and inexpensive" resolution of disputes, the defendants have requested that the ESI format be abandoned in favor of standard discovery requests.

The defendants do not suggest that all discovery be halted, as the plaintiff represents. (See Docket No. 113, p. 5.)  Nor do the defendants suggest that they should no longer be required to produce a document -- if responsive to a particular discovery request -- that is stored in an electronic format.    Rather, the defendants seek to limit the broad-based keyword search and review of ESI that the plaintiff has required, in favor of a more "narrowly tailored" approach.  Utilizing standard discovery requests will result in the production of all necessary documents (to the extent that there are any which have not already been produced), as demonstrated by the defendants' responses to the plaintiff's January 14, 2015 production requests.  Indeed, it is telling that the plaintiff has not identified a single document of significance which would not have been produced in the absence of the ESI format.

So far, the defendants have produced the ESI of six of the ten custodians identified by the plaintiff.  (See Docket No. 113, Exhibit A.)  This process required the application of

---

response sought information protected by the attorney-client privilege, as well as private and sensitive information concerning individuals who are not parties to this lawsuit (i.e. information protected  by Conn. Gen. Stat. § 31-128f and information concerning complaints of sexual misconduct).

keyword search terms to the computers of these custodians, extracting the documents containing any of those keywords, and then reading every single document extracted to determine whether it is responsive to any of the plaintiff's production requests and further to determine whether the document is privileged.  The defendants object to continuing this process for any additional custodians.[2]

The plaintiff's claim that defendants have not acted in "the spirit of working collaboratively," is without basis.  At the time of defendants' first ESI production on July 30, 2014, defense counsel noted that the keyword search was producing many documents unrelated to this lawsuit, and further suggested that a discussion be held as to whether discovery could be completed in a more efficient manner.  (See July 30, 2014 letter from P. Noonan to L. Studen, attached hereto as Exhibit A.)  The plaintiff did not respond to this suggestion.  On August 18, 2014, defense counsel again e-mailed plaintiff's counsel regarding this issue, and again did not receive a response.  (See Exhibit B.)  The defendants also raised concerns regarding the efficiency of the ESI keyword search in their objection to the plaintiff's Motion for Preliminary Injunction.  On February 17, 2015, an associate in undersigned defense

---

[2] The defendants also object to performing any additional keyword search for those custodians whose ESI has already been produced.  The plaintiff claims that the keyword search terms used by the defendants to date are from an "outdated list."  (See Docket No. 113, p. 3.)  In fact, undersigned defense counsel reached an agreement with Attorney Alexandra Deal of plaintiff's counsel's office as to the search terms that would be used.  These search terms were applied, and a review of the extracted documents was well under way by the time plaintiff's counsel sent what she now claims to be the correct list.  (See Docket No. 113, Exhibit A.)  In fact, defendants made their first production of ESI on July 30, 2014, eight days after plaintiff's counsel e-mailed to defense counsel what she now claims is the correct list of search terms.  Undersigned's defense counsel's cover letter with the July 30, 2014 ESI production specifically sets forth the search terms that were used.  (See July 30, 2014 letter from P. Noonan to L. Studen, attached hereto as Exhibit A.)  Plaintiff did not object to those terms at that time, and should not be heard to complain about them now.  The search terms utilized by the defendants were

counsel's office e-mailed plaintiff's counsel regarding the inefficiency of the ESI keyword search, and further indicated that defendants planned to seek court intervention.  Receiving no response, the defendants did, in fact, file the Motion for Protective Order presently at issue. Subsequent to the filing of this motion, in an attempt to resolve this issue, defense counsel offered to produce the ESI of the remaining custodians if, in exchange, the plaintiff would agree that such production would complete the defendants' ESI production obligations.  (See Exhibit C.)  Despite the fact that the defendants were offering to complete the ESI keyword search of all ten of the custodians that plaintiff had identified, plaintiff's counsel indicated that she could not agree and made no counterproposal.  This history demonstrates that the defendants have attempted to collaborate, but that plaintiff has been unwilling to compromise.

As detailed in the defendants' opening brief, the ESI keyword search has been an extremely expensive, time consuming and burdensome endeavor.  While there may have been a misunderstanding as to the number of custodians that the plaintiff identified, this does not change the fact that the results obtained through the keyword searches performed to date do not justify the time and expense that has been required to perform this search.  Nearly twelve gigabytes of information have been reviewed so far by the defendants and only .95 gigabytes of this information has been responsive and non-privileged.  This is a yield of less than 8%, with a much smaller percentage of documents that have actually been of significance to the lawsuit.  In other words, the effort that has been required to perform the ESI review to date has

---

exhaustive and produced a massive volume of documents.  Certainly, this search would have produced any relevant documents possessed by those custodians whose ESI has been searched.

not been time well spent.  With 40% of the ESI production yet to be completed, the defendants should not be required to complete this inefficient and wasteful endeavor.

Accordingly, the defendants respectfully request that this Court enter an order to effect a "speedy and inexpensive" completion of the discovery in this matter and rule that the defendants are no longer required to perform a keyword search and review of ESI of any additional custodians.  If the plaintiff requires any additional discovery, it should be requested through a conventional discovery request.

THE DEFENDANTS
YALE UNIVERSITY, DOUGLAS RAE,
EDWARD SNYDER and ANDREW
METRICK, Individually


BY:___/s/ Patrick M. Noonan  (#ct00189)___
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan