# EXHIBIT A

# DONAHUE, DURHAM & NOONAN, P.C.

Patrick M. Noonan
pnoonan@ddnctlaw.com

Concept Park
741 Boston Post Road
Suite 306
Guilford, CT  06437
Tel (203) 458-9168
Fax (203) 458-4424

July 30, 2014

Via Federal Express

Attorney Laura R. Studen
Burns & Levinson, LLP
125 Summer Street
Boston, MA 02110

RE:   Constance E. Bagley v. Yale University, Et Al

Dear Laura:

Enclosed, in partial response to the Court's Initial Discovery Protocol and Plaintiff's First Request for Production of Documents, are three DVD's of electronic documents gathered from the computers of Andrew Metrick, Edward Snyder and Douglas Rae. Consistent with the agreement reached between myself and Alex Deal, the search covered the period January 1, 2007 to the present and applied the following search terms: "State and Society;" Bagley, Constance; Connie; CB; Bracken AND Committee or Bracken AND Cmte or Bracken AND Report; Harte AND Committee or Harte AND Cmte or Harte AND Report; Blackball (with extensions); Nierenberg /2 Chair (with extensions); Aguilera; "Professor in the Practice;" PIP; Alstott; Ayers; Blanchette; Margaret.Clark; Meltdown; bitch; Baglady; and Bag w/2 lady. This search identified many e-mail messages to and from students in the State & Society course that were unrelated to any issue in this lawsuit and which have not been produced.

As you can see, there are literally thousands of pages of documents, most of them completely unrelated to any issue in this lawsuit. After you have had a chance to look at these documents, perhaps we can discuss a way in which discovery can be done without requiring us to unearth this volume of material. In the meantime, can you let me know when you will be providing responses to the initial discovery protocol?

Very truly yours,

*Patrick M. Noonan/djr*

Patrick M. Noonan

PMN/mgb
Enclosures

# EXHIBIT B

**From:** Pat Noonan
**Sent:** Monday, August 18, 2014 2:37 PM
**To:** 'Emily J. Nelson'
**Cc:** Hollie Edwardo; Laura R. Studen; Valerie Brown
**Subject:** RE: Question re: Yale Motion for Extension

Hi Emily,

    This was my mistake. The Yale IT Department has informed me that the three DVD's contained 300 megabytes of data, the equivalent of 33,000 pages of email text. I will file a corrected pleading today. As mentioned in prior correspondence, I would like to hear from you as to whether you still think it is useful to conduct ESI discovery using all of the search terms you have requested. I've never had an employment case which involved the production of even 1,000 pages of materials. I don't know whether you've reviewed the materials produced, but the vast majority are of no value to either side.
    Pat

Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
Tel: 203-458-9168
Fax: 203-458-4424

**From:** Emily J. Nelson [mailto:enelson@burnslev.com]
**Sent:** Thursday, August 14, 2014 10:50 PM
**To:** Pat Noonan
**Cc:** Hollie Edwardo; Laura R. Studen; Valerie Brown
**Subject:** Question re: Yale Motion for Extension

Pat: Can you or an associate/paralegal tell me on what you based your representation to the Court in your motion in stating that "Yale has produced three large capacity DVDs which contain **20.8 gigabytes** of data"? The data on the three DVDs we have only amounts to **290 megabytes** (much less than a gig) – are we missing some data here? Thanks.

Emily J. Nelson
Burns & Levinson LLP
Associate | Business Litigation | Employment
125 Summer Street | Boston MA 02110
617.345.3205 (d) | 617.345.3000 | 617.345.3299 (f)
www.burnslev.com
enelson@burnslev.com

::::::::::::::::::::::::::::::::::::::::::::::::::::

# EXHIBIT C

| | |
|---|---|
| **From:** | Emily J. Nelson <enelson@burnslev.com> |
| **Sent:** | Monday, March 02, 2015 11:38 AM |
| **To:** | Pat Noonan; Matt Geelan |
| **Cc:** | Laura R. Studen; Valerie Brown |
| **Subject:** | RE: Document Production (Bagley v Yale) |

Pat,

We are amenable to an extension until Wednesday, March 11 to file your response to our objection to the motion regarding ESI. I do not believe you are seeking an extension on a reply to the other two oppositions (regarding depositions) we intend to file, but we do object to an extension on those two reply briefs (if any) for reasons previously stated.

Emily

Emily J. Nelson
Burns & Levinson LLP
Associate | Business Litigation | Employment
125 Summer Street | Boston MA 02110
617.345.3205 (d) | 617.345.3000 | 617.345.3299 (f)
www.burnslev.com
enelson@burnslev.com

::::::::::::::::::::::::::::::::::::::::::::::::::::

*Only print this e-mail if necessary.

IRS Circular 230 Disclaimer: Any tax advice in the communication is not intended or written by company to be used, and cannot be used, by a client or any other person or entity for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any matters addressed herein.

This e-mail message is intended only for the designated recipient(s). It may contain confidential or proprietary information, and may be subject to the attorney-client privilege and/or other confidentiality protections. If you are not the intended recipient, you may not review, retain, disseminate, distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or reply e-mail. Thank you.

**From:** Pat Noonan [mailto:PNoonan@ddnctlaw.com]
**Sent:** Sunday, March 01, 2015 7:27 PM
**To:** Emily J. Nelson; Matt Geelan
**Cc:** Laura R. Studen; Valerie Brown
**Subject:** Re: Document Production (Bagley v Yale)


Hi Emily,

    We were not suggesting that we would not continue to look for documents already requested. In fact, Laura noted during the deposition of Dean Snyder that she was missing a particular email, and I brought it with me the next morning and provided it to her just prior to the deposition of Prof. Rae. We will of course continue to supply you with any previously requested documents which you did not receive. The nature of our proposed agreement is that we terminate ESI once we have searched for the remaining custodians using the search terms you last suggested. This is contingent upon Yale's IT professional telling us that the search for those three custodians will be manageable. Unfortunately, that individual was out on PTO last week. We expect to have an answer from him by mid week. If he confirms, as we expect, that the three additional custodians will not be overly time-consuming, we would propose that we withdraw our pending motion in

1

exchange for your agreement to cease ESI discovery . As you know, ESI has turned out to be a very time consuming and expensive process for both of us. We are not suggesting that we should terminate conventional discovery, just ESI. If you agree on that and the IT professional confirms that the three remaining custodians will not be overly time-consuming, we will withdraw our motion on that issue. If you cannot agree, we are requesting that we be allowed until Wednesday, March 11 to file our response to your objection to the motion. As I informed Laura, I will be in Canada starting Wednesday morning for depositions the remainder of this week. I am then flying to Mexico for vacation on Saturday morning. I am not available to work on this until Tuesday March 10. I would therefore appreciate your agreeing to an extension of time in the event that you do not agree with the proposal that would allow us to withdraw the motion completely. Thanks for your cooperation.

On February 27, 2015, at 11:33 AM, "Emily J. Nelson" <enelson@burnslev.com> wrote:

Hi Matt,

We cannot agree to completely stopping any and all ESI as you described below – particularly given the e-mails from Snyder and others (as detailed in a separate email earlier this week) that we are still missing and number of depositions upcoming. We intend to file our oppositions to your three motions on Monday, unless any of are withdrawn prior to that time. Given Pat's travel schedule as well as the set of depositions scheduled (and that remain to be scheduled), we would like the Court's review of these motions to begin promptly.

Thanks,
Emily

Emily J. Nelson
Burns & Levinson LLP
Associate | Business Litigation | Employment
125 Summer Street | Boston MA 02110
617.345.3205 (d) | 617.345.3000 | 617.345.3299 (f)
www.burnslev.com
enelson@burnslev.com

::::::::::::::::::::::::::::::::::::::::::::::::::

*Only print this e-mail if necessary.

IRS Circular 230 Disclaimer: Any tax advice in the communication is not intended or written by company to be used, and cannot be used, by a client or any other person or entity for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any matters addressed herein.

This e-mail message is intended only for the designated recipient(s). It may contain confidential or proprietary information, and may be subject to the attorney-client privilege and/or other confidentiality protections. If you are not the intended recipient, you may not review, retain, disseminate, distribute or copy this communication. If you have received this communication in error, please notify us immediately by telephone or reply e-mail. Thank you.

**From:** Matt Geelan [mailto:MGeelan@ddnctlaw.com]
**Sent:** Friday, February 27, 2015 11:10 AM
**To:** Emily J. Nelson
**Cc:** Pat Noonan
**Subject:** RE: Document Production (Bagley v Yale)

Hi Emily,

2

As you know, the defendants have produced the ESI of Rae, Metrick, Snyder, Podolny, Bach and Salovey. We have also substantially completed our review of Garstka's ESI and will soon be ready to produce those documents. The remaining individuals listed on the document attached to your February 23, 2015 email, therefore, are Ian Shapiro, Ben Polak, and Stephanie Spangler. We are currently in the process of applying the search terms set forth in the document attached to your February 23 email to the ESI of Shapiro, Polak and Spangler.

Assuming that this search does not produce an inordinate number of documents (and while I don't believe it will, this can be difficult to predict), the defendants will agree to withdraw their Motion for Protective Order if plaintiff will agree that the ESI production of Shapiro, Polack and Spangler completes the defendants' ESI production. I've been informed by Yale's IT people that it may take several days to apply the search terms in the document attached to your February 23, 2015 email to these three custodians. I'm not yet willing to agree to those terms as it is possible that one or more of them may produce an inordinate number of documents. If that is the case, I would want to discuss either discarding or altering such term(s). As soon as the search has been completed, and we know the approximate volume of documents generated by the search, we will be in touch with you.

In light of this, I think it makes sense to seek an extension of the Court's briefing schedule an additional week for all dates.

Please let me know your thoughts when you have a chance.


~~~~~~~~~~~~~~~~~~~~~~~~
Matthew H. Geelan, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Suite 306
Guilford, CT 06437
(203) 458-9168 - Phone
(203) 458-4424 – Fax


**From:** Emily J. Nelson [mailto:enelson@burnslev.com]
**Sent:** Tuesday, February 24, 2015 1:31 PM
**To:** Pat Noonan
**Cc:** Laura R. Studen; Valerie Brown; Matt Geelan
**Subject:** Document Production (Bagley v Yale)

Hi Pat,

In follow up to our conversation on Saturday, please see the attached letter outlining the Plaintiff's specific concerns and requests regarding Yale's document production to date.

Thanks,
Emily

Emily J. Nelson
Burns & Levinson LLP
Associate | Business Litigation | Employment
125 Summer Street | Boston MA 02110
617.345.3205 (d) | 617.345.3000 | 617.345.3299 (f)
www.burnslev.com
enelson@burnslev.com

::::::::::::::::::::::::::::::::::::::::::::::::::

*Only print this e-mail if necessary.

IRS Circular 230 Disclaimer: Any tax advice in the communication is not intended or written by company to be used, and cannot be used, by a client or any other person or entity for the purpose of (i) avoiding penalties that may be imposed on any taxpayer or (ii) promoting, marketing or recommending to another party any matters addressed herein.

This e-mail message is intended only for the designated recipient(s). It may contain confidential or proprietary information, and may be subject to the attorney-client privilege and/or other confidentiality protections.  If you are not the intended recipient, you may not review, retain, disseminate, distribute or copy this communication.  If you have received this communication in error, please notify us immediately by telephone or reply e-mail. Thank you.

4