# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANCE BAGLEY | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13 CV 1890  (CSH) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, DOUGLAS RAE, | : | |
| EDWARD SNYDER and ANDREW | : | |
| METRICK, Individually | : | |
| | : | |
| Defendants | : | FEBRUARY 13, 2015 |

### DEFENDANT YALE UNIVERSITY'S RESPONSES TO
### PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

The defendant, Yale University, hereby responds to the plaintiff's Second Request for

Production of Documents dated January 14, 2015.

### BY WAY OF PRODUCTION REQUEST:

**Request No. 43**

All drafts of the report produced as a result of the 2014 Diversity Summit at Yale, including any revisions made by Yale management prior to its publication.

**ANSWER:    Objection pending.  Without waiving said objection, the defendant states that it is not in possession of drafts of the report produced as a result of the 2014 Diversity Summit.**

**Request No. 44**

All documents or communications provided by SOM Deans or any other individual to President Salovey in response to Professor Bagley's June 2012 request for provostial review of the decision not to renew her contract.

**ANSWER:** Objection pending. Without waiving said objection, see Bates Nos. YU015722 through YU016825, containing the results of the ESI search of President Salovey's hard drive.

**Request No. 45**

All documents and communications relating to any decision or recommendation by the University-Wide Committee on Sexual Misconduct concerning an allegation or incident of sexual misconduct that was overturned or reversed by Yale management.

**ANSWER:** Objection pending.

**Request No. 46**

Any and all complaints of harassment, discrimination, or retaliation against Dean Snyder, Dean Metrick, or Professor Rae, including any communications relating thereto.

**ANSWER:** Objection pending. Without waiving said objection, the answer is: none.

**Request No. 47**

The complete personnel file of any individual appointed to the rank of Professor in the Practice at Yale SOM, including any meeting minutes, notes, ballots, or other data relating to any meeting of the BPO at which a discussion or vote of appointment renewal occurred.

**ANSWER:** Objection pending.

**Request No. 48**

A copy of the job posting ("job as posted") as referenced at bates-stamped document YU003170.

**ANSWER:** Objection pending. Without waiving said objection, see attached (Bates No. YU015711).

**Request No. 49**

All emails to and from the e-mail account eas@yale.edu ("EAS Confidential") referencing or concerning Professor Bagley.

**ANSWER:   Objection pending.   Without waiving said objection, see attached (Bates Nos. YU015712 to YU015720).**

**Request No. 50**

The second and all subsequent pages to the July 2012 email chain, starting at bates-stamped page YU005019.

**ANSWER:   Objection pending.**

**Request No. 51**

Any handwritten or typed notes from Stephanie Spangler's meeting with Douglas Rae that occurred in or around September 2012, as indicated by bates-stamped document Yale0006726.

**ANSWER:   Objection pending.   Without waiving said objection, the defendant states that, to the extent that there are any documents responsive to this request, they are included within the documents produced to plaintiff on November 13, 2014, Bates Nos. YU003131 through YU008809.**

**Request No. 52**

A list of all faculty, since 2000, hired by the Yale SOM at age of 60 or over, including each individual's title, rank, gender, and age at time of hire.

**ANSWER:   Objection pending.   Without waiving said objection, see attached chart (Bates No. YU015721) listing new hires of individuals age 50 and older by Yale SOM from the year 2000 through the present.**

THE DEFENDANTS
YALE UNIVERSITY, DOUGLAS RAE,
EDWARD SNYDER and ANDREW
METRICK, Individually

BY: ___ /s/ Patrick M. Noonan  (#ct00189) ___
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168


## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

_____ /s/ _____
Patrick M. Noonan

4

**From:**         Rosenbluth, Frances McCall <frances.rosenbluth@yale.edu>
**To:**           Salovey, Peter <peter.salovey@yale.edu>
**Sent:**         4/28/2012 4:50:59 PM
**Subject:**      FW: Bagley Constance Personal Statement (Nov 17 2011)
**Attachments:**  Bagley Constance Personal Statement (Nov 17 2011).docx


I will explain at our meeting on Monday. Ted Snyder and Andrew Metrick
are not sure about wanting to renew Connie Bagley as Professor in the
Practice, and she is getting panicky.


From: Bagley, Connie
Sent: Saturday, April 28, 2012 4:49 PM
To: Rosenbluth, Frances McCall
Subject: Bagley Constance Personal Statement (Nov 17 2011)


Dear Frances,

Thx again for spending so much time with me Friday discussing my
options at SOM. At the risk of overburdening you, I have taken the
liberty of attaching my personal statement for the Prof in Practice
renewal. Obviously if Ted agreed to a legal studies tenure line, I would
revise it to include much more on future research streams.


A thought I had while swimming today was possibly tossing my hat in the
ring for the current vacancy for Senior Associate Dean for the MBA
Program. Ted had appointed Jeanette Gorgas (the former investment banker
with the MBA) as Senior Associate Dean for the MBA Program but recently
announced that she would now become Sr Assoc Dean for Enterprise
Development. He also indicated that he would be hiring a new Senior
Associate Dean for the MBA Program. I have no idea how a search for a Sr
Assoc Dean is done or the criteria used so welcome any insights you
might be able to provide.


Finally, Andrew pushed back our meeting to Thursday and suggested
including Geert Rouwenhorst, Deputy Dean for Curriculum Development,
which I think is a really good idea.


All the best,

Connie

YU015726

**Subject:** RE: Connie
**From:** "Rosenbluth, Frances McCall" <frances.rosenbluth@yale.edu>
**Date:** 5/8/2012 6:52 PM
**To:** "Salovey, Peter" <peter.salovey@yale.edu>

She isn't threatening anything yet.


From: Salovey, Peter
Sent: Tuesday, May 08, 2012 6:52 PM
To: Rosenbluth, Frances McCall
Subject: RE: Connie


Not if she is threatening legal action . . .


**********************************


Peter Salovey

Provost

Chris Argyris Professor of Psychology


Office of the Provost

Yale University

P.O. Box 208365

New Haven, CT  06520-8365


(203) 432-4444


From: Rosenbluth, Frances McCall
Sent: Tuesday, May 08, 2012 6:51 PM
To: Salovey, Peter
Subject: RE: Connie


Before this happened I counseled her to 1) get an outside option, both
for voice and exit; and 2) be accommodating.  She didn't do either one,
and in fact it was her saber rattling and unrealistic demands that
spooked them.  They would almost certainly have renewed her contract if

YU015803

she hadn't started demanding a 10 year term and functional tenure.  At
this point I don't know what her options are.  I would leave gracefully
if I were she but WFF wants to fight.  Is there some other position for
her at Yale where she would be valued?  She has a lot to offer.


From: Salovey, Peter
Sent: Tuesday, May 08, 2012 6:43 PM
To: Rosenbluth, Frances McCall
Subject: Connie


Dear Frances,


We should talk about how to handle/counsel Connie.  If she decides to
file a grievance, I am the one it goes to, so it may make sense to keep
me out of it for now so that I don't have to recuse myself later.   At
the same time, Connie needs someone to help her understand her options
at this point.  Perhaps that should be you . . .


Peter


**********************************


Peter Salovey

Provost

Chris Argyris Professor of Psychology


Office of the Provost

Yale University

P.O. Box 208365

New Haven, CT  06520-8365


(203) 432-4444

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

CONSTANCE BAGLEY                          :

     Plaintiff                             :          CIVIL ACTION NO.:
                              :          3:13 CV 1890  (CSH)
vs.                                       :

YALE UNIVERSITY, DOUGLAS RAE,            :
EDWARD SNYDER and ANDREW                  :
METRICK, Individually                     :          OCTOBER 13, 2015

     Defendants                            :

## AFFIDAVIT OF ANDREW METRICK
## IN SUPPORT OF OBJECTION TO MOTION TO COMPEL

I, Andrew Metrick, being duly sworn, deposes and says:

1.     I am over the age of eighteen and believe in the obligation of an oath.

2.     I am Deputy Dean & Michael H. Jordan Professor of Finance and Management at the Yale School of Management ("SOM").

3.     I have personal knowledge regarding the process for the appointment and reappointment of Professors in the Practice ("PiPs") at SOM.

4.     Members of the Board of Permanent Officers vote on whether to recommend the appointment and reappointment of PiPs.

5.     Prior to the vote on the appointment or reappointment of a candidate for a PiP position, a subcommittee of the SOM faculty is formed to assess the candidate and create a report that documents that assessment.

6.     The CV, select publications, SOM review committee report, and teaching evaluations of candidates for appointment or reappointment as a PiP are made available to members of the BPO in a confidential manner before the vote.  For an initial appointment, the BPO also solicits and receives evaluations by faculty outside of Yale. The BPO then uses all of these materials to inform a vote, on the appointment or renewal recommendation, which is made by a majority of those present and voting.

7.     The materials reviewed by the BPO in considering the appointment of reappointment of a PiP, including the SOM review committee report and teaching evaluations, are maintained as confidential by the SOM.

8.     As of May 7, 2012, the date when the BPO initially voted on the plaintiff's request for reappointment as a PiP, there were thirty-four (34) members of the BPO.

9.     The composition of the BPO changes over time.  Since 1999, there have been 50 different members of the BPO.

10.     Since 1983 there have been nine different Deans and four different Deputy Deans. In addition to BPO members, these individuals within the Dean's Office also have involvement with the proceedings related to the appointment or reappointment of a PiP.

11.     David Bach is a Senior Associate Dean and Senior Lecturer.  He was hired primarily to fulfill an administrative need and has never taught the State and Society course in the full-time MBA program. Dean Bach has taught the State and Society course in the MBA for Executives program, which is a weekend program that is distinct from the full-time

2

MBA program. The plaintiff has never taught the State & Society course in the MBA for Executives program.

12.     Kyle Jensen is an associate dean, lecturer and the Director of Entrepreneurship.  He has never taught the State and Society course or any other course that had previously been taught by the plaintiff.

13.     Ian Shapiro is a tenured professor in the Department of Political Science.

THE AFFIANT,

_____
Andrew Metrick

Subscribed and sworn to before me this 10th day of October, 2015.

By: _____
Notary Public/
Commissioner of the Superior Court

JEAN M. PAGE
NOTARY PUBLIC
State of Connecticut
My Commission Expires
June 30, 2016

3

# EXHIBIT C

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| CONSTANCE E. BAGLEY | ) | |
|---|---|---|
| *Plaintiff* | ) | Civil Action No.   3:13-cv-01890 (CSH) |
| v. | ) | |
| YALE UNIVERSITY et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  David Bach; Yale School of Management; 100 Church St S; New Haven, CT 06519

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place:  Burns & Levinson LLP | Date and Time: |
|---|---|
| 125 Summer Street | |
| Boston, MA 02110 | 11/24/2014 9:00 am |

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Laura R. Studen |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Constance E. Bagley
_____ , who issues or requests this subpoena, are:

Laura R. Studen, Esq.; Burns & Levinson LLP; 125 Summer Street, Boston, MA 02110; (617)-345-3325; lstuden@burnslev.com

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:13-cv-01890 (CSH)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                                  *Server's signature*

                                         _____
                                                  *Printed name and title*

                                         _____
                                                  *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>Exhibit A</u>
<u>SUBPOENA DUCES TECUM – DAVID BACH</u>

You are commanded to produce the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

## DEFINITIONS

1.   The terms "Plaintiff" or "Professor Bagley" shall mean the plaintiff Constance "Connie" E. Bagley and any agent, representative, attorney or other person or entity acting on her behalf.

2.   The terms "Yale" or "you" shall refer to Yale University in New Haven, Connecticut, including every present and former officer as well as every present and former director, agent, employee, faculty member, staff member, attorney, consultant, independent contractor, expert, representative and all other persons purporting to act on behalf of Yale University or its founders, predecessors or successors.  The term "Yale" includes, without limitation, the Yale School of Management, as defined below.

3.   The term "Yale SOM" shall refer to the Yale School of Management, including every present and former officer as well as every present and former director, agent, employee, faculty member, staff member, attorney, consultant, independent contractor, expert, representative and all other persons purporting to act on behalf of the School of Management.

4.   The term "BPO" shall refer to the Board of Permanent Officers of Yale SOM.

5.   The term "faculty member" shall herein refer to any professor, professor in the practice, lecturer, senior lecturer, instructor, or any other member of the Yale teaching staff, excluding teaching assistants.

6.   The term "document," as used herein, shall mean and refer to the original, an identical copy when no original is available, and all nonidentical copies, drafts, interim and final versions of any writings, records, drawings, data compilations, graphic matter of any type or description, or any other retrievable data (whether recorded, encoded, taped or coded electrostatically, electromagnetically, or otherwise), including but not limited to notes, correspondence, memoranda (including written memoranda of telephone conversations, other communications, discussions, agreements, and any other acts, transactions, or activities), printed copies of computer documents, electronic mail, invoices, time sheets, expense vouchers, contracts, agreements, pamphlets, receipts, books of account (including cash disbursement journals, cash receipt journals, balance sheets, income statements, reconciliation statements, or other similar financial statements), order forms, records, bonds, requisitions, bills, plans, drawings, specifications, sound recordings, minutes, diaries, by-laws, articles of incorporation, calendars, desk pads, scrap books, notebooks, bulletins, circulars, forms, statements, journals, letters, telegrams, notices, interoffice or intraoffice communications, photostats, microfilm, microfiche, studies, reports, analyses, messages, comparisons, graphs, charts, summaries, films, photographs, tapes or tape-recordings, advertisements, facsimiles, Teletype messages, office communications, drafts, memoranda, summaries, reports, records, instructions, work papers, data sheets, specifications, notes, diaries, photocopies, descriptions, publications, books, transcripts,

1

telephone records, tables, books of account, files, plans, affidavits, computer printouts, computer tapes or disks, data capable of being reproduced, and other data compilations however produced or reproduced from which information can be obtained and any other written matter of any kind including without limitation any marginal and/or handwritten comments appearing on any documents or any other writing. Where a particular request specifies certain types of documents it is intended only to suggest that the categories named may contain some of the information sought and is neither intended nor to be construed as limiting the definitions stated above.

7.  The term "communication" means any transmittal of information whether oral or written in the form of meeting, conversation, correspondence, message, statement, discussion, conversation, agreement or other occurrence whereby thoughts, opinions, or data is transmitted between two or more persons.

8.  The terms "concern" or "concerning" means referring to, describing, evidencing or constituting.

9.  The terms "relate" or "relating to" means referring to, reflecting upon or in any way logically or factually connected with the matters discussed.

10. As used herein, the term "and" shall mean "and" as well as "or."

11. As used herein, the term "or" shall mean "or" as well as "and."

## INSTRUCTIONS

1.  You are to furnish all information and documents in your custody, possession or control, including information and documents known to your attorneys, agents, investigators, employees, representatives, subsidiaries, affiliates or other persons acting on your behalf.

2.  With respect to any of the documents requested, if any document was, but no longer is, in your custody, possession or control, you are to state what disposition was made of it, identify its present custodian (name, address and telephone number), and state who ordered or authorized such disposition. With respect to any such document, if it is unavailable because it was lost or destroyed by you or your agents, after fully identifying it, state when and where it was lost or destroyed; provide the name, address and telephone number of the person(s) who lost or destroyed it; provide the name, address and telephone number of the person(s) who directed or knew of its loss or destruction; and provide the name, address and telephone number of the person(s) who has knowledge of such document or tangible thing (stating the substance of such knowledge).

3.  If you object to a Request, the objection is to be stated in full, along with a citation of any legal authority relied upon. If an objection is stated with respect to a portion of a Request, the remaining portion of the Request is to be answered notwithstanding the objection. If you object to the scope or time period of a Request, the objection is to be stated and the Request answered for the scope and time period that you believe is appropriate. If in answering these Requests you assert or believe there are any ambiguities or any vagueness in the construction or wording of

what it is that you do not understand with regard to the remainder of the Request. If you believe a Request is overbroad in part, you should respond to that portion of the Request that you do not consider overbroad and explain why the remainder is supposedly overbroad.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Any and all documents and communications that concern or relate to your recruitment to and hiring by the Yale SOM, including without limitation any personal e-mail communications with any member of the Yale SOM faculty or staff prior to hiring, your interview schedule, appointment letter, including any drafts, and any notes and emails regarding courses you would teach at SOM.

2. Any and all documents and communications relating to your consideration of Professor Bagley for the non-ladder entrepreneurship position in or around 2013 and your decision not to select her for this position.

3. Any and all articles or other writings and any video presentations you have done on nonmarket strategy.

4. All evaluations, including written comments, resulting from or associated with your teaching of "State and Society."

5. All evaluations, including written comments, for all second-year courses in the Executive MBA program for healthcare for 2012-2013 and 2013-2014.

6. All documents regarding the termination of Ellen Skinner from SOM and the hiring of any new staff for the Executive MBA program in healthcare after 2011.

7. All emails, notes, or sample schedules regarding the second year curriculum for the Executive MBA classes of 2015 and 2016, including any correspondence with Professor Howard P. Forman, MD, MBA, regarding the same.

8. All documents regarding the schedule and faculty for the preMBA program in 2013 and 2014, including all course evaluations and written comments thereto.

9. All course evaluations, including written comments, for your MBA elective on nonmarket strategy, as well as your syllabus, course materials and handouts, and copies of all slides for that course.

4810-6900-5088.1

4

# EXHIBIT D

# DONAHUE, DURHAM & NOONAN, P.C.

Patrick M. Noonan
pnoonan@ddnctlaw.com

Concept Park
741 Boston Post Road
Suite 306
Guilford, CT  06437
Tel (203) 458-9168
Fax (203) 458-4424

August 7, 2014

Emily J. Nelson, Esq.
Burns & Levinson, LLP
125 Summer Street
Boston, MA 02110

RE:    Constance E. Bagley v. Yale University, Et Al

Dear Emily:

I am providing you with the following documents from clients with our discovery obligations:

- 2011 Faculty Handbook
- 2012 Faculty Handbook
- Confidential e-mails
- Professor Bagley's faculty file and payroll information
- Articles authored by Professor Bagley, including BP and Russia Deep Links, Implementing World-Wide Sexual Misconduct Policy at Yale, South Africa's Energy Crisis, From Politics to Law, Winning Legally, What's Law to Do with It? and Research in Motion.
- Harte Report dated November 28, 2012
- Harte Report dated March 3, 2013
- Pinker Report
- Bracken Report

We have now provided you with thousands of pages of documents in discovery.  I would appreciate if you would tell me when you intend to comply with your discovery obligations.

Very truly yours,

Patrick M. Noonan

PMN/aml
Enclosures