UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANCE E. BAGLEY, | |
| Plaintiff, | Civil Action No. 3:13-cv-1890 (CSH) |
| v. | |
| YALE UNIVERSITY, DOUGLAS RAE, EDWARD SNYDER, and ANDREW METRICK, Individually, | **DECEMBER 28, 2015** |
| Defendants. | |

### RULING ON PLAINTIFF'S MOTION FOR CLARIFICATION

**HAIGHT, Senior District Judge:**

Plaintiff Constance Bagley has filed a Motion for Clarification [Doc. 161] of the Court's earlier Ruling, reported at 2015 WL 8750901 (D. Conn. Dec. 14, 2015) (the "December 14 Ruling"), familiarity with which is assumed. The December 14 Ruling granted in part Plaintiff's motion [Doc. 135] to compel defendant Yale University to produce certain documents.

No response by Defendant to Plaintiff's present clarification motion is required. To the extent the Court's December 14 Ruling requires clarification, this Ruling supplies it.

The December 14 Ruling concluded by granting Plaintiff's motion to compel, insofar as that motion sought the immediate discovery of certain documents relating to "those obvious comparators, the reappointment professors." 2015 WL 8750901, at *9. These are "the individuals who (a) were Professors in the Practice on the faculty of the Yale School of Management during the period 2008-2013 and (b) during that period, applied for reappointment to that rank and position."

1

*Id.* The December 14 Ruling reasoned that those individuals were the appropriate comparators to Bagley in this action, where Bagley's core claim is that, while she was a Professor in the Practice on the Yale SOM faculty seeking reappointment to that position, Yale discriminated against her by refusing to reappoint her while reappointing other Professors in the Practice.

The December 14 Ruling directs the specified discovery with respect to the specified individuals during the period 2008-2013 because that is the period of time Bagley held the rank and position of Professor in the Practice. Bagley received that appointment in the form of Dean Garstka's April 8, 2008 letter to Bagley, confirming "that the Faculty of the School of Management has voted you an appointment as Professor in the Practice of Law and Management for a term of five years beginning July 1, 2008." The question of Bagley's possible *reappointment* to that faculty position did not and could not arise until she was appointed to it in the first place. While the self-evident truth of that proposition is more a matter of English language than of law, under governing law events involving a particular comparator are relevant to this discrimination action only if, at the time of those events, the comparator and Bagley were "similarly situated in all material respects." 2015 WL 8750901, at *2 (citing and quoting Second Circuit cases).

Bagley's clarification motion proposes an Order [Doc. 161-1] which extends the period of discovery concerning the identified comparators "from 2007-2014, the period during which Plaintiff was employed as a member of the faculty." There is no basis for extending the discovery period into 2007. Bagley's first amended complaint alleges in ¶ 31 that she "was recruited to Yale in 2007 by Joel Podolny, who at that time was the Dean of the SOM, for a one-year appointment as a visiting Associate Professor," and in ¶ 32 that "In April, 2008, Professor Bagley accepted an employment contract with Yale SOM as a Professor in the Practice for an initial five-year appointment . . . " It

2

cannot seriously be suggested that the recipient of a one-year faculty appointment as a visiting associate professor (Bagley's 2007 status) is similarly situated in all material respects to the recipient of a five-year faculty appointment as a resident Professor in the Practice (Bagley's status beginning in 2008). The record makes it clear that before Bagley's status could be changed from one to the other, the Faculty BPO and the Dean had to go through the rather elaborate voting and appointive process which culminated in Dean Garstka's April 8, 2008 letter to Bagley appointing her as a Professor in the Practice. That action changed Bagley's situation on the faculty in fundamental respects, and for the first time caused her to be similarly situated in material respects with other Professors in the Practice. Events occurring in 2007 fall outside the parameters of the December 14 Ruling.

It follows that the discoverable period, with respect to applications for reappointment by or reappointments of Yale SOM Professors in the Practice, is 2008-2013. The December 14 Ruling means what it says in its concluding paragraphs. In her present motion for clarification, Bagley professes to be confused by an earlier observation in the December 14 Ruling that "counsel will have no difficulty identifying which of the eight PiPs designated by Bagley were granted reappointment by Yale *during the time of Bagley's employment*." 2015 WL 8750901, at *5 (emphasis added). While Bagley was indeed employed by Yale as a one-year visiting associate professor during 2007, one would think the Ruling's discussion following the emphasized phrase made it plain that the phrase means "during the time of Bagley's employment *as a PiP*." The Ruling's conclusion, stated with what seems to its author to be sufficient clarity, is that both Bagley and another faculty member must have been Professors in the Practice for that other individual to be a comparator of Bagley's in the context of reappointment procedures.

In consequence, the Court rejects Bagley's proposed Order and adheres to the December 14 Ruling, which requires immediate production by Yale of the specified documents generated by SOM Professors in the Practice applying for or receiving reappointment at any time during the years of 2008 through 2013.

For the foregoing reasons, Plaintiff's motion to clarify the December 14 Ruling is DENIED.

It is SO ORDERED.

Dated:  New Haven, Connecticut
        December 28, 2015

                                        /s/ Charles S. Haight, Jr.
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge.