UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANCE BAGLEY | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13 CV 1890 (CSH) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, DOUGLAS RAE, | : | |
| EDWARD SNYDER and ANDREW | : | |
| METRICK, Individually | : | FEBRUARY 9, 2016 |
| | : | |
| Defendants | : | |

## MOTION TO COMPEL

The defendants hereby move to compel the plaintiff's deposition. During a telephonic status conference with the Court on February 5, 2015, plaintiff's counsel indicated that they will seek to prevent the defendants from deposing the plaintiff. For the reasons stated herein, the plaintiff should be ordered to appear for a deposition at a time that is mutually convenient to the parties and counsel.

Plaintiff's counsel asserted untimeliness as the reason that the defendants should be precluded from deposing the plaintiff. This claim is completely contrived and subjective. The Court has not yet imposed any deadline, specific to this case, as to the completion of depositions. While the parties submitted a Rule 26(f) Report of Parties' Planning Meeting (see Docket No. 23), they were unable to reach an agreement as to discovery deadlines. The plaintiff proposed November 15, 2014 for the completion of all discovery (unless the defendants elected not to file any dispositive motions, in which case the deadline would be January 15, 2015). The defendants,

on the other hand, proposed April 20, 2015 for the completion of all discovery. (See Docket No. 23.) Neither proposal was endorsed by the Court. Furthermore, the plaintiff has continued to conduct discovery following the latest of the proposed deadlines. Specifically, the plaintiff has deposed 14 witnesses following the April 20, 2015 discovery deadline proposed by the defendants: Anne Alstott, James Baron, Judy Chevalier, Camille Costelli, Michael Della Rocca, Sheril Frano, Stanley Garstka, Barry Nalebuff, Edieal Pinker, Frances Rosenbluth, Peter Salovey, Ian Shapiro, William Sledge, and Arthur Swersey. The plaintiff also filed a production request after this time, on November 17, 2015. Therefore, even if the court had adopted the defendants' proposal of April, 20, 2015 as the discovery deadline in this case, the plaintiff has continued to conduct discovery following that deadline, and should not now be heard to complain that the defendants also seek to depose the plaintiff following such deadline.

The defendants have spent a considerable amount of time in this litigation responding to the plaintiff's discovery demands. The plaintiff has now deposed 21 individuals, all of whom were employees of Yale University. These depositions required substantial commitments of time to schedule, prepare for and attend. The plaintiff has also served 52 production requests on the defendants, 23 production requests in connection with the depositions of Yale employees and has required Yale to search the electronically stored information ("ESI") of ten Yale custodians, including the individual defendants, covering the period from January 1, 2007 to the present, using 25 different search terms. The defendants have produced in excess of 58,000 pages of documents in compliance with the plaintiff's extensive discovery demands. The time commitment required in order to comply with the plaintiff's discovery demands made it difficult

to schedule the plaintiff's deposition and prepare to question her regarding her 41 page, 230 paragraph complaint. (See Docket No. 129.) Now that the plaintiff appears to have completed her witness depositions, the defendants would like to move forward with the plaintiff's deposition. Plaintiff's counsel has also never suggested that they needed the plaintiff's deposition to be completed by a certain date and it was reasonable for the defendants to wait until the plaintiff concluded her depositions before deposing the plaintiff. While the plaintiff may have preferred that her deposition took place at an earlier time, this alone is not reason to now preclude her deposition from going forward.

The defendants have a right to depose the plaintiff. The Federal Rules of Civil Procedure allow a party, by oral questions, to "depose any person, including a party, without leave of court[.]" Fed. R. Civ. P. 30(a)(1). See also Huggins v. N.C. Dep't of Admin., 2012 U.S. Dist. LEXIS 79226, *4, 2012 WL 2061943 (E.D.N.C. June 7, 2012); Diaz v. Vigil, 2007 U.S. Dist. LEXIS 11709, *4, 2007 WL 427122 (E.D. Cal. Feb. 6, 2007). Having asserted claims against the defendants, the defendants must now be permitted to question the plaintiff regarding those claims so that they may properly defend themselves at trial. While "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), the defendants' deposition of the plaintiff does not satisfy this standard. Requiring the plaintiff to sit for a deposition at this stage of the litigation does not demonstrate "annoyance, embarrassment, oppression, or undue burden or expense." A trial date has not yet been scheduled in this case and the plaintiff will suffer no prejudice if she is now required to appear for a deposition.

The plaintiff should also be required to appear for a deposition as it will help to move this case forward. At the plaintiff's request, the defendants agreed to mediate this case and a date had been scheduled for April 18, 2016. Because the parties were unable to agree to a date for the plaintiff's deposition prior to April 18, 2016, the defendants have been required to cancel the mediation. The reason for this is that the company providing insurance coverage for the defendants has indicated it is not willing to discuss settlement until the plaintiff has been deposed. The defendants remain interested in mediating this case provided that they are permitted to first depose the plaintiff and have sufficient time to obtain the transcript and incorporate the plaintiff's deposition testimony into their mediation statement.

Therefore, as the defendants have not been untimely in their attempt to depose the plaintiff, and the plaintiff will not suffer any prejudice if now required to sit for a deposition, the present motion should be granted.

THE DEFENDANTS
YALE UNIVERSITY, DOUGLAS RAE,
EDWARD SNYDER and ANDREW
METRICK, Individually

BY:   /s/ Patrick M. Noonan  (#ct00189)
Patrick M. Noonan
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan