UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANCE BAGLEY | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13 CV 1890  (CSH) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, DOUGLAS RAE, | : | |
| EDWARD SNYDER and ANDREW | : | |
| METRICK, Individually | : | FEBRUARY 29, 2016 |
| | : | |
| Defendants | : | |

**<u>DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL</u>**

The defendants hereby submit the following reply memorandum in further support of their February 9, 2015 Motion to Compel the plaintiff's deposition.

**I.     The Plaintiff's Opposition Fails To Set Forth Any Basis, Either In Law Or In Fact, For The Preclusion Of The Plaintiff's Deposition.**

The plaintiff first argues that the defendants' Motion to Compel is procedurally improper because the defendants have not issued a notice of the plaintiff's deposition pursuant to Fed. R. Civ. P. 30(b)(1).  In this instance, however, there was no reason for the defendants to issue a notice of the plaintiff's deposition prior to the filing of the present motion.  During the February 5, 2016 status conference, plaintiff's counsel unequivocally stated that she would not permit the defendants to depose the plaintiff and would "move to quash" any attempt to do so.  Under these circumstances, therefore, where it is clear that the plaintiff would not submit to a deposition without a ruling from the Court, the issuance of a deposition notice would be a futile act that

would merely delay these proceedings. In addition, even assuming there is any merit to the plaintiff's procedural argument, it is now moot. As of this date, the defendants have issued a notice of the plaintiff's deposition to take place on April 29, 2016.

The plaintiff next argues that the defendants' Motion should be denied pursuant to Fed. R. Civ. P. 26(c)(1),[1] which provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …" The plaintiff's opposition, however, wholly fails to demonstrate any "annoyance, embarrassment, oppression, or undue burden or expense" that would result from the defendants proceeding with her deposition. The only reasons advanced by the plaintiff as to why she should not have to be deposed are (1) her dissatisfaction with the pace at which discovery has proceeded and (2) her dissatisfaction with the fact that the defendants' could not proceed with a private mediation without first obtaining her deposition testimony. Pursuant to Fed. R. Civ. P. 26(c)(1), neither reason advanced by the plaintiff provides a basis for preventing the defendants from taking her deposition. Indeed, a deposition may promote a resolution of this case, since the defendants' insurer has indicated that it will not participate in mediation until the plaintiff has been deposed.

---

[1] Plaintiff also references Fed. R. Civ. P. 26(b)(2)(C)(ii), which permits a court to limit the frequency or extent of discovery if it determines that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." This provision is inapplicable to the present dispute. This provision does not impose a time constraint; that is the purpose of a scheduling order. Rather, this provision seeks to prevent discovery from taking place in piecemeal fashion. See Kinetic Concepts, Inc. v. Convatec Inc., 268 F.R.D. 255, 263, 2010 U.S. Dist. LEXIS 50459, *28 (M.D.N.C. 2010) (Defendant sought a protective order as to one of the topics set forth in a Fed. R. Civ. P. 30(b) (6) deposition, which concerned the basis for the defendant's affirmative defenses. The court granted motion because, *inter alia*, plaintiffs "fail[ed] to explore this issue earlier, such as when they served other contention interrogatories.") As there is no substitute for the direct questioning of the plaintiff, therefore, any discovery that has already taken place in this action does not constitute an "ample opportunity" to obtain information.

As to the first point, while it is true that the discovery phase of this litigation has been time consuming, the reason for this is the breadth of the plaintiff's discovery demands. As the defendants have previously described, the plaintiff has deposed 21 individuals (all of whom were employees of Yale University), served 52 production requests on the defendants, served an additional 23 production requests in connection with the depositions of Yale employees, and has required Yale to search the electronically stored information ("ESI") of ten Yale custodians, including the individual defendants, covering the period from January 1, 2007 to the present, using 25 different search terms. The defendants have reviewed the equivalent of 2.8 million pages of emails from which they have produced in excess of 58,000 pages of documents in compliance with the plaintiff's excessive discovery demands. Despite the plaintiff's contention of purposeful delay on the part of the defendants, the actual reason for the length of discovery is that it has required an excessive amount of time and effort to comply with the plaintiff's demands. Despite the fact that the vast majority of the documents produced have been entirely irrelevant to this dispute (although responsive to the plaintiff's discovery requests), plaintiffs' counsel has not moderated their demands; instead they increased them, most recently seeking records dating back to the early 1980's. The defendants intended to proceed with the plaintiff's deposition after the plaintiff completed conducting the numerous depositions that she demanded. The defendants should not now be penalized for acquiescing to the plaintiff's demands for production of documents and witness depositions before proceeding with the plaintiff's deposition.

More importantly, however, the length of time it has taken to complete discovery in this case is simply not relevant to the issue of whether the defendants should be permitted to depose

the plaintiff. The defendants are not in violation of any scheduling order, and the plaintiff does not dispute this point. Therefore, there can be no argument that the defendant's attempt to depose the plaintiff is not "late." Without a scheduling order, it would certainly be inequitable for the defendants to lose their right to depose the plaintiff on the ground that it is untimely, as they had no notice that the deposition needed to be completed at an earlier time. Permitting the defendants to depose the plaintiff also will not cause any delay in the resolution of this matter as a trial date has not yet been scheduled.[2] Even when a party is in violation of a scheduling order, courts permit depositions to proceed where, as here, it will not result it prejudice to the opposing party. See Pia v. Supernova Media, Inc., 2012 U.S. Dist. LEXIS 48742, *10 (D. Utah Apr. 5, 2012) ("[T]he court agrees with Defendants' assertion that Movants could have sought to take those depositions much earlier in this case. However, Defendants have failed to demonstrate that they will suffer prejudice if the depositions are allowed to go forward after the fact discovery deadline has expired. Furthermore, *full discovery often facilitates resolution of cases when the parties are more fully informed about all the relevant facts*.")(emphasis supplied); Erection Co. v. Archer W. Contrs., LLC, 2013 U.S. Dist. LEXIS 159029, *7, 2013 WL 5954681 (D. Nev. Nov. 6, 2013) ("allowing a single deposition to occur soon after the expiration of the discovery deadline will not prejudice [plaintiff].").

The plaintiff's dissatisfaction with the fact that the defendants were required to cancel a proposed private mediation is also irrelevant to the issue of whether the defendants should be

---

[2] The plaintiff references undersigned defense counsel's cross-examination of her at the preliminary injunction hearing as a representation that this case would be tried within nine months to a year from that time. Undersigned defense counsel made no such representation, nor could he. The Court, not counsel, determines the trial date.

permitted to depose the plaintiff. The mediation was cancelled because the plaintiff refused to submit to a deposition in time for the April 18, 2016 mediation. The mediation was scheduled privately by the parties. The defendants were under no obligation to submit to a private mediation, nor was mediation a necessary step in order to advance to trial of this case. The defendants' decision to not engage in a voluntary mediation as a result of plaintiff's refusal to submit to a deposition does not constitute a basis for depriving the defendants of necessary discovery. In this regard, it is telling that the plaintiff has not cited a single case to support this proposition. It should be noted, however, that the defendants remain interested in mediating this case provided that they are permitted to first depose the plaintiff and have sufficient time to obtain the transcript and incorporate the plaintiff's deposition testimony into their mediation statement. The defendant's insurer has indicated that it will not participate in a mediation without first obtaining the deposition of the plaintiff.

The plaintiff fails to cite a single case where, despite there being no scheduling order violation and no trial date scheduled, a defendant has been prohibited from deposing a plaintiff. In fact, the plaintiff has not cited a single case where a court, under any circumstances, has precluded a party's deposition. The case law cited by the plaintiff is inapposite. <u>Joseph v. Sikorsky Aircraft</u>, No. 3:14CV00424(AWT), 2015 WL 5304177 (D.Conn. Sept. 9, 2015), involved the plaintiff's failed attempt to compel responses to production requests where the motion was filed after discovery had been closed as to all but certain previously delineated matters; the plaintiff failed to address the production requests in an earlier motion to compel, despite the ability to do so; and, at the oral argument on the earlier motion to compel, plaintiff's

5

counsel misrepresented that there were no other outstanding issues related to document discovery. In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 69-70 (2d. Cir. 2003), on the other hand, involved the plaintiff's attempt to depose the defendants' attorney. This issue was rendered moot, however, when the attorney consented to the deposition.

Ultimately, the plaintiff's only argument for precluding the defendants from taking her deposition is her personal belief that the deposition should have been completed already. That is not a sufficient reason to impose such a discovery sanction. Fed. R. Civ. P. 26(C)(1) permits the preclusion of discovery only when it is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" The plaintiff's completely subjective belief that her deposition should have taken place at an earlier time does not satisfy this standard, nor has the plaintiff demonstrated that she would be harmed in any way by submitting to a deposition at some time in the near future. "The deposition-discovery regime set out by the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts [need not] be carried on in the dark." Friedman, supra, 350 F.3d at 69 (internal quotation marks omitted), citing Schlagenhauf v. Holder, 379 U.S. 104, 114-15, 13 L. Ed. 2d 152, 85 S. Ct. 234 (1964), Hickman v. Taylor, 329 U.S. 495, 501, 507, 91 L. Ed. 451, 67 S. Ct. 385 (1947). In this case, where the defendants are not in violation of a scheduling order, trial has not yet been scheduled, and the plaintiff has been unable to identify any potential harm, the defendants should

not be deprived of their right to depose plaintiff so that the trial of this matter need not be carried on in the dark.[3]

## II.     Plaintiff's Request For Attorney's Fees And Costs Should Be Denied.

The plaintiff seeks an award of attorney's fees and costs associated with the time spent scheduling the private mediation and for her deposition.  The plaintiff provides no citation to authority, or even an explanation, in support of this request.  The plaintiff has failed to demonstrate that the defendants acted in bad faith in cancelling the private mediation.  Indeed, the defendants have repeatedly explained that they remain interested in mediating this case, but first require the plaintiff's deposition testimony.  This seems a reasonable request, considering that the plaintiff has conducted 21 depositions and received more than 58,000 pages of discovery material before finally agreeing to a mediation.  There is also no reason why the plaintiff should be reimbursed her fees and costs for her deposition simply because it did not take place at an earlier time.

## CONCLUSION

Therefore, for the reasons discussed herein, as well as those advanced in the defendants' opening brief, the Motion to Compel should be granted and the plaintiff should be ordered to appear for a deposition at a time that is mutually convenient to the parties and counsel.

---

[3] In the event the Court grants the defendants' Motion, the plaintiff has suggested dates in March for her deposition.  However, undersigned defense counsel is not available on these dates due to previously scheduled depositions, a one week vacation and a trial in another matter that begins on March 22, 2016.  It is not necessary, however, for the Court to set a specific date for the plaintiff's deposition.  Plaintiff's counsel and defense counsel have been able to successfully schedule 21 depositions in this case without asking the Court to set a date.  There is no reason to believe that they will not also be able to schedule the plaintiff's deposition.

                                              THE DEFENDANTS
                                              YALE UNIVERSITY, DOUGLAS RAE,
                                              EDWARD SNYDER and ANDREW
                                              METRICK, Individually


                                 BY:___/s/ Patrick M. Noonan  (#ct00189)___
                                              Patrick M. Noonan
                                              Donahue, Durham & Noonan, P.C.
                                              741 Boston Post Road
                                              Guilford, CT 06437
                                              (203) 458-9168


### **CERTIFICATION**

     I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


                                                        _____/s/_____
                                                           Patrick M. Noonan