UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANCE BAGLEY | : | |
| | : | |
|    Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:13 CV 1890  (CSH) |
| vs. | : | |
| | : | |
| YALE UNIVERSITY, DOUGLAS RAE, | : | |
| EDWARD SNYDER and ANDREW | : | |
| METRICK, Individually | : | MARCH 23, 2016 |
| | : | |
|    Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

The defendants, Yale University ("Yale"), Douglas Rae, Edward Snyder and Andrew Metrick, hereby submit the following memorandum of law in support of their motion to compel responses to their First Set of Interrogatories and Second Request for Production of Documents, and further to compel additional information regarding the plaintiff's assertion of the attorney-client privilege as to certain email communications.

    **1.**    **Interrogatory No. 23 and Request for Production No. 4: Treatment Records Related To Plaintiff's Claim Of Emotional Distress.**

The defendants seek information related to the plaintiff's medical treatment for her claimed emotional distress. Specifically, at issue are the following discovery requests:

> **Interrogatory No. 23:** If you are claiming damages for any physical, emotional or mental illness or distress, identify by name, address and telephone number each doctor, nurse, social worker, psychiatrist, psychotherapist, psychologist, or other clinician with whom you have treated, consulted or been evaluated at any point in your life for any psychological, psychiatric or emotional condition

>or illness and describe the conditions which led you to consult with each such individual and supply a HIPAA-compliant release authorizing defense counsel to obtain all medical reports and records relating to any such treatment, evaluation or consultation.

>**Production Request No. 4:** If you are claiming physical, emotional or mental injury or illness as a result of any of the defendants' conduct, provide a medical authorization in the form attached hereto.

The plaintiff has objected to both of the above requests, citing her physician-patient privilege. (See Ex. A, Plaintiff's Responses to First Set of Interrogatories; Ex. B. Plaintiff's Supplemented and Corrected Responses to Second Request for Production of Documents.)

The plaintiff alleges a claim of emotional distress damages. (See Plaintiff's April 3, 2015 First Amended Complaint, Prayer for Relief, § A.) Therefore, because the plaintiff's mental condition is at issue, Conn. Gen. Stat. § 52-146f(5) specifically allows for the disclosure sought here. This statutory provision states, in pertinent part:

>Consent of the patient shall not be required for the disclosure or transmission of communications or records of the patient in the following situations as specifically limited:
>
>…
>
>(5) Communications or records may be disclosed in a civil proceeding in which the patient introduces his mental condition as an element of his claim … and the court or judge finds that it is more important to the interests of justice that the communications be disclosed than that the relationship between patient and psychiatrist be protected.

Conn. Gen. Stat. § 52-146f(5).

"District Courts of the Second Circuit have long recognized that the protection of the psychotherapist-patient privilege is waived when a plaintiff puts his or her mental condition at issue in the case." Green v. St. Vincent's Med. Ctr., 252 F.R.D. 125, 127 (D. Conn. 2008) (Smith, J.) (holding that plaintiff waived psychotherapist-patient privilege by putting her mental condition at issue). "[W]aiver may be implied in circumstances where it is called for in the interests of fairness … Thus, when a party puts his or her mental state at issue, his or her opponent has a right to conduct an inquiry into communications between psychotherapist and patient." Jacobs v. Conn. Cmty. Tech. Colleges, 258 F.R.D. 192, 195 (D. Conn. 2009) (citations omitted; internal quotation marks omitted). In Jacobs, which involved claims of Title VII discrimination on the basis sex and sexual orientation, the court determined that the plaintiff put his emotional state at issue by disclosing some details of his psychiatric treatment in his discovery responses. Id. at 197. This Court has also addressed this issue. See Brandenberg v. El Al Israel Airlines, 79 F.R.D. 543, 546 (S.D.N.Y. 1978) (Haight, J.) (psychiatric examination of plaintiff appropriate under Rule 35(a) in tort action where plaintiff seeking recovery of damages for mental and psychiatric injuries).

The Connecticut state courts also routinely order the disclosure of psychiatric treatment records and communications where -- similar to the present case -- a plaintiff has put his or her mental condition in issue. See Staffey v. Hocurscak, 1996 WL 62734 (Conn. Super. Ct. Feb. 1, 1996) (Thim, J.) (where plaintiff sought compensation for mental anguish and emotional injuries, she placed her mental health in issue and her mental health records were discoverable); Schweitzer v. Aidinis, 2004 WL 886915 (Conn. Super. Ct. April 7, 2004)

(Adams, J.) (privilege was not available to the defendants since psychological and psychiatric conditions were an element of his defense); Flokos v. Pilot Corp. of America, 1997 WL 434001 (Conn. Super. Ct. July 22, 1997) (plaintiff's claim for depression after accident permitted the disclosure of privileged material); Chalikis v. Zucker, 2006 WL 2730352 (Conn. Super. Ct. Sept. 5, 2006) (Jennings, J.) (loss of consortium claim placed mental health in issue and made psychiatric records discoverable, even where they made references to third-parties not involved in the lawsuit); Levine v. Diaz, 2003 WL 22962500, 36 Conn. L. Rptr. 137 (Dec. 4, 2003) (Moran, J.) (plaintiff's claim that she suffered headaches and lack of the usual pleasures of life placed her mental and psychological condition at issue).

Records relating to the plaintiff's mental condition will be used solely for the purposes of this litigation and will not be shared with anyone other than the parties, their counsel, and, if necessary, expert witnesses. This minimal intrusion on the plaintiff's privacy interest in her psychiatric treatment records is necessary for the defense of the claims she has asserted and is the type of disclosure contemplated by Conn. Gen. Stat. 52-146f(5). The defendants require this information in order to evaluate whether, and to what extent, the plaintiff has suffered emotional distress as a result of the alleged events, as well as whether there are other contributing factors. As such, the defendants' motion to compel these records should be granted. In the alternative, if the plaintiff agrees to remove her claim for emotional distress damages, the defendants will agree not to pursue these discovery requests.

**2.     Interrogatory Nos. 3 and 8**

Interrogatory Nos. 3 and 8 state as follows:

> 3.     Explain in detail the basis for the allegation in paragraph 17 of your Complaint that then-Dean Joel Podolny gave you a "promise of a multi-year renewal," including without limitation each fact upon which you rely concerning this allegation, each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to this allegation.
>
> 8.     Explain in detail the basis for the allegation in paragraph 40 of your Complaint that you had "other opportunities [you] had been considering at the time [you were] recruited by Yale," including a complete description of the nature of each of these alleged opportunities, including without limitation each institution which offered you employment, the terms of each offer, the person communicating each offer to you, and a listing of every document which supports, contradicts or relates to this allegation.

The plaintiff responds to Interrogatory No. 3 by generally referring the defendants to her testimony at the preliminary injunction hearing. (See Ex. A, p. 4.) As to Interrogatory No. 8, the plaintiff again generally refers to her testimony, and also generally refers the defendants to prior discovery responses. (See Ex. A, p. 9.) These responses are inadequate. While a responding party may refer to a business record in responding to an interrogatory, see Fed. R. Civ. P. 33(d), the Federal Rules do not allow for general references to prior testimony or discovery responses. In addition, when a business record is referenced in responding to an interrogatory, it must be specified "in sufficient detail…" Fed. R. Civ. P. 33(d). Even if prior

testimony could be considered a business record under Fed. R. Civ. P. 33(d), a general reference to two days of testimony does not satisfy the specificity requirement of this rule.

As the interrogatories at issue relate directly to allegations contained in the plaintiff's complaint, there can be no question that they seek relevant and discoverable information. The plaintiff should therefore be ordered to provide a complete response to Interrogatory Nos. 3 and 8.

### 3. Interrogatory Nos. 21 and 22: Plaintiff's Mitigation of Damages and Damages Claim.

Interrogatory Nos. 21 and 22 state as follows:

21. Describe in detail your efforts, if any, to obtain employment after you became aware of the outcome of the May 7, 2012 BPO vote, including a listing of each employer from whom you sought employment, the dates you sought employment, whether you were offered a position, the compensation offered, a listing of every document evidencing your search for employment and a listing of all compensation earned since leaving Yale's employment.

22. Describe in detail each item of economic and non-economic damage you claim to have suffered as a result of the defendants' actions, and as to each such item identify by name, address and telephone number each person who has knowledge concerning each item of damage, describe in detail the amount of each item of economic loss you are claiming and the method by which you have calculated each item of economic loss, including without limitation each fact upon which you rely concerning this calculation, each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to your claim for damages.

The plaintiff's responses to these interrogatories do not contain sufficient detail. As to Interrogatory No. 21, the plaintiff has merely provided a list of schools to which she has applied. (See Ex. A, pp. 22-23.) The defendants have also asked for factual details, such as dates, offers, offered compensation, and a listing of all compensation earned since leaving Yale. The plaintiff has completely ignored this aspect of the request. This interrogatory unquestionably seeks relevant information, as it relates directly to the issue of mitigation of damages. As this is necessary information to assess the plaintiff's mitigation of damages, it is not overbroad. Finally, the information responsive to this interrogatory should be readily available to the plaintiff, and thus it is not unduly burdensome.

Interrogatory No. 22 seeks a detailed description of each item of claimed economic and non-economic damage that the plaintiff claims to have suffered. In response, the plaintiff merely restates the general categories of damages set forth in her claim for relief. (See Ex. A, pp. 23-24.) The plaintiff's response contains no damages calculation and no dollar amounts for the various categories of economic damages she claims. In order to properly assess and respond to the plaintiff's damages claim, the defendants are entitled to know the amount of economic damages the plaintiff claims, as well as the calculations used to arrive at such figure. As this request relates directly to her claim of damages, it is unquestionably within the proper scope of discovery.

The plaintiff should therefore be ordered to provide a complete response to Interrogatory Nos. 21 and 22.

### 4. Email Communications Withheld On The Basis Of The Attorney-Client Privilege.

On November 24, 2015, the plaintiff provided the defendants with a privilege log in connection with her discovery responses. (Copy attached as Exhibit C.) This privilege log indicates that the plaintiff has withheld, on the basis of the attorney-client privilege, email communications with individuals other than her counsel in this litigation. Specifically, the plaintiff has withheld email communications with the following individuals: Elizabeth Smith Mao, Stephen Hudspeth, Cindy Miller, Dana McGee, and Judith Resnik.

The Second Circuit has held that a party invoking the attorney-client privilege must show: (1) a communication between client and counsel, (2) that was intended to be kept confidential and was in fact kept confidential, and (3) that was made for the purpose of obtaining or providing legal advice. In re County of Erie, 473 F.3d 413, 419 (2d Cir. 2007). Moreover, the privilege is construed narrowly because it renders otherwise relevant information undiscoverable. Fisher v. United States, 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976). See also Pagano v. Ippoliti, 245 Conn. 640, 649, 716 A.2d 848 (1998) ("The attorney-client privilege applies to communications: (1) made by a client; (2) to his or her attorney; (3) for the purpose of obtaining legal advice; (4) with the intent that the communication be kept confidential.") "The burden of establishing the attorney-client privilege, in all its elements, always rests upon the person asserting it." United States v. Schwimmer, 892 F.2d 237, 244 (2d Cir. N.Y. 1989).

The information provided in the plaintiff's privilege log is insufficient to determine whether the plaintiff established an attorney-client relationship with the above individuals or

8

whether the communications at issue were for the purpose of obtaining or providing legal advice. "An attorney-client relationship is established when the advice and assistance of the attorney is sought and received in matters pertinent to his profession." Matthews v. Lynch, 2009 U.S. Dist. LEXIS 68591, *9-10, 2009 WL 2407363 (D. Conn. Aug. 6, 2009) (Fitzsimmons, J.), quoting DiStefano v. Milardo, 276 Conn. 416, 422, 886 A.2d 415 (2005). Furthermore, a communication is not privileged simply because it is made by or to a person who happens to be a lawyer. Where a person seeks nonlegal advice from a lawyer, the communication lacks a legal context and therefore fails to meet the criteria for the application of the attorney-client privilege. See Matthews, 2009 U.S. Dist. LEXIS 68591 at *9-10. See also U.S. v. Evans, 113 F. 3d 1457 (7th Cir. 1997) (privileged communications must come from a legal advisor acting in his or her professional capacity rather than a "long-time friend who happens to be a lawyer during [the] interactions.")

      The defendants therefore request that the plaintiff be ordered to provide additional support for her assertion of the attorney-client privilege as to her communications with Elizabeth Smith Mao, Stephen Hudspeth, Cindy Miller, Dana McGee, and Judith Resnik. Specifically, the defendants seek to obtain information as to whether these individuals are licensed to practice law, whether the plaintiff entered into a retainer agreement or other contract with these individuals, whether the plaintiff paid legal fees to these individuals, and the general subject matter of the advice or assistance sought. The defendants request this information so that they may better assess the applicability of the attorney-client privilege.

**CONCLUSION**

For the reasons stated herein, the defendants' Motion to Compel should be granted, and the plaintiff ordered to comply with Interrogatory Nos. 3, 8, 21, 22, 23 and Request for Production No. 4.  The defendants further request that the plaintiff be ordered to provide additional support for her assertion of the attorney-client privilege as to her communications with Elizabeth Smith Mao, Stephen Hudspeth, Cindy Miller, Dana McGee, and Judith Resnik.

        THE DEFENDANTS
        YALE UNIVERSITY, DOUGLAS RAE,
        EDWARD SNYDER and ANDREW
        METRICK, Individually


BY:   /s/ Patrick M. Noonan  (#ct00189)
        Patrick M. Noonan
        Donahue, Durham & Noonan, P.C.
        741 Boston Post Road
        Guilford, CT 06437
        (203) 458-9168

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan