# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CONSTANCE E. BAGLEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. 3:13-cv-01890 |
| | ) |
| YALE UNIVERSITY, DOUGLAS | ) |
| RAE, EDWARD SNYDER, AND | ) |
| ANDREW METRICK, Individually. | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S RESPONSES TO THE DEFENDANTS'
### FIRST SET OF INTERROGATORIES

Plaintiff Constance E. Bagley ("Plaintiff" or "Professor Bagley"), by and through her

undersigned counsel, hereby responds to the Defendants First Set of Interrogatories dated

September 11, 2015.

### GENERAL OBJECTIONS

Professor Bagley incorporates the following objections into each and every response

contained herein in addition to the specific objections stated in response to each specific

interrogatory. None of the following objections is waived by reason of any response given

herein.

1.      Professor Bagley objects to each and every definition, instruction, and

interrogatory contained in the Interrogatories insofar as each purports to define words beyond

their common meaning and understanding and/or impose any burdens or obligations on her that

are beyond those imposed by the Federal Rules of Civil Procedure. Professor Bagley's

responses to these interrogatories do not constitute acquiescence or agreement to any definition

1

proposed by the Defendants.

2.      Professor Bagley objects to the Interrogatories to the extent they seek the discovery of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege, doctrine or immunity recognized by statute, the Federal Rules of Civil Procedure and/or case law thereunder.  In the event that Professor Bagley reveals any such protected information, such disclosure is inadvertent and is not intended to constitute a waiver of any privilege, doctrine or immunity.

3.      Professor Bagley objects to each and every Interrogatory to the extent it seeks the disclosure of confidential and private information of Professor Bagley.

4.      Professor Bagley reserves the right to supplement, amend or otherwise change these Responses in the event that facts that would justify such supplement, amendment or change are revealed during the course of this litigation.

5.      By identifying a document in response to an Interrogatory, Professor Bagley does not admit that the document is free of information that is privileged or immune from discovery, nor does she waive her right to withhold any portion of the document that is privileged or immune from discovery.

6.      By identifying a document, Professor Bagley does not admit that the document is relevant or admissible at a hearing or trial of this action, e.g., as coming within an exception to the hearsay rule, Fed. R. Evid. 802.

7.      Professor Bagley objects to any Interrogatory to the extent it seeks information that is at least equally available to the Defendants, including through public sources or records.

8.      Professor Bagley objects to each Interrogatory to the extent that it seeks a legal conclusion.  Professor Bagley's responses shall incorporate matters of fact only.  None of

Professor Bagley's responses shall be construed as stating or implying a conclusion of law concerning the matters referenced in any interrogatory.

9.     Professor Bagley objects to these Interrogatories to the extent that they are compound or asking multiple questions in an attempt to evade the limit of interrogatories imposed by Rule 33 of the Federal Rules of Civil Procedure.

10.     Professor Bagley responds to these Interrogatories insofar as she currently understands them.  If the Defendants later assert an interpretation that differs from Professor Bagley's understanding, Professor Bagley reserves the right to supplement, amend, and/or modify her responses including the right to interpose additional objections.

Subject to these general objections, and subject to the specific objections made to the Interrogatories below, Professor Bagley responds as follows:

## INTERROGATORIES

**Interrogatory No. 1:** Identify the person(s) who answered each of these Interrogatories and any and all persons who assisted in the answering each of these Interrogatories.

**Answer to Interrogatory No. 1:**

Professor Bagley answered these interrogatories, with assistance from her counsel.

**Interrogatory No. 2:** Identify all persons whom you expect to call as an expert witness at trial, and for each such person state the person's qualifications and field of expertise, the subject matter on which the person is expected to testify, and the substance of all facts and opinions about which you expect each such person to testify; and provide a detailed summary of the grounds for each opinion along with all documents upon which the person relied or is expected to rely in formulating or justifying his or her opinions.

**Answer to Interrogatory No. 2:**

Professor Bagley objects to this request as premature.  Subject to and without waiving the foregoing objection, Professor Bagley will reasonably supplement her response should she decide to call anyone as an expert witness at trial, at which time she will provide expert

3

disclosures in accordance with the Court's procedural orders and the Federal Rules of Civil Procedure.

**Interrogatory No. 3:** Explain in detail the basis for the allegation in paragraph 17 of your Complaint that then-Dean Joel Podolny gave you a "promise of a multi-year renewal," including without limitation each fact upon which you rely concerning this allegation, each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to this allegation.

**Answer to Interrogatory No. 3:**

Professor Bagley objects to this Interrogatory to the extent it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine. Professor Bagley further objects to this Interrogatory on the grounds that it is overly broad, harassing, and unduly burdensome. Professor Bagley also objects to the extent the Defendants are already in possession of this information.

Professor Bagley refers the Defendants to her testimony from the preliminary injunction hearing held on December 8, 2014 and December 9, 2014, as well as the testimony given by former Dean Joel Podolny on December 9, 2014.

The following individuals, among others, should have knowledge of these facts: Joel Podolny, Elizabeth Smith Mao, Stanley Garstka, and James Baron. As discovery is ongoing, Professor Bagley reserves the right to supplement her response in the event information is uncovered through discovery which suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 4:** List each lie you claim was told about you by Douglas Rae, and explain in detail the basis for the allegation in paragraph 21 of your Complaint that Douglas Rae "told lies

about [your] performance and capabilities," including without limitation each fact upon which you rely concerning this allegation, each person who has any knowledge of each such fact, each person present when each alleged lie was stated, and provide a listing of every document which supports, contradicts or relates to this allegation.

**Answer to Interrogatory No. 4:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome.  Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.  Professor Bagley also objects to this Interrogatory to the extent the Defendants, and particularly Defendant Douglas Rae, are already in possession of this information.

Subject to and without waiving the foregoing objections, on or about May 2, 2012, Defendant Rae represented to Defendant Metrick, Defendant Snyder, Camille Costelli, and Geert Rouwenhorst that Professor Bagley missed certain State and Society class sessions without prior notice.  On at least one other occasion, he made representations that Professor Bagley was unresponsive and uncooperative.  During his interview with the Harte Committee, on October 10, 2012, Defendant Rae told the Committee Professor Bagley was "delusional,"  Upon information and belief, Defendant Rae told members of the Board of Permanent Officers that Professor Bagley was responsible for a "meltdown" of the State & Society course.

The following individuals, among others, should have knowledge of these facts: Douglas Rae, Stanley Garstka, Sharon Oster, James Baron, Elizabeth Smith Mao, Paul Bracken, Ian Ayers, Andrew Metrick, Edward Snyder, Camille Costelli, Geert Rouwenhorst, Verity Harte, Anne Alstott, Paula Blanchette, Margaret Clark, William Sledge, and John Wargo.  Professor Bagley reserves the right to supplement her response in the event information is uncovered through discovery that suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the

Defendants' First and Second Requests for Production of Documents, and the Defendants'

responses to her First and Second Request for Production of Documents.

**Interrogatory No. 5:** Explain in detail the basis for the allegation in paragraph 25 of your Complaint that you departed Yale with your "reputation in tatters" and that "relocation to another academic institution [is] virtually impossible," including without limitation each fact upon which you rely concerning this allegation, each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to this allegation.

**Answer to Interrogatory No. 5:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad,

vague, and unduly burdensome.  Professor Bagley further objects to this Interrogatory on the

grounds that it seeks information protected from disclosure by operation of the attorney-client

privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Professor Bagley joined the

Yale faculty after having worked in private practice and having taught numerous courses at

institutions including Stanford and Harvard.  She accepted an appointment as a Professor in the

Practice at the School of Management based on promises that she would earn multi-year

renewals, as long as she performed well.

Since the SOM decided not to renew her appointment, Professor Bagley has tried to

secure other employment at Yale and other academic institutions, but her efforts have proved

unsuccessful.  Her conversations with potential employers and applications she has submitted in

response to openings, including a one-year appointment as a lecturer at Quinnipiac University,

have not yielded any opportunities.

The following individuals, among others, should have knowledge of these facts: Joel

Podolny, Stanley Garstka, Elizabeth Smith Mao, Jessica Aldridge, Jo Handeslman, James Baron,

6

William S. Laufer (The Wharton School, University of Pennsylvania), Diane McFarlin

(University of Florida Levin College of Law), Robert Rhee (University of Florida Levin College

of Law), Beverly Earle (Bentley University), and Robert Thomas (University of Florida

Warrington School of Business).

Professor Bagley also directs the Defendants' attention to her responses to the

Defendants' First and Second Requests for Production of Documents, and the Defendants'

responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 6:** Explain in detail the basis for the allegation in paragraph 35 of your Complaint that the Yale Faculty Handbook "makes clear that the SOM Dean, Dean Podolny, had actual and apparent authority to make reappointment contingent solely on individual performance," and provide the precise section or sections of the Yale Faculty Handbook that you contend supports this allegation, including without limitation each fact upon which you rely concerning this allegation, each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to this allegation.

**Answer to Interrogatory No. 6:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad,

vague, and unduly burdensome.  Professor Bagley further objects to this Interrogatory on the

grounds that it seeks information protected from disclosure by operation of the attorney-client

privilege and work product doctrine.  Professor Bagley also objects to this Interrogatory on the

ground that it calls for a legal conclusion.

Subject to and without waiving the foregoing objections, Professor Bagley directs the

Defendants' attention to Section XI.B of the Faculty Handbook and paragraph 5 of former Dean

Joel Podolny's Affidavit.

The following individuals, among others, should have knowledge of these facts: Joel

Podolny, James Baron, and Stanley Garstka.  As discovery is ongoing, Professor Bagley reserves

7

the right to supplement her response in the event information is uncovered through discovery

which suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the

Defendants' First and Second Requests for Production of Documents, and the Defendants'

responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 7:** Explain in detail the basis for the allegation in paragraph 37 of your
Complaint that, at the time of your initial appointment, "it was represented to [you] that in Yale
SOM's history, there had never been a Professor in the Practice whose appointment had not
been renewed," including the identity of the person who made the referenced representation to you,
the date of the alleged representation, all persons present when the alleged representation was
made, and state each fact upon which you rely concerning this allegation, each person who has
any knowledge of each such fact and a listing of every document which supports, contradicts or
relates to this allegation.

**Answer to Interrogatory No. 7:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad,

vague, and unduly burdensome.  Professor Bagley further objects to this Interrogatory on the

grounds that it seeks information protected from disclosure by operation of the attorney-client

privilege and work product doctrine.

Subject to and without waiving the foregoing objection, Professor Bagley states that at or

around the time she was appointed as a Professor in the Practice, both Defendant Douglas Rae

and then-Dean Joel Podolny told her there had never been a Professor in the Practice whose

appointment had not been renewed. See Podolny Affidavit, at ¶ 4.

The following individuals, among others, should have knowledge of these facts: Joel

Podolny, Douglas Rae, Sharon Oster, Peter Salovey, Elizabeth Smith Mao, Andrew Metrick,

Frank Fabozzi, Jeffrey Garten, Stanley Garstka, Roger Ibbotson, Thomas Kolditz, Loretta

Mester, Rakesh Mohan, and Jeffrey Sonnenfield.  Professor Bagley reserves the right to

supplement her response in the event information is uncovered through discovery which suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 8:** Explain in detail the basis for the allegation in paragraph 40 of your Complaint that you had "other opportunities [you] had been considering at the time [you were] recruited by Yale," including a complete description of the nature of each of these alleged opportunities, including without limitation each institution which offered you employment, the terms of each offer, the person communicating each offer to you, and a listing of every document which supports, contradicts or relates to this allegation.

**Answer to Interrogatory No. 8:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objection, Professor Bagley directs the Defendants' attention to her testimony from the preliminary injunction hearing held on December 8, 2014 and December 9, 2014. Professor Bagley further states that the following individuals, among others, should have knowledge of these facts: Beverly Earle (Bentley University) and Carolyn Hotchkiss (Babson College).

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 9:** Explain in detail the basis for the allegations in paragraphs 50 through 54 of your Complaint that Douglas Rae "frequently publicly mocked and demeaned [you] as a woman," "appeared to harbor gender animus toward [you]," made "derogatory comments about [you], overstate[d] and elevate[d] his own contributions, and work[ed] to replace [your] ideas and course materials with his own," "treated [you] (by his demeanor, tone, and words) with open hostility and disrespect both inside and outside the classroom," and "block[ed] [your] access to the table with [your] copy of the teaching case and notes," including a complete description of each such incident, a listing of each fact upon which you rely concerning these allegations, a listing of each person who was present for each such incident and each person who has any knowledge of each such incident; and a listing of every document which supports, contradicts or relates to these allegations.

**Answer to Interrogatory No. 9:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome, and harassing. Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Professor Bagley states that over the course of co-teaching State and Society with Defendant Rae in Spring 2012, he treated her with open hostility and disrespect, even in terms of some of the mechanics of the classroom. On a number of occasions, he was unresponsive to Professor Bagley on matters involving the course, including exams and the distribution of responsibilities. At one point, when Professor Bagley went to Defendant Rae's office to discuss his decision to post a final examination before providing her an opportunity to give him her suggestions, Defendant Rae slammed his office door in her face. The incident was witnessed by Professor Rae's assistant, Camille Costelli, who, in 2011, reportedly also overheard Defendant Rae threaten to "blackball" Professor Bagley.

Defendant Rae also unilaterally changed the course syllabus and refused to give Professor Bagley advance access to certain teaching material as a means of preventing her from working with him to coordinate the co-teaching arrangement. His method of class presentation further

10

disadvantaged Professor Bagley.  Additionally, Defendant Rae made gendered comments in

Professor Bagley's presence, among other things, mocking women's voices.

In further response to this Interrogatory, Professor Bagley directs the Defendants'

attention to her Answer to Interrogatory No. 4.

The following individuals, among others, should have knowledge of these facts: Camille

Costelli, Paula Blanchette, Sheril Frano, Jessica Aldridge, James Baron, William Sledge,

Andrew Metrick, and Elizabeth Smith Mao.  Professor Bagley reserves the right to supplement

her response in the event information is uncovered through discovery which suggests that

additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the

Defendants' First and Second Requests for Production of Documents, and the Defendants'

responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 10:**      Explain in detail the basis for the allegation in paragraphs 56 and
58 of your Complaint that Camille Costelli "overheard Professor Rae in 2011 threatening to
'blackball' [you]," and "blackballed [you] as a potential candidate for the Nierenberg Chair,
including exactly when, where, and to whom Professor Rae made the alleged threat, how you
became aware of the alleged threat; and provide each fact upon which you rely concerning these
allegations; and provide a listing of each person who heard this alleged comment or has any
knowledge of the alleged comment and a listing of every document which supports, contradicts
or relates to these allegations.

**Answer to Interrogatory No. 10:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad,

vague, and unduly burdensome.  Professor Bagley further objects to this Interrogatory on the

grounds that it seeks information protected from disclosure by operation of the attorney-client

privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Professor Bagley states that in

or around April 2011, Camille Costelli, Defendant Rae's administrative assistant, told Professor

11

Bagley's assistant, Paula Blanchette, that she (Costelli) had overheard him threatening to "blackball" Professor Bagley after she informed him it was too late to change the book he had instructed her to assign to students.  In April 2012, Professor Bagley asked Defendant Dean Edward Snyder and Defendant Rae to consider her for a promotion to the Nierenberg Chair of Corporate Governance and/or an appointment as head of the Ira Millstein Corporate Governance Center.  As part of that process, Professor Bagley requested a meeting with Defendant Rae (chair of the Nierenberg Chair search committee) to discuss her candidacy, but he never met with her.

The following individuals, among others, should have knowledge of these facts: Andrew Metrick, James Baron, Shyam Sunder, and Stanley Garstka.  Professor Bagley reserves the right to supplement her response in the event information is uncovered through discovery which suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 11:**      Explain in detail the basis for the allegation in paragraph 59 of your Complaint that Edward Snyder made the statement that "he would bring in someone who would 'dominate' [you] if [you] continued to pursue the Chair," and the basis for your allegation that he was indicating that "the successful candidate would be male, and that [your] candidacy was being rejected based on [your] gender," including without limitation each fact upon which you rely concerning these allegations, each person who was present at the time of the alleged statement, each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to these allegations.

**Answer to Interrogatory No. 11:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome.  Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.

12

Subject to and without waiving the foregoing objections, Professor Bagley states that

Professor Ruth Aguilera of the University of Illinois at Urbana-Champaign applied for but was

not selected for the Nierenberg Chair position.  Professor Bagley questioned the search

committee's decision and the degree to which gender bias played a role.  After she learned

Professor Aguilera had not been selected, Professor Bagley applied.  Defendant Dean Snyder

responded angrily and, during a conversation on or around April 16, 2012, threatened to bring

someone in who would "dominate" her if she continued to pursue the position.  Professor Bagley

understood this to be a reference to a male candidate.

The following individuals, among others, should have knowledge of these facts: Andrew

Metrick, James Baron, Shyam Sunder, Arthur Swersey, Amy Wrzesniewski, Elizabeth Smith

Mao, and Ruth Aguilera.  Professor Bagley reserves the right to supplement her response in the

event information is uncovered through discovery which suggests that additional persons may

have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the

Defendants' First and Second Requests for Production of Documents, and the Defendants'

responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 12:**       Explain in detail the basis for the allegation in paragraph 66 of
your Complaint that Douglas Rae "desire[d] to harm [your] reputation and to remove [you] (not
him) from teaching the State & Society course, something he cynically hoped would cause [you]
harm, by setting the stage for non-renewal, as it did," including without limitation each fact upon
which you rely concerning this allegation, each person who has any knowledge of each such fact
and a listing of every document which supports, contradicts or relates to this allegation.

**Answer to Interrogatory No. 12:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad,

vague, and unduly burdensome.  Professor Bagley further objects to this Interrogatory on the

grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Professor Bagley restates her Answer to Interrogatory No. 4 and her Answer to Interrogatory No. 12. Professor Bagley also states that, as early as April 2012, the month before the Board of Permanent Officers voted to deny Professor Bagley's reappointment, Defendant Rae discussed having Professor Ian Shapiro replace Professor Bagley as a co-teacher of State and Society. In further answering, Professor Bagley directs the Defendants' attention to the testimony offered by Defendant Snyder at the preliminary injunction hearing on December 10, 2014.

The following individuals, among others, should have knowledge of these facts: Ian Shapiro, Andrew Metrick, Edward Snyder, Camille Costelli, Geert Rouwenhorst, Frances Rosenbluth, Verity Harte, Anne Alstott, Margaret Clark, William Sledge, John Wargo, Paul Bracken, Ian Ayers, and Stanley Garstka. Professor Bagley reserves the right to supplement her response in the event information is uncovered through discovery which suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 13:**      Explain in detail the basis for the allegation in paragraph 69 of your Complaint that "Professor Rae participated in the discussion of the positive recommendation of the Bracken Committee, and he falsely suggested to members of the BPO (before or during that meeting) that there were deficiencies in [your] teaching of the State & Society course with him," including without limitation the source of this information, each fact upon which you rely concerning this allegation, each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to this allegation.

**Answer to Interrogatory No. 13:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome.  Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objection, Professor Bagley states that Defendant Rae, a tenured professor, is on the BPO, attended the May 7, 2012 meeting, and voted against her appointment.  Prior to that meeting, Defendant Rae corresponded with Defendant Dean Metrick and Professor Ian Shapiro regarding Professor Shapiro replacing Professor Bagley in co-teaching State and Society, and had also been overheard threatening to "blackball" Professor Bagley.

The following individuals, among others, should have knowledge of these facts: Douglas Rae, Andrew Metrick, Edward Snyder, Ian Shapiro, Camille Costelli, Paula Blanchette, James Baron, Paul Bracken, Judith Chevalier, Stanley Garstka, Rick Antle, Nicholas Barberis, William Goetzmann, Gary Gorton, Barry Nalebuff, Sharon Oster, Geert Rouwenhorst, Peter Schott, Subrata Sen, Matthew Spiegel, Arthur Swersey, Jacob Thomas, and Victor Vroom. Professor Bagley reserves the right to supplement her response in the event information is uncovered through discovery which suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 14:**       Explain in detail the basis for the allegation in paragraph 70 of your Complaint that "during or before the discussion of [your] case at the BPO meeting, certain senior faculty expressed their belief that [you] had been too 'aggressive' in applying for the Nierenberg Chair and seeking tenure or a ten-year contract renewal," including which senior faculty you contend expressed such a belief, the words used by these senior faculty members who allegedly express such a belief, to whom these senior faculty allegedly expressed such a

15

belief, and provide a listing of each fact upon which you rely concerning this allegation, each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to this allegation.

**Answer to Interrogatory No. 14:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome. Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Professor Bagley states that, in or about May 2012, Professor Stanley Garstka told her that members of the Board of Permanent Officers rejected the unanimous recommendation for reappointment by the Bracken Committee (of which Professor Garstka was a member) because Professor Bagley had been perceived as being too aggressive in applying for the Nierenberg Chair position, asking to be treated as a full professor in all respects except tenure votes, and seeking a longer term reappointment.

The following individuals, among others, should have knowledge of these facts: Stanley Garstka, Andrew Metrick, Edward Snyder, James Baron, Paul Bracken, Judith Chevalier, Rick Antle, Nicholas Barberis, William Goetzmann, Gary Gorton, Barry Nalebuff, Sharon Oster, Geert Rouwenhorst, Peter Schott, Subrata Sen, Matthew Spiegel, Arthur Swersey, Jacob Thomas, Victor Vroom, Frances Rosenbluth, and Peter Salovey. Professor Bagley reserves the right to supplement her response in the event information is uncovered through discovery which suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 15:**       Explain in detail the basis for the allegations in paragraph 83 of your Complaint that Douglas Rae used the term "meltdown" to "falsely convey to the SOM Deans that [you were] at fault for any alleged—though false—problems with the course," and that "Professor Rae's discriminatory animus and retaliatory conduct were embedded in the BPO's consideration of [you]," including without limitation each fact upon which you rely concerning these allegations, each person who has any knowledge of each such fact, each person who heard the alleged comment,  and a listing of every document which supports, contradicts or relates to these allegations.

**Answer to Interrogatory No. 15:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome, and duplicative of Interrogatory Nos. 4, 12, and 13.  Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.  Subject to and without waiving the foregoing objections, Professor Bagley directs the Defendants' attention to her Answers to Interrogatory Nos. 4, 12, and 13.

**Interrogatory No. 16:**       Explain in detail the basis for the allegation in paragraph 86 of your Complaint that "other male professors' teaching abilities were not challenged the way Professor Bagley was unfairly challenged," including a listing of the male professors whose teaching abilities you believe should have been challenged, each fact upon which you rely concerning this allegation, each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to this allegation.

**Answer to Interrogatory No. 16:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome.  Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Professor Bagley states that in 2013, after he replaced Professor Bagley as a co-teacher of State and Society, Professor Shapiro received course evaluation ratings that are lower than average for professors at the SOM,

17

according to Sharon Oster, a former Dean of the Yale SOM and a BPO member. Professor

Shapiro has not been removed from teaching State and Society.

In or about July 2012, Professor Bagley reported to Deputy Provost Stephanie Spangler a

potential incident of academic misconduct—specifically, plagiarism—by Senior Lecturer David

Bach, who joined Yale in September 2012. Upon information and belief, no action was taken

against him. Professor Bach replaced Professor Bagley as the teacher of State and Society in the

pre-MBA program, and he teaches State and Society to Executive MBA students.

The following individuals, among others, should have knowledge of these facts:

Douglas Rae, Ian Shapiro, David Bach, Stephanie Spangler, Thomas Pollard, Edward Snyder,

Peter Salovey, Sharon Oster, Peter Schott, Jacob Thomas, and James Baron. Professor Bagley

reserves the right to supplement her response in the event information is uncovered through

discovery which suggests that the abilities of other male professors were not changed, or that

additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the

Defendants' First and Second Requests for Production of Documents, and the Defendants'

responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 17:**      Explain in detail the basis for the allegation in paragraph 91 of
your Complaint that Professors Rae and Shapiro taught State & Society in Spring 2013 to the
full-time MBA students "in substantially the same form and with almost the same topics as when
[you] had co-developed and taught it in prior years," including without limitation each fact upon
which you rely concerning this allegation, each person who has any knowledge of each such fact
and a listing of every document which supports, contradicts or relates to this allegation.

**Answer to Interrogatory No. 17:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad,

vague, and unduly burdensome. Professor Bagley further objects to this Interrogatory on the

grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Professor Bagley states that after Professor Shapiro replaced her as a co-teacher of in State and Society, he and Defendant Rae continued to teach topics that Professor Bagley co-developed with Defendant Rae. They also continued using cases she co-authored such as Cummins, BP in Russia, Vioxx, and Bechtel in Bolivia.

The following individuals, among others, should have knowledge of these facts: Douglas Rae, Ian Shapiro, Paula Blanchette, and Camille Costelli. Professor Bagley reserves the right to supplement her response in the event information is uncovered through discovery which suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 18:**      Explain in detail the basis for the allegation in paragraph 119 of your Complaint that "[your] e-mail account and Google e-mail account were hacked by University administration in or around November 2013 and certain email exchanges have been viewed by SOM administration," including without limitation the name of each person who you claim hacked the plaintiff's account and viewed plaintiff's emails, each fact upon which you rely concerning this allegation, a listing of each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to this allegation.

**Answer to Interrogatory No. 18:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome. Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Professor Bagley states that in or around November 2013, her Yale and Google e-mail accounts were hacked, causing her to lose access to several e-mail communications.  Unauthorized attempts to log into her accounts were also made.

The following individuals, among others, should have knowledge of these facts: Elizabeth Smith Mao, Sheril Frano, Dana Augur, Kenneth Weiler, Elizabeth Viloudaki, Jean Page, John Dell, Steve James, Georganne Rogers, and Alan Usha.  Professor Bagley reserves the right to supplement her response in the event information is uncovered through discovery which suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 19:**      Identify each of the members of the BPO who voted against your reappointment on May 7, 2012 and October 21, 2013 whom you contend did so for discriminatory and/or retaliatory reasons, and explain in detail the basis for your contention with respect to each of the members of the BPO whom you so identify; state each fact upon which you rely concerning this allegation; provide a listing of each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to this contention.

**Answer to Interrogatory No. 19:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome.  Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.  Professor Bagley also objects to the extent this request seeks information already in the Defendants' possession, or which the Defendants are in the best position to obtain.

Subject to and without waiving the foregoing objections, Professor Bagley states that Defendant Rae voted against her reappointment. In further answering this Interrogatory, Professor Bagley directs the Defendants' attention to her Answers to Interrogatory Nos. 4, 12, and 13. Professor Bagley reserves the right to supplement her response as additional information is uncovered through discovery which shows that other BPO members voted against her reappointment for discriminatory and/or retaliatory reasons.

Professor Bagley states that the following information have knowledge of these facts: Douglas Rae, Nicholas Barberis, William Goetzmann, Gary Gorton, Barry Nalebuff, Sharon Oster, Geert Rouwenhorst, Peter Schott, Subrata Sen, Matthew Spiegel, Arthur Swersey, Jacob Thomas, and Victor Vroom. Professor Bagley reserves the right to supplement her response in the event information is uncovered through discovery which suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 20:**      Describe in detail each instance of gender, age and disability discrimination and/or retaliation you claim to have suffered, including a listing of each person engaging in that activity, each fact upon which you rely concerning each instance of gender and age discrimination and retaliation, each person who has any knowledge of each such fact and a listing of every document which supports, contradicts or relates to your contention with respect to each instance of gender and age discrimination and retaliation.

**Answer to Interrogatory No. 20:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome. Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.

21

Subject to and without waiving the foregoing objections, Professor Bagley refers to her

Answers to Interrogatory Nos. 4, 9-16, and 19, and reserves the right to supplement her response

as additional information is uncovered through discovery.

Individuals with knowledge concerning Professor Bagley's claims of gender and age

discrimination, and retaliation are set forth in her Initial Disclosures, which were served on

August 11, 2014.  Professor Bagley reserves the right to supplement her response in the event

information is uncovered through discovery which suggests that additional persons may have

relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the

Defendants' First and Second Requests for Production of Documents, and the Defendants'

responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 21:**      Describe in detail your efforts, if any, to obtain employment after
you became aware of the outcome of the May 7, 2012 BPO vote, including a listing of each
employer from whom you sought employment, the dates you sought employment, whether you
were offered a position, the compensation offered, a listing of every document evidencing your
search for employment and a listing of all compensation earned since leaving Yale's
employment.

**Answer to Interrogatory No. 21:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad,

vague, unduly burdensome, and harassing.  Professor Bagley further objects to this request to the

extent it seeks information protected from disclosure by operation of the attorney-client privilege

or work product doctrine.

Subject to and without waiving the foregoing objections, Professor Bagley states that she

applied, but was rejected, for positions at Yale University, the Wharton School of the University

of Pennsylvania, the University of New Haven, Quinnipiac University, the University of

Virginia, and the University of Florida Levin College of Law.  In addition, Professor Bagley has

22

also continued to search for job opportunities and network among former colleagues, associates

and friends to make them aware that she is seeking employment both on a full time basis or as a

consultant in academic environments.

Professor Bagley also directs the Defendants' attention to her responses to the

Defendants' First and Second Requests for Production of Documents, and the Defendants'

responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 22:**       Describe in detail each item of economic and non-economic
damage you claim to have suffered as a result of the defendants' actions, and as to each such
item identify by name, address and telephone number each person who has knowledge
concerning each item of damage, describe in detail the amount of each item of economic loss
you are claiming and the method by which you have calculated each item of economic loss,
including without limitation each fact upon which you rely concerning this calculation, each
person who has any knowledge of each such fact and a listing of every document which
supports, contradicts or relates to your claim for damages.

**Answer to Interrogatory No. 22:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad,

vague, unduly burdensome, and harassing.  Professor Bagley further objects to this request on

the grounds it seeks information protected from disclosure by operation of the attorney-client

privilege or work product doctrine.  Professor Bagley also objects to this request to the extent it

seeks information best secured by a different method.

Subject to and without waiving the foregoing objections, Professor Bagley states that she

is seeking actual damages, including, but not limited to, compensatory damages, back pay and

loss of future earnings, harm to reputation, damages for emotional distress and mental suffering,

consequential damages, and additional liquidated damages and punitive damages.  Professor

Bagley also seeks an award of attorneys' fees, court costs and expenses incurred in bringing this

action.

As for the back pay and front pay awards, Professor Bagley refers the Defendants to her earnings history at Yale, and to the decreased income she has received since her appointment as a Professor in the Practice ended.  Regarding emotional distress damages, the amount to be awarded is reserved for a jury to determine, as is the case for the punitive damages to be awarded.  Reasonable attorneys' fees are determined upon petition to the Court after judgment and cannot be ascertained at this juncture.

The following individuals, among others, should have knowledge of these facts: Beverly Earle, Shirley McCarthy, Joan Steitz, Elizabeth Smith Mao, Dori Laub, M.D., and Mary Harvey, Ph.D., and those individuals identified in Professor Bagley's Initial Disclosures, which was served on August 14, 2011.

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

**Interrogatory No. 23:**      If you are claiming damages for any physical, emotional or mental illness or distress, identify by name, address and telephone number each doctor, nurse, social worker, psychiatrist, psychotherapist, psychologist, or other clinician with whom you have treated, consulted or been evaluated at any point in your life for any psychological, psychiatric or emotional condition or illness and describe the conditions which led you to consult with each such individual and supply a HIPAA-compliant release authorizing defense counsel to obtain all medical reports and records relating to any such treatment, evaluation or consultation.

**Answer to Interrogatory No. 23:**

Professor Bagley objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the physician-patient privilege, is harassing, overly broad, unduly burdensome, and neither relevant nor reasonably calculated to lead to admissible evidence.  Professor Bagley herein claims the sort of emotional distress that results naturally from the treatment she suffered at Yale, and she accordingly objects to violating her patient

privacy by disclosing any medical provider she has seen or to providing any releases to the Defendants for patient records.

**Interrogatory No. 24:**        Please list the specific individuals at Yale whom you claim discriminated or retaliated against you; the reason (age, gender or disability) which you claim motivated each such individual; each specific discriminatory or retaliatory action taken by each such individual, each fact which you claim supports the contention that such individual(s) discriminated or retaliated against you; each person who has knowledge of the alleged discrimination or retaliation; and a listing of every document which supports, contradicts or relates to your contention that each such individual discriminated or retaliated against you.

**Answer to Interrogatory No. 24:**

Professor Bagley objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome.  Professor Bagley further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by operation of the attorney-client privilege and work product doctrine.

Subject to and without waiving the foregoing objections, Professor Bagley states that the individuals she claims discriminated or retaliated against her include, but are not limited to, Defendant Rae, Defendant Snyder, and Defendant Metrick.  Professor Bagley also refers to her Answers to Interrogatory Nos. 4, 9-16, and 19, and reserves the right to supplement her response as additional information is uncovered through discovery.

Individuals with knowledge concerning Professor Bagley's claims are set forth in her Initial Disclosures, which were served on August 11, 2014.  Professor Bagley reserves the right to supplement her response in the event information is uncovered through discovery which suggests that additional persons may have relevant information.

Professor Bagley also directs the Defendants' attention to her responses to the Defendants' First and Second Requests for Production of Documents, and the Defendants' responses to her First and Second Requests for Production of Documents.

25

Signed under the pains and penalties of perjury this _30th_ day of October 2015.

_____
Constance E. Bagley

AS TO OBJECTIONS:

Constance E. Bagley
BY HER ATTORNEYS,

/s/ Carla A. Reeves
Laura R. Studen, Esq.
lstuden@burnslev.com
Ellen Zucker, Esq.
ezucker@burnslev.com
Carla A. Reeves, Esq.
creeves@burnslev.com
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
617-345-3000

October 30, 2015

## CERTIFICATE OF SERVICE

I, Carla A. Reeves, hereby certify that I served this document on counsel of record for the Defendants via e-mail on October 30, 2015.

/s/ Carla A. Reeves

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONSTANCE E. BAGLEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:13-cv-01890 |
| | ) | |
| YALE UNIVERSITY, DOUGLAS | ) | |
| RAE, EDWARD SNYDER, AND | ) | |
| ANDREW METRICK, Individually. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S SUPPLEMENTED AND CORRECTED RESPONSES TO THE DEFENDANTS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed. R. Civ. P. 26 and 34, and Local Rule 26, Plaintiff Constance E. Bagley ("Plaintiff" or "Professor Bagley") hereby responds to Defendants Yale University, Douglas Rae, Edward Snyder, and Andrew Metrick's Second Request for Production of Documents (the "Request").

## PRELIMINARY STATEMENT

1.      The following responses are based upon information presently available to Professor Bagley and which Professor Bagley believes to be correct. Said responses are made without prejudice to Professor Bagley's right to utilize subsequently discovered facts.

2.      No incidental or implied admissions of fact by Professor Bagley are made by the responses below. The only admissions are express admissions. The fact that Professor Bagley has responded to any Request herein may not properly be taken as an admission that Professor Bagley accepts or admits the existence of any fact set forth or assumed by such Request, or that such response constitutes admissible evidence. The fact that Professor Bagley has produced

1

documents in response to part or all of any Request is not intended to, and shall not be, construed

to be a waiver by Professor Bagley of all or any part of any objection to any Request made by the

Defendants.

3.      This Preliminary Statement is incorporated into each of the responses set forth

below.

## GENERAL OBJECTIONS

1.      Professor Bagley objects to the Request to the extent it attempts to impose any

obligations or burdens upon her in excess of those stated in the Federal Rules of Civil Procedure

or the Local Rules of the District of Connecticut.

2.      Professor Bagley objects to the Request to the extent it seeks documents or

information in the possession, custody, or control of the Defendants and/or which have already

been produced in this action by Professor Bagley.

3.      Professor Bagley objects to the Request to the extent it seeks documents and

information that are subject to the attorney-client privilege, work product doctrine, or any other

applicable privilege.

4.      Professor Bagley objects to the Request insofar as it seeks financial and/or

medical information on the grounds that such information is confidential.  Requests seeking this

information constitute an impermissible invasion of privacy and are beyond the scope of

permissible discovery under Fed. R. Civ. P. 26.

5.      Professor Bagley objects to the Request to the extent it seeks discovery of

information or documents immaterial and/or irrelevant to the subject matter and/or issues in the

present litigation.

6.     Each of these general objections shall be deemed incorporated into Professor Bagley's responses to each specific document request.

## RESPONSES TO REQUESTS FOR PRODUCTION

1.     All documents and communications listed, referenced or identified in response to the Defendants' First Set of Interrogatories dated September 9, 2015 and served concurrently herewith.

**Response No. 1:** To the extent this request seeks documents and communications listed, referenced, or identified in response to the Defendants' First Set of Interrogatories dated September 11, 2015, Professor Bagley restates and incorporates each of her objections to those Interrogatories.  Professor Bagley also objects to this request to the extent it seeks documents protected by the attorney-client privilege or work product doctrine, and to the extent it seeks documents that have already been produced, or that are best secured by other means, as they are already in the Defendants' possession.  Subject to and without waiving the foregoing objection, Professor Bagley will produce, on a rolling basis, all responsive, non-privileged documents in her possession, custody, or control.  (See BAGLEY002477-3313).

2.     All documents and communications that refer or relate, directly or indirectly, to any communications between or among the plaintiff and any of the defendants and any employee or representative of the defendants.

**Response No. 2:** Professor Bagley objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and seeks certain documents that are not relevant to her claims or Yale's defense.  Professor Bagley joined Yale in 2007.  Over the course of her employment, she communicated with a number of Yale's employees, of which there

3

are thousands. Many of these communications do not pertain in any way to the issues in this action. Professor Bagley further objects to this request to the extent it seeks documents and information protected by the attorney-client privilege or work product doctrine. She also objects to this request to the extent it seeks documents that are best secured by other means, as they are already in the Defendants' possession. Subject to and without waiving the foregoing objection, Professor Bagley will produce, on a rolling basis, all responsive, non-privileged documents in her possession, custody, or control. (See BAGLEY002477-3313).

3.      All documents and communications that refer or relate, directly or indirectly, to the plaintiff's claim for damages.

Response No. 3: Professor Bagley objects to this request to the extent it seeks documents and information protected by the attorney-client privilege or work product doctrine. She further objects on the ground that it is overly broad, vague, and unduly burdensome. Subject to and without waiving the foregoing objection, Professor Bagley will produce, on a rolling basis, all responsive, non-privileged, non-privileged documents in her possession, custody, or control. (See BAGLEY002477-3313).

4.      If you are claiming physical, emotional or mental injury or illness as a result of any of the defendants' conduct, provide a medical authorization in the form attached hereto.

Response No. 4: Professor Bagley objects to this request on the ground that it seeks authorization to access information and material that is both private and protected from disclosure by the physician-patient privilege.

4

5.      Provide an authorization which will permit counsel for the defendants to obtain

income tax records from the Internal Revenue Service for the period beginning on January 1,

2006 and continuing through the date of trial.

**Response No. 5:** Professor Bagley objects to this request on the ground that it is overly

broad in scope of time, and seeks authorization for the disclosure of documents that

contain highly sensitive information, much of which is not relevant to her claims or

Yale's defense in this action.  Subject to and without waiving the foregoing objection,

Professor Bagley directs the Defendants' attention to the documents produced at

BAGLEY002987-3103 and BAGLEY003300-308.

6.      Provide an authorization which will permit counsel for the defendants to obtain

copies of your personnel files from any employer for whom you have worked subsequent to the

time you worked for Yale University.

**Response No. 6:** Professor Bagley objects to this request on the ground that it seeks

authorization for the disclosure of documents that are private in nature and not relevant to

the claims and defenses in this action.  Subject to and without waiving the foregoing

objection, Professor Bagley states that she has not been employed since she worked for

Yale University.

7.      All documents and communications that refer or relate to the plaintiff's

employment with the defendant(s), including without limitation the following: all notes, diaries,

memos, performance evaluations, audio or tape recordings, or any other documents that refer or

relate to plaintiff's employment with the defendants or to any contract or communication

between any representative of any of the defendants and the plaintiff or any agent of the plaintiff.

5

**Response No. 7:** Professor Bagley objects to this request on the grounds that it is vague, overly broad, and unduly burdensome. She further objects to this request to the extent it seeks documents and communications that are protected by the attorney-client privilege or work product doctrine, or that are not relevant to her claims or Yale's defense in this action. She further objects to the extent that potentially responsive documents and communications she sent and retrieved via her Yale e-mail account are in the possession, custody, and control of Yale, which is in the best position to access and retrieve such documents. She further objects to the extent she faced problems accessing and downloading e-mails from her Yale email accounts and from her Yale office computer , without a satisfactory explanation for such problems from Yale's IT department. Subject to and without waiving the foregoing objections, Professor Bagley states that she has already produced all responsive documents and communications in her possession, custody, or control. (See BAGLEY002477-3313).

8.     All documents and communications containing any statements made by you, any representative of any of the defendants, or by any other person which refers or relates to the allegations of your Complaint or the damages you claim to have suffered.

**Response No. 8:** Professor Bagley objects to this request to the extent it seeks documents and communications protected by the attorney-client privilege or work product doctrine. She further objects on the grounds that the request is overly broad, vague, and unduly burdensome. Professor Bagley also objects to the extent the request seeks documents and communications that are already in Yale's custody, possession, or control. She further objects to the extent she faced problems accessing and downloading e-mails from her Yale e-mail account and from her Yale office computer, without a satisfactory

6

explanation for such problems from Yale's IT department. Subject to and without waiving the foregoing objections, Professor Bagley states that she will produce, on a rolling basis, all responsive, non-privileged documents in her possession, custody, or control. (See BAGLEY002477-3313).

9.      Any memorandum, correspondence, transcript, audio or videotape recording or any other document or tangible item in plaintiff's custody or control which captures any conduct or conversation of any of the defendants or any agent, servant or employee of any of the defendants.

**Response No. 9:** Professor Bagley objects to this request on the grounds that it is vague, overly broad, unduly burdensome, and seeks certain documents and items that are not relevant to her claims or Yale's defense in this action. Professor Bagley joined Yale in 2007. Over the course of her employment, she corresponded with a number of Yale's employees, of which there are thousands. Many of these communications do not pertain in any way to the issues in this action. Professor Bagley further objects to this request to the extent it seeks documents and information protected by the attorney-client privilege or work product doctrine. She also objects to this request to the extent it seeks documents that are already in the Defendants' possession. Subject to and without waiving the foregoing objection, Professor Bagley will produce, on a rolling basis, all responsive, non-privileged documents in her possession, custody, or control. (See BAGLEY002477-3313).

10.     All documents and communications sent to or from any email addressed used or maintained by the plaintiff, or within the plaintiff's control, other than connie.bagley@yale.edu, including but not limited to bagleycat@gmail.com, bagleycat123@gmail.com,

cesarbancroft@gmail.com, cbagz15@gmail.com, epsmith@optonline.net, and

footestoph@gmail.com, concerning or relating to the subject matter of this action or the

allegations of the plaintiff's Complaint.

      **Response No. 10:** Professor Bagley objects to this request to the extent it seeks

documents and communications protected by the attorney-client privilege or work

product doctrine.  She also objects on the grounds that this request is overly broad, vague,

harassing, and unduly burdensome.  Subject to and without waiving the foregoing

objections, Professor Bagley will produce, on a rolling basis, all responsive, non-

privileged documents and communications in her possession, custody, or control.  (See

BAGLEY002477-3313).

      11.    All documents, communications and posting sent to or from any Facebook,

Twitter, or other social media account or website used or maintained by the plaintiff, or within

the plaintiff's control, concerning or relating to the subject matter of this action or the allegations

of the plaintiff's Complaint.

      **Response No. 11:** Professor Bagley objects to this request to the extent it seeks

documents and communications protected by the attorney-client privilege or work

product doctrine.  Subject to and without waiving the foregoing objections, Professor

Bagley directs the Defendants' attention to the documents produced with Bates Numbers

BAGLEY003309-3313.

      12.    All documents and communications between the plaintiff and the individual

known as "Elizabeth P. Smith," "Liz Smith Mao," "Liz Smith," or "Liz Mao" concerning or

relating to the subject matter of this action or the allegations of the plaintiff's Complaint.

**Response No. 12:** Professor Bagley objects to this request to the extent it seeks documents and communications protected by the attorney-client privilege or work product doctrine. She further objects to the extent it seeks documents and communications she sent and retrieved via her Yale e-mail account, which is Yale's possession, custody, and control, and which Yale is in the best position to access and retrieve. She further objects to the extent she faced problems accessing and downloading e-mails from her Yale e-mail account and from her Yale office computer, without a satisfactory explanation for such problems from Yale's IT department. Subject to and without waiving the foregoing objections, Professor Bagley states that she will produce, on a rolling basis, all responsive, non-privileged documents and communications that are in her possession, custody, or control. (See BAGLEY002477-3313).

13. All documents and communications between the plaintiff and Stephen Hudspeth concerning or relating to the subject matter of this action or the allegations of the plaintiff's Complaint.

**Response No. 13:** Professor Bagley objects to this request to the extent it seeks documents and communications protected by the attorney-client privilege or work product doctrine. Subject to and without waiving the foregoing objection, Professor Bagley will produce documents and communications responsive to this request. (See BAGLEY002477-3313).

14. All documents and communications between the plaintiff and Sheril Frano concerning or relating to the subject matter of this action or the allegations of the plaintiff's Complaint.

**Response No. 14:** Professor Bagley objects to this request on the ground that it seeks documents and communications that are in Yale's possession, custody, and control, and are reasonably obtainable from Yale's employee. She further objects to the extent that potentially responsive documents and communications she sent and retrieved via her Yale e-mail account are in the possession, custody, and control of Yale, which is in the best position to access and retrieve such documents. She further objects to the extent she faced problems accessing and downloading e-mails from her Yale e-mail account and from her Yale office computer, without a satisfactory explanation for such problems from Yale's IT department. Subject to and without waiving the foregoing objections, Professor Bagley will produce, on a rolling basis, all responsive, non-privileged documents and communications in her possession, custody, or control. (See BAGLEY002477-3313).

15.    All documents and communications between the plaintiff and Camille Costelli concerning or relating to the subject matter of this action or the allegations of the plaintiff's Complaint.

**Response No. 15:** Professor Bagley objects to this request on the ground that it seeks documents and communications that are in Yale's possession, custody, and control, and are reasonably obtainable from Yale's employee. She further objects to the extent that potentially responsive documents and communications she sent and retrieved via her Yale e-mail account are in the possession, custody, and control of Yale, which is in the best position to access and retrieve such documents. She further objects to the extent she faced problems accessing and downloading e-mails from her Yale e-mail account and from her Yale office computer, without a satisfactory explanation for such problems from

Yale's IT department.  Subject to and without waiving the foregoing objections,
Professor Bagley will produce, on a rolling basis, all responsive, non-privileged
documents and communications in her possession, custody, or control.  (See
BAGLEY002477-3313).

16.      All documents and communications between the plaintiff and Jo Handelsman
concerning or relating to the subject matter of this action or the allegations of the plaintiff's
Complaint.

**Response No. 16:** Professor Bagley objects to this request to the extent it seeks
documents and communications that are in Yale's possession, custody, and control, and
are reasonably obtainable from Yale's servers.  She further objects on the ground that
potentially responsive documents and communications she sent and retrieved via her
Yale e-mail account are in the possession, custody, and control of Yale, which is in the
best position to access and retrieve such documents.  She further objects to the extent she
faced problems accessing and downloading e-mails from her Yale e-mail account and
from her Yale office computer, without a satisfactory explanation for such problems from
Yale's IT department.  Subject to and without waiving the foregoing objection, Professor
Bagley states that she will produce, on a rolling basis, all responsive, non-privileged
documents and communications in her possession, custody, or control.  (See
BAGLEY002477-3313).

17.      All documents and communications between the plaintiff and Shirley McCarthy
concerning or relating to the subject matter of this action or the allegations of the plaintiff's
Complaint.

11

**Response No. 17:** Professor Bagley objects to this request on the ground that it seeks documents and communications that are in Yale's possession, custody, and control, and are reasonably obtainable from Yale's employee.  She further objects to the extent that potentially responsive documents and communications she sent and retrieved via her Yale e-mail account are in the possession, custody, and control of Yale, which is in the best position to access and retrieve such documents.  She further objects to the extent she faced problems accessing and downloading e-mails from her Yale e-mail account and from her Yale office computer, without a satisfactory explanation for such problems from Yale's IT department.  Subject to and without waiving the foregoing objections, Professor Bagley will produce, on a rolling basis, all responsive, non-privileged documents and communications in her possession, custody, or control.  (See BAGLEY002477-3313).

18.     All documents and communications between or among the plaintiff and Judith Resnick concerning or relating to the subject matter of this action or the allegations of the plaintiff's Complaint.

**Response No. 18:** Professor Bagley objects to this request to the extent it seeks documents and communications that are protected by the attorney-client privilege. Professor Bagley also objects to this request to the extent it seeks documents and communications that are in Yale's possession, custody, and control.  She further objects to the extent that potentially responsive documents and communications she sent and retrieved via her Yale e-mail account are in the possession, custody, and control of Yale, which is in the best position to access and retrieve such documents.  She further objects to the extent she faced problems accessing and downloading e-mails from her Yale e-

12

mail account and from her Yale office computer, without a satisfactory explanation for such problems from Yale's IT department. Subject to and without waiving the foregoing objections, Professor Bagley will produce, on a rolling basis, all responsive, non-privileged documents and communications in her possession, custody, or control. (See BAGLEY002477-3313).

19.     All documents and communications between or among the plaintiff and any news media, including but not limited to any print news media, broadcast news media, and internet news media, or any agent, employee or representative thereof, concerning or relating to the subject matter of this action or the allegations of the plaintiff's Complaint.

**Response No. 19:** Professor Bagley objects to this request on the grounds that it is overly broad and vague. Subject to and without waiving the foregoing objections, Professor Bagley states that she will produce, on a rolling basis, all responsive documents and communications in her possession, custody, or control. (See BAGLEY002477-3313).

20.     All documents and communications between the plaintiff and any other person or entity concerning or relating to the plaintiff's allegation that she was the victim of age, gender or disability discrimination at any time before, during or after her employment with Yale University, whether such discrimination is alleged to have taken place at Yale University or elsewhere.

**Response No. 20:** Professor Bagley objects to this request to the extent it seeks documents and communications that are protected by the attorney-client privilege, work product doctrine, or physician-patient privilege. She further objects to the extent that potentially responsive documents and communications she sent and retrieved via her Yale e-mail account are in the possession, custody, and control of Yale, which is in the

best position to access and retrieve such documents. She further objects to the extent she

faced problems accessing and downloading e-mails from her Yale e-mail account and

from her Yale office computer, without a satisfactory explanation for such problems from

Yale's IT department. Subject to and without waiving the foregoing objections,

Professor Bagley will produce, on a rolling basis, all responsive, non-privileged

documents and communications in her possession, custody, or control. (See

BAGLEY002477-3313).

> Constance E. Bagley
> BY HER ATTORNEYS,
>
> /s/ Carla A. Reeves
> Laura R. Studen, Esq.
> lstuden@burnslev.com
> Ellen Zucker, Esq.
> ezucker@burnslev.com
> Carla A. Reeves, Esq.
> creeves@burnslev.com
> Burns & Levinson LLP
> 125 Summer Street
> Boston, MA 02110
> 617-345-3000

December 18, 2015

## CERTIFICATE OF SERVICE

I, Carla A. Reeves, hereby certify that I served this document on counsel of record for the
Defendants via e-mail on December 18, 2015.

> /s/ Carla A. Reeves

4826-1486-6472.1

14

# EXHIBIT C

PLAINTIFF'S PRIVILEGE LOG (11/2015)

| PRIVILEGE NO. | BEGPROD NO. | ENDPROD NO. | DATE | DOCUMENT TYPE | FROM | TO | CC | SUBJECT EMAIL | PRIVILEGE | ACTION |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIV0111 | BAGLEY002582 | BAGLEY002587 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Yale Offer | attorney-client | Redacted |
| PRIV0112 | BAGLEY003014 | BAGLEY003014 | 10/30/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: State & Society | attorney-client | Redacted |
| PRIV0113 | BAGLEY003017 | BAGLEY003019 | 10/30/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Grades for State & Society | attorney-client | Redacted |
| PRIV0114 | BAGLEY003020 | BAGLEY003020 | 10/24/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Bagley MTD Decision | attorney-client | Redacted |
| PRIV0115 | BAGLEY003021 | BAGLEY003065 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Yale Daily News Daily Feed | attorney-client | Redacted |
| PRIV0116 | BAGLEY003024 | BAGLEY003024 | 10/24/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Bagley Yale Daily News | attorney-client | Redacted |
| PRIV0117 | BAGLEY003025 | BAGLEY003026 | 10/24/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Dear Jodi, Are we still on to chat today at 2pm or thereabouts? Thx. Connie 203 8689167 | attorney-client | Redacted |
| PRIV0118 | BAGLEY003027 | BAGLEY003028 | 10/24/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: hi Connie | attorney-client | Redacted |
| PRIV0119 | BAGLEY003029 | BAGLEY003029 | 10/24/2015 | Email | Bagley, Constance | Studen, Laura; Zucker, Ellen; Brown, Valerie; Reeves, Carla; Hudspeth, Stephen | | Re: Lack of faculty diversity goes beyond hiring | attorney-client | Redacted |
| PRIV0120 | BAGLEY003030 | BAGLEY003031 | 10/4/2015 | Email | Bagley, Constance | Studen, Laura; Zucker, Ellen; Brown, Valerie | | Fwd: FW: Results of AAU Survey on Sexual Assault and Misconduct | attorney-client | Redacted |
| PRIV0121 | BAGLEY003032 | BAGLEY003035 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Dabhoge in box as of 8:32am on 11.24.13 | attorney-client | redacted |
| PRIV0122 | BAGLEY003036 | BAGLEY003037 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Yale in box through Exchange as of 10:54 am on 11.24.13 | attorney-client | redacted |
| PRIV0123 | BAGLEY003038 | BAGLEY003040 | 11/24/2013 | Email | Bagley, Constance | Hudspeth, Stephen | Bagley, Constance | Activity Report for Gmail | attorney-client | Redacted |
| PRIV0124 | BAGLEY003041 | BAGLEY003042 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Yale in box through Exchange on iPad as of 10:51am 11.24.13 | attorney-client | redacted |
| PRIV0125 | BAGLEY003043 | BAGLEY003044 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Webmail 10:45am in box second page | attorney-client | redacted |
| PRIV0126 | BAGLEY003045 | BAGLEY003046 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Web mail as of 10:45 am first page | attorney-client | redacted |
| PRIV0127 | BAGLEY003047 | BAGLEY003048 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Yale in box 10:42am | attorney-client | redacted |
| PRIV0128 | BAGLEY003049 | BAGLEY003050 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Yale in box scroll down as of 10:40am | attorney-client | redacted |
| PRIV0129 | BAGLEY003051 | BAGLEY003052 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Webmail in box as of 10:21am | attorney-client | redacted |
| PRIV0130 | BAGLEY003053 | BAGLEY003059 | 10/25/2015 | Email, with attachment | Bagley, Constance | Reeves, Carla | | Fwd: Connie Bagley Letter to Amy Robinson 7-1-13 4841-1971-9596.pdf | attorney-client | redacted |

| Priv No. | Bates Begin | Bates End | Date | Format | From | To | CC | Subject | Privilege | Redaction |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIV0131 | BAGLEY003050 | BAGLEY003065 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Bagley v. Yale News Daily Feed | attorney-client | redacted |
| PRIV0132 | BAGLEY003061 | | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Yale Daily News Daily Feed | attorney-client | Redacted |
| PRIV0133 | BAGLEY003066 | BAGLEY003069 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: WFF Newsletter | January 13, 2014 | attorney-client | redacted |
| PRIV0134 | BAGLEY003070 | BAGLEY003070 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Uwe article in YDN | attorney-client | redacted |
| PRIV0135 | BAGLEY003071 | BAGLEY003072 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: update.. | attorney-client | redacted |
| PRIV0136 | BAGLEY003073 | BAGLEY003074 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Re: Yale Med School dragged its feet on sex-harassment case - Hartford Courant | attorney-client | redacted: The second redaction on page 1 of this email is based on confidential personal information pertaining to a non-party |
| PRIV0137 | BAGLEY003075 | BAGLEY003078 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | | Fwd: Yale Daily News Headlines for 12/02/2014 | attorney-client | Redacted |
| PRIV0138 | BAGLEY003079 | BAGLEY003079 | 10/25/2015 | Email | Bagley, Constance | Miller, Cindy | Bagley, Constance | Fwd: just try..! | attorney-client | Redacted |
| PRIV0139 | BAGLEY003080 | BAGLEY003083 | 1/2/2015 | Email | Bagley, Constance | Miller, Cindy | | Fwd: My Yale email - Connie Bagley ISSUE=28451 PROJ=1 | attorney-client | Redacted |
| PRIV0140 | BAGLEY003084 | BAGLEY003087 | 1/2/2015 | Email | Bagley, Constance | Miller, Cindy | Bagley, Constance | Fwd: My Yale email - Connie Bagley ISSUE=28451 PROJ=1 | attorney-client | Redacted |
| PRIV0141 | BAGLEY003088 | BAGLEY003088 | 1/9/2015 | Email | Bagley, Constance | Miller, Cindy | Bagley, Constance | Fwd: My Yale email address | attorney-client | Redacted |
| PRIV0142 | BAGLEY003089 | BAGLEY003090 | 1/2/2015 | Email | Bagley, Constance | Miller, Cindy | | Fwd: My Yale email | attorney-client | Redacted |
| PRIV0143 | BAGLEY003091 | BAGLEY003092 | 1/2/2015 | Email | Bagley, Constance | Miller, Cindy | | Fwd: My Yale email | attorney-client | Redacted |
| PRIV0144 | BAGLEY003093 | BAGLEY003094 | 1/2/2015 | Email; with attachment | Bagley, Constance | Miller, Cindy | Bagley, Constance | Fwd: Office Computer | attorney-client | Redacted |
| PRIV0145 | BAGLEY003095 | BAGLEY003095 | 10/29/2013 | Email | Bagley, Constance | Smith Mao, Elizabeth; Hudspeth, Stephen | | Re: PIP Standards | attorney-client | Redacted |
| PRIV0146 | BAGLEY003095 | BAGLEY003105 | 10/29/2013 | Email | Hudspeth, Stephen | Bagley, Constance; Shuster, Laura; Nelson, Emily; Brown, Valerie | | Re: PIP Standards | attorney-client | Redacted |
| PRIV0147 | BAGLEY003098 | BAGLEY003105 | 12/6/2013 | Email | Bagley, Constance | Smith Mao, Elizabeth; Hudspeth, Stephen | | Re: PIP Standards | attorney-client | Redacted |
| PRIV0148 | BAGLEY003105 | | 1/7/2015 | Email | Bagley, Constance | Miller, Cindy | | Fwd: PIP Standards | attorney-client | Redacted |
| PRIV0149 | BAGLEY003106 | BAGLEY003107 | 12/26/2004 | Email | Bagley, Constance | Miller, Cindy | | Fwd: Re: BAGLEY: Decision on Preliminary Injunction | attorney-client | Redacted |
| PRIV0150 | BAGLEY003106 | BAGLEY003109 | 12/22/2004 | Email | Nelson, Emily | Bagley, Constance; Hudspeth, Stephen; Rose, Michael; Shuster, Laura; Zucker, Ellen; Brown, Valerie; Miller, Cindy | | BAGLEY: Decision on Preliminary Injunction | attorney-client | Redacted |
| PRIV0151 | BAGLEY003106 | BAGLEY003109 | 12/26/2004 | Email | Miller, Cindy | Bagley, Constance | Bagley, Constance | Fwd: Re: BAGLEY: Decision on Preliminary Injunction | attorney-client | Redacted |

| PRIV | Bates Begin | Bates End | Type | Date | From | To | CC | Subject | Privilege | Status |
|---|---|---|---|---|---|---|---|---|---|---|
| PRIV0152 | BAGLEY003108 | BAGLEY003111 | 11/25/2013 | Email | Hudspeth, Stephen | Bagley, Constance Studen, Laura; Nelson, Emily; Ross, Michael; McGee, Dana | | Re: Trigger for Hack of iPad | attorney-client | Redacted |
| PRIV0153 | BAGLEY003108 | BAGLEY003111 | 11/25/2013 | Email | Bagley, Constance | Studen, Laura; Nelson, Emily; Ross, Michael; McGee, Dana; Hudspeth, Stephen | | Trigger for Hack of iPad | attorney-client | Redacted |
| PRIV0154 | BAGLEY003108 | BAGLEY003111 | 11/27/2013 | Email | Nelson, Emily | Hudspeth, Stephen; Bagley, Constance; Studen, Laura; Ross, Michael; McGee, Dana | | Re: Trigger for Hack of iPad | attorney-client | Redacted |
| PRIV0155 | BAGLEY003112 | BAGLEY003113 | 12/10/2013 | Email | Bagley, Constance | Hudspeth, Stephen | | Use of gmail addresses for notices of fac mtg | attorney-client | Redacted |
| PRIV0156 | BAGLEY003112 | BAGLEY003113 | 12/10/2013 | Email | Hudspeth, Stephen | Bagley, Constance | | Re: Use of gmail addresses for notices of fac mtg | attorney-client | Redacted |
| PRIV0157 | BAGLEY003112 | BAGLEY003113 | 12/10/2013 | Email | Bagley, Constance | Hudspeth, Stephen | | Use of gmail addresses for notices of fac mtg | attorney-client | Redacted |
| PRIV0158 | BAGLEY003112 | BAGLEY003113 | 1/1/2015 | Email | Bagley, Constance | Miller, Cindy | | Fwd: Use of gmail addresses for notices of fac mtg | attorney-client | Redacted |
| PRIV0159 | BAGLEY003124 | BAGLEY003178 | 8/26/2014 | Email | Mao, Elizabeth | Bagley, Constance | | Fwd: Bagley v. Yale et al | attorney-client | Redacted |
| PRIV0160 | BAGLEY003179 | BAGLEY003233 | 8/27/2014 | Email | Mao, Elizabeth | Bagley, Constance | | Fwd: Bagley v. Yale et al | attorney-client | Redacted |
| PRIV0161 | BAGLEY003234 | BAGLEY003236 | 11/25/2013 | Email | Bagley, Constance | Hudspeth, Stephen | | Fwd: Entrop Search Podolny | attorney-client | Redacted |
| PRIV0162 | BAGLEY003234 | BAGLEY003236 | 11/25/2013 | Email | Bagley, Constance | Hudspeth, Stephen | Bagley, Constance | Fwd: Entrop Search Podolny | attorney-client | Redacted |
| PRIV0163 | BAGLEY003234 | BAGLEY003236 | 11/20/2014 | Email | Bagley, Constance | Ross, Michael; Bagley, Constance | | Fwd: Entrop Search Podolny | attorney-client | Redacted |
| PRIV0164 | BAGLEY003238 | BAGLEY003239 | 11/10/2013 | Email | Bagley, Constance | Studen, Laura; Nelson, Emily; Brown, Valerie | | Fwd: Email | attorney-client | Redacted |
| PRIV0165 | BAGLEY003240 | BAGLEY003241 | 12/15/2014 | Email | Bagley, Constance | Miller, Cindy; Ross, Michael | | Fwd: Google Account: sign-in attempt blocked | attorney-client | Redacted |
| PRIV0166 | BAGLEY003242 | BAGLEY003242 | 1/1/2015 | Email | Bagley, Constance | Miller, Cindy | | Fwd: Ipad email issues continue | attorney-client | Redacted |
| PRIV0167 | BAGLEY003243 | BAGLEY003245 | 1/1/2015 | Email | Bagley, Constance | Miller, Cindy | | Fwd: Ipad Yale email issues continue | attorney-client | Redacted |
| PRIV0168 | BAGLEY003246 | BAGLEY003246 | 1/1/2015 | Email | Bagley, Constance | Miller, Cindy | | Fwd: iPad email problem | attorney-client | Redacted |
| PRIV0169 | BAGLEY003247 | BAGLEY003247 | 1/1/2015 | Email | Bagley, Constance | Miller, Cindy | | Fwd: iPad email problem | attorney-client | Redacted |
| PRIV0170 | BAGLEY003249 | BAGLEY003250 | 1/1/2015 | Email | Bagley, Constance | Miller, Cindy | | Fwd: More Ghosts Yale Phone for my Assistant | attorney-client | Redacted |
| PRIV0171 | BAGLEY003251 | BAGLEY003251 | 1/2/2015 | Email | Bagley, Constance | Miller, Cindy | | Fwd: My iPad | attorney-client | Redacted |
| PRIV0172 | BAGLEY003252 | BAGLEY003258 | 7/18/2012 | Email | Bagley, Constance | Hudspeth, Stephen | | Re: Bagley Provost Review | attorney-client | Redacted |
| PRIV0173 | BAGLEY003252 | BAGLEY003258 | 7/18/2012 | Email | Bagley, Constance | Hudspeth, Stephen | | Fw: Re: Bagley Provost Review | attorney-client | Redacted |
| PRIV0174 | BAGLEY003252 | BAGLEY003258 | 7/19/2012 | Email | Bagley, Constance | Hudspeth, Stephen | | Re: Bagley Provost Review | attorney-client | Redacted |

| PRIV | Bates Begin | Bates End | Date | Type | From | To | Description | Privilege | Status |
|---|---|---|---|---|---|---|---|---|---|
| PRIV0175 | BAGLEY003252 | BAGLEY003258 | 7/19/2012 | Email | Bagley, Constance | Hudspeth, Stephen | Re: Bagley Provost Review | attorney-client | Redacted |
| PRIV0176 | BAGLEY003252 | BAGLEY003258 | 7/19/2012 | Email | Hudspeth, Stephen | Bagley, Constance | Re: Bagley Provost Review | attorney-client | Redacted |
| PRIV0177 | BAGLEY003252 | BAGLEY003258 | 7/23/2012 | Email | Bagley, Constance | Hudspeth, Stephen | Re: Bagley Provost Review | attorney-client | Redacted |
| PRIV0178 | BAGLEY003252 | BAGLEY003258 | 7/23/2012 | Email | Hudspeth, Stephen | Bagley, Constance | Re: Bagley Provost Review | attorney-client | Redacted |
| PRIV0179 | BAGLEY003252 | BAGLEY003258 | 7/23/2012 | Email | Bagley, Constance | Hudspeth, Stephen | Re: Bagley Provost Review | attorney-client | Redacted |
| PRIV0180 | BAGLEY003252 | BAGLEY003258 | 7/23/2012 | Email | Hudspeth, Stephen | Bagley, Stephen | Re: Bagley Provost Review | attorney-client | Redacted |
| PRIV0181 | BAGLEY003252 | BAGLEY003258 | 8/23/2012 | Email | Bagley, Constance | Hudspeth, Stephen | Re: Bagley Provost Review | attorney-client | Redacted |
| PRIV0182 | BAGLEY003252 | BAGLEY003258 | 8/23/2012 | Email | Hudspeth, Stephen | Bagley, Constance | Re: Bagley Provost Review | attorney-client | Redacted |
| PRIV0183 | BAGLEY003259 | BAGLEY003260 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | Fwd: Re: Letter Regarding SOM | attorney-client | Redacted |
| PRIV0184 | BAGLEY003280 | BAGLEY003281 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | Fwd: Re: Nonrenewal of my Appointment | attorney-client | Redacted |
| PRIV0185 | BAGLEY003282 | BAGLEY003282 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | Fwd: SOM professor's lawsuit moves forward \| Yale Daily News | attorney-client | Redacted |
| PRIV0186 | BAGLEY003283 | BAGLEY003283 | 10/25/2015 | Email | Bagley, Constance | Reeves, Carla | Fwd: more on the med school... | attorney-client | Redacted |
| PRIV0187 | BAGLEY003294 | BAGLEY003296 | 9/15/2015 | Email | Smith Mao, Elizabeth | Bagley, Constance | Re: Stanford B Sch Dean Resigns | attorney-client | Redacted |
| PRIV0188 | BAGLEY003297 | BAGLEY003297 | 10/14/2015 | Email | Bagley, Constance | Studen, Laura; Zucker, Ellen; Brown, Valerie; Reeves, Carla; Hudspeth, Stephen | Fwd: Lack of faculty diversity goes beyond hiring | attorney-client | Redacted |
| PRIV0189 | BAGLEY003298 | BAGLEY003299 | 6/5/2014 | Email | Bagley, Constance | Smith Mao, Elizabeth | Fwd: WSJ.com - UCLA's Anderson business school found to be 'inhospitable' to female faculty | attorney-client | Redacted |
| PRIV0190 | | | 4/20/2012 | Email | Bagley, Constance | Resnick, Judith | I need legal advice Urgently | attorney-client | Withheld |
| PRIV0191 | | | 5/2/2012 | Email | Bagley, Constance | Resnick, Judith | | attorney-client | Withheld |
| PRIV0192 | | | 5/2/2012 | Email | Resnick, Judith | Bagley, Constance | | attorney-client | Withheld |
| PRIV0193 | | | 5/3/2012 | Email | Bagley, Constance | Resnick, Judith | CONFIDENTIAL Attorney Client Privilege | attorney-client | Withheld |
| PRIV0194 | | | 5/3/2012 | Email | Resnick, Judith | Bagley, Constance | Re: CONFIDENTIAL Attorney Client Privilege | attorney-client | Withheld |
| PRIV0195 | | | 11/24/2013 | Email, with attachment | Bagley, Constance | Hudspeth, Stephen | Fwd: Photo2 | attorney-client | Withheld |
| PRIV0196 | | | 1/10/2014 | Email | Bagley, Constance | Smith Mao, Elizabeth | Bagleycat@gmail.com shared a Businessweek article with you | attorney-client | Withheld |
| PRIV0197 | | | 7/16/2014 | Email | Smith Mao, Elizabeth | Bagley, Constance | Briefs | attorney-client | Withheld |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| PRIV00198 | | 11/25/2014 | Email | Smith Mao, Elizabeth | Bagley, Constance | Fwd: SOM professor sues University \| Yale Daily News | attorney-client | Withheld |
| PRIV00199 | | 11/25/2014 | Email | Smith Mao, Elizabeth | Bagley, Constance | Fwd: SOM professor's lawsuit moves forward \| Yale Daily News | attorney-client | Withheld |
| PRIV00200 | | 12/23/2014 | Email | Smith Mao, Elizabeth | Bagley, Constance | Decision | attorney-client | Withheld |
| PRIV00201 | | 6/12/2015 | Email | Hudspeth, Stephen | Bagley, Constance | Curt Welling | attorney-client | Withheld |
| PRIV00202 | | 7/1/2015 | Email | Miller, Cindy | Bagley, Constance | Re: Constance Bagley | attorney-client | Withheld |
| PRIV00203 | | 7/9/2015 | email, with attachments | Miller, Cindy | Bagley, Constance | FW: Bagley v. Yale | attorney-client; work product | Withheld |