UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANCE E. BAGLEY,<br><br>        Plaintiff,<br>v.<br><br>YALE UNIVERSITY, DOUGLAS RAE,<br>EDWARD SNYDER, and ANDREW<br>METRICK, individually,<br><br>        Defendants. | Civil Action No.<br>3:13 - CV - 1890 (CSH)<br><br><br>MARCH 24, 2016 |

### MEMORANDUM AND RULINGS ON MOTIONS TO COMPEL DISCOVERY AND RELATED ISSUES

**HAIGHT, Senior District Judge:**

Continuing disputes in this ongoing litigation have given rise to a number of discovery-related motions. Some motions were filed by Defendants. One motion was filed by Plaintiff. Two motions were filed in February or early March of this year of 2016. A third motion was filed as recently as yesterday (March 23). Briefings are not complete on some motions and they cannot be regarded as ripe for decision. Nonetheless, this review of pending motions is useful to a discernment of the present status of the case.

The pending motions may be summarized thus:

1. Defendants' motion to compel deposition of Plaintiff. Doc. 168 (filed February 9, 2016).

2. Plaintiff's "omnibus" motion to compel Defendant Yale University to produce in discovery documents and files falling within a number of specific categories. Doc. 172 (filed March 2, 2016).

3. Defendants' second motion to compel, seeking to direct Plaintiff to answer certain

interrogatories, produce certain requested documents, and furnish certain specified information. Doc. 175 (filed March 23, 2016).

The first of these motions is fully briefed. I resolve it herewith.

A.    **Defendants' Motion to Compel the Deposition of Plaintiff**

Plaintiff's counsel initially resisted Defendants' motion to compel Bagley's deposition on the ground that too much time had passed before Defendants demanded it. Plaintiff's most recent submissions cling to that position.

There is no substance to the contention. Given the nature of the case and Professor Bagley's current personal situation, one can understand her distress that the litigation is taking this long. But the passage of time comes with the particular territory staked out by the case: a multi-count complaint asserting an assortment of federal and state claims, followed by defendants' motion to dismiss the complaint and plaintiff's motion for a preliminary injunction, and the massive amount of discovery Plaintiff has demanded and Defendants have furnished, at least in substantial part (accompanied by an additional spate of motions). The motions to dismiss and for a preliminary injunction both failed, the first after voluminous briefing and oral argument, the second after an evidentiary hearing extending over several days. I do not criticize the making of those motions, which were appropriate to the case, not in the least frivolous, and presented by gifted attorneys. But they took time to submit and decide.

As for discovery to date, Defendants' counsel say [Doc. 170 at 3] without contradiction that counsel for Plaintiff have noticed and taken the depositions of 21 Yale employees, and that in response to Plaintiff's demands Yale has reviewed "the equivalent of 2.8 million pages of e-mails

from which they have produced in excess of 58,000 pages of documents." The Court need not accept the precise mathematical accuracy of these figures in order to conclude, as I do, that Yale has produced a lot of stuff in discovery. The process took time.

There is no scheduling order in place that requires discovery depositions to be completed by a set time. No trial date has been set. It would be contrary to the natural order of things to ask Defendants to go to trial in a case of this sort without having been able to depose the Plaintiff. Plaintiff has deposed 21 Yale employees, and there is no discernible merit to her contention that she need not be deposed herself. The Federal Rules of Civil Procedure do not confer upon Defendants an absolute right to depose Plaintiff: Rule 26(c)(1) gives a trial judge discretion to order that discovery not take place if the order is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." None of these circumstances applies to Bagley's situation, and in their absence the thrust of the discovery rules is that Defendants are entitled to depose her. A ruling that Plaintiff need not be deposed would be an abuse of discretion. Defendants' motion to compel Plaintiff to appear and testify at a pre-trial deposition will accordingly be granted in principle, subject to working out or decreeing the details.

Perhaps anticipating the possibility of that Ruling, the most recent submissions of Plaintiff's counsel have focused upon the dates when Plaintiff's deposition might be held, if there *had* to be one (and there does). There were further contentious exchanges about this, but from the fog of war the date of **April 28, 2016**, emerges as a date acceptable to all individuals involved. In consequence, the Court will order that Plaintiff be deposed on that date, at a place to be agreed upon by the parties or decreed by the Court, with each party to bear its own expenses and fees.

The Court anticipates and hopes that this deposition will be completed in one full day.

Whether that will be accomplished may depend upon the resolution of the other motions of the same vintage, discussed in Part B, *supra*. An Order with respect to Plaintiff's April 28 deposition appears in the conclusion to this Memorandum and Ruling.

**B.      Plaintiff's Motion to Compel Discovery and Defendants' Second Motion to Compel Discovery**

Plaintiff's "omnibus motion" [Doc. 172] was filed on March 2, 2016. The motion seeks an order requiring Yale to produce a variety of documents of differing subjects, categories, natures and origins. Defendants filed an objection to the motion [Doc. 176] on March 23, 2016, the last day permitted by Local Rule 7(a)(1), which requires that opposition papers "be filed within 21 days of the filing of the motion." I need not recite in detail the specifics of Plaintiff's demands. It is sufficient for present purposes to say that Defendants object to and resist each and every one of them. Unless counsel for Plaintiff are entirely persuaded by that opposition and withdraw the motion – an unlikely event, given the tenor of the litigation to date – Plaintiff will presumably file a reply brief within the time required by Local Rule 7(d), which provides that "any reply brief must be filed within 14 days of the filing of the responsive brief to which reply is being made." Plaintiff's reply brief is accordingly due by **April 6**. This motion cannot be considered ripe for decision until then.

Defendants' second motion to compel [Doc. 175] was filed on March 23, 2016. It seeks an order requiring Plaintiff to comply with certain previously served interrogatories and requests for documents, and to provide additional information with respect to Plaintiff's several assertions of attorney-client privilege. Again, I need not recite the specifics. The record reflects Plaintiff's resistance to these inquiries. Plaintiff's anticipated opposition to this motion to compel would be due under the Rule by April 13**.** Defendants' reply brief would be due by April 27.

I conclude that with respect to this motion, the Rule 7 timetable for submission of papers must be expedited. Given the totality of circumstances, it is important that Plaintiff's deposition take place on April 28. In order that the deposition be fully informed and structured, counsel for the parties need to know what the Court's rulings are with respect to the disputed discovery issues, and they must have some time to consider material whose production is mandated by the rulings. In addition, it is perhaps unnecessary to add, the Court needs some time to think about the rulings.

Accordingly, the Court directs that Plaintiff's opposition to Defendants' motion [Doc. 175] be filed by **April 5**. Any reply brief from Defendants must be filed by **April 12**. That motion will then be ripe for decision, which the Court will endeavor to expedite.

### C.     Conclusion

For the foregoing reasons, the Court makes this Order:

1. Defendants' motion to compel the deposition of Plaintiff [Doc. 168] is GRANTED. Plaintiff is directed to appear for that deposition on **April 28, 2016**, at a time and place to be agreed by the parties or decided by the Court in the event of dispute. If the deposition is not concluded on that date, it will continue from day to day during succeeding business days until concluded. Counsel and Plaintiff must clear their schedules to make that continuation possible in case of need.

2. Decisions on Plaintiff's motion to compel [Doc. 172] and Defendants' second motion to

compel [Doc. 175] are RESERVED pending final briefing in accordance with the directions set forth in this Memorandum.

It is SO ORDERED.

Dated:   New Haven, Connecticut
         March 24, 2016

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge