UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANCE E. BAGLEY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 3:13-cv-01890 (CSH) |
| ) | |
| YALE UNIVERSITY, DOUGLAS ) | |
| RAE, EDWARD SNYDER, AND ) | |
| ANDREW METRICK, Individually, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION TO COMPEL**

Plaintiff Constance E. Bagley ("Plaintiff" or "Professor Bagley") submits this Opposition to the Defendants' Motion to Compel further responses to interrogatories and additional support for her assertions of privilege. (Doc. # 175).

Once again, the Defendants have shown that they believe they are somehow relieved of any obligation to comply with the Federal Rules of Civil Procedure. The Defendants filed their latest Motion to Compel without making any effort whatsoever to confer with Professor Bagley. The Defendants never raised any issue with Professor Bagley's responses to interrogatories, nor did they ever request additional information regarding her assertions of privilege.[1]  For this reason alone, the Defendants' Motion to Compel should be denied. The Defendants' Motion should also be denied for substantive reasons, because Professor Bagley has not waived the

---

[1] Although the Defendants' counsel briefly alluded to undefined discovery "issues" during the February 5, 2016 status conference, he failed to specify what those concerns were. Before the conference was adjourned, he represented to the Court that he would "send a letter" to Professor Bagley's counsel detailing those concerns. No letter was ever sent, and the Defendants did not make any other effort to confer in good faith prior to seeking this Court's intervention. Had the Defendants done so, considerable time and effort would have been saved narrowing the issues for the Court.

psychotherapist-patient privilege by alleging "garden variety" emotional distress, and because she has supplemented her answers to the Defendants' discovery requests, rendering the Defendants' remaining arguments moot.

**1. Plaintiff Has Not Placed Her Mental Condition At Issue By Alleging "Garden Variety" Emotional Distress**

In their Motion to Compel, the Defendants argue that Professor Bagley waived the psychotherapist-patient privilege by including emotional distress damages in the "Prayer for Relief" section of her Amended Complaint [Doc. #129]. They further argue that disclosure of her treatment records, over her objection, is a "minimal intrusion" that is "necessary for the defense of the claims she has asserted." See Defs' Motion to Compel, at 4. The Defendants' arguments must fail because Professor Bagley has not alleged any non- "garden variety" emotional distress damages or a separate tort claim of emotional distress, and has not engaged in any other conduct reflecting an intent to waive the privilege.

It is well-established that "[t]he assertion of a claim for 'garden variety' emotional distress does not waive the patient-psychotherapist privilege." Golodner v. Starkey, No. 3:11-CV-1314, 2012 WL 3648898, at *1 (D. Conn. Aug. 24, 2012) (Haight, J.); see In re Sims, 534 F.3d 117, 141 (2d Cir. 2008) (rejecting the view that a party who seeks damages for pain and suffering or who claims even garden variety injury waives the psychotherapist-patient privilege); Ruhlmann v. Ulster Cnty. Dept. of Social Servs., 194 F.R.D. 445, 450 (N.D.N.Y. 2000) ("a party does not put his or her emotional condition at issue by merely seeking incidental, 'garden-variety,' emotional distress damages, without more"); see also Holcomb v. State Univ. of New York at Fredonia, No. 12CV673A, 2015 WL 1280442, at *3 (W.D.N.Y. Mar. 20, 2015) (denying motion to compel disclosure of mental health records where plaintiff denied non-garden variety mental health issues related to defendants' conduct).

"Garden variety" emotional distress includes the ordinary distress a plaintiff would likely feel as a result of being victimized by the conduct alleged. See Jacobs v. Conn. Cmty. Tech. Colleges, 258 F.R.D. 192, 195-96 (D. Conn. 2009); Castelluccio v. Int'l Bus. Machines Corp., No. 3:09CV1145 TPS, 2014 WL 3696365, at *13 (D. Conn. July 23, 2014) (emotional distress alleged was "garden-variety inasmuch as [plaintiff] presented no corroborating testimony or evidence of medical treatment"); Tavares v. Lawrence & Mem'l Hosp., No. 3:11-CV-770 CSH, 2012 WL 4321961, at *4 (D. Conn. Sept. 20, 2012) (garden variety claims are claims "of emotional injury for damages ordinarily associated with a conventional claim for pain and suffering"); see also Makinen v. City of New York, No. 111CV07535ALCAJP, 2016 WL 880194, at *15 (S.D.N.Y. Mar. 1, 2016) (garden variety claims "typically lack extraordinary circumstances and are not supported by any medical corroboration"). Thus, "emotional distress arising from discrimination…is, on its own, generally a garden variety form of emotional distress." MacCluskey v. Univ. of Conn. Health Ctr., No. 3:13-cv-01408, 2014 WL 7404565, at *2 (D. Conn. Oct. 20, 2014).

Here, Professor Bagley has not waived the psychotherapist-patient privilege because she has not brought a separate action for intentional or negligent infliction of emotional distress—claims that would require proof of severe distress—and has not claimed damages for a specific mental condition. See Doc. #129, at 39 (seeking money damages … "suffered as a result of the Defendants' conduct, including…damages for emotional distress and mental suffering"). For this reason, the cases on which the Defendants rely in their Motion are inapposite. See Jacobs v. Conn. Cmty. Tech. Colleges, 258 F.R.D. 192 (D. Conn. 2009); Green v. St. Vincent's Med. Ctr., 252 F.R.D.125 (D. Conn. 2008). By way of example, in Green, the plaintiff placed her mental and emotional state squarely at issue by alleging claims of intentional and negligent infliction of

emotional distress, and seeking damages for *severe* emotional distress.  225 F.R.D. at 129. Those claims went beyond the scope of "garden variety" emotional distress.  Likewise, in Jacobs, while the plaintiff alleged only "garden variety" emotional distress in his complaint, he subsequently placed his emotional state at issue by including in his discovery responses the names of the individuals from whom he received medical treatment, the specific conditions for which he was seeking treatment, and correspondence from his treating psychotherapists describing his diagnoses and treatment related to his employment situation.  258 F.R.D. at 196. The Defendants have not shown any such conduct on Professor Bagley's part.[2]

MacCluskey v. Univ. of Conn. Health Ctr., 2014 WL 7404565 (D. Conn. Oct. 20, 2014) and Ruhlmann v. Ulster Cnty. Dept. of Social Servs., 194 F.R.D. 445 (N.D.N.Y. 2000) are instructive here.  In MacCluskey, a Title VII discrimination case, the court rejected a defendant's argument that the plaintiff waived privilege by merely stating in her complaint that the defendant's discrimination and creation of a hostile work environment caused her to suffer damages, "including, but not limited to emotional distress."  2014 WL 7404565, at *2.  In Ruhlmann, also an employment discrimination case, the court rejected defendants' argument that the plaintiff waived the privilege by seeking damages for "mental and emotional suffering."  194 F.R.D. at 450.  In reaching its conclusion, the court recognized that "merely seek[ing] damages

---

[2] The state cases to which the Defendants cite in their Motion are also inapposite.  Schweitzer v. Aidinis involved the disclosure of records pertaining to the psychological and psychiatric condition of a decedent who testified, during an incomplete deposition, that he could not remember critical facts concerning his alleged DUI.  No. XO8CV000177860, 2004 WL 886915 (Conn. Super. Ct. Apr. 7, 2004).  In Flokos v. Pilot Corp. of America, a plaintiff who was injured in a fall claimed that the defendant's negligence caused her to lose her "ability to enjoy life's activities," and offered deposition and hearing testimony that made clear she intended to support her claim of loss of enjoyment by relying on a specific disorder, treatment she received, and medication she was prescribed.  No. CV 96053428, 1997 WL 434001 (Conn. Super. Ct. July 22, 1997).  Similarly, in Lavine v. Diaz, the plaintiff described in her complaint specific pain and physical symptoms and alleged that those symptoms were potentially permanent.  Finally, in Chalikis v. Zucker, the plaintiff agreed to disclose her records to support an individual claim of loss of consortium, but sought to selectively assert privilege as to portions of the records that related to third parties.  No. FSTCV0055000207S, 2006 WL 2730352 (Conn. Super. Ct. Sept. 5, 2006).  These cases do not compel a conclusion that waiver has occurred here.

for emotional distress incidental to the alleged misconduct of defendants" does not place a plaintiff's emotional condition at issue. Id.  The court also noted that conditioning "recovery for emotional distress incidental to the violation of federal … statutory rights upon the surrender of the protection of the psychotherapist privilege is … antithetical to the purpose of the laws that provide redress for such violations." Id. at 451.  Like the Defendants in MacCluskey and Ruhlmann, the Defendants in this case have failed to show that Professor Bagley has waived the psychotherapist-patient privilege by placing her mental condition at issue.

Moreover, the Defendants have failed to make any other showing sufficient to defeat the privilege.  While the Defendants characterize their request as a "minimal intrusion" that is necessary for their defense, this Court has previously recognized that the psychotherapist-patient privilege "cannot be balanced against evidentiary need" Golodner, 2012 WL 3648898, at *2 ("'Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's interest in privacy and the evidentiary need for disclosure would eviscerate the effectiveness of the privilege.'") (quoting Jaffee v. Redmond, 51 U.S. 1, 17 (1996)).  Even if it could, the Defendants have not shown any actual need.  Professor Bagley has not asserted any independent claims that will require proof that she suffered severe mental or emotional distress, and has not indicated any intent to use privileged treatment records to prove her damages.  As her Amended Complaint makes clear, Professor Bagley seeks only "garden variety" emotional distress damages.  Therefore, no unfairness would result from denying the Defendants access to Professor Bagley's privileged records.

Because the Defendants have failed to show that Professor Bagley waived the psychotherapist-patient privilege by alleging garden variety emotional distress damages, the Defendants Motion to Compel her treatment records should be denied.

**2. Plaintiff's Assertions of Attorney-Client Privilege Are Proper**

In their Motion to Compel, the Defendants argue, for the first time, that they need additional information concerning Professor Bagley's relationships and communications with Elizabeth Smith Mao, Stephen Hudspeth, Cindy Miller, Dana McGee, and Judith Resnik to "better assess the applicability of the attorney-client privilege." See Defs' Motion to Compel, at 9.[3] The Defendants specifically request information concerning the subject matter of Professor Bagley's communications with these individuals, whether they are licensed to practice law, and whether Professor Bagley retained or paid legal fees to them. The Defendants' request should be denied to the extent it seeks information that is not determinative of whether the attorney-client privilege applies, and in light of the additional information Professor Bagley has provided the Defendants since learning of their questions regarding her privilege log.

As an initial matter, there is no real question whether Professor Bagley's assertions of privilege with respect to Cindy Miller (now Cindy "Cieslak") and Dana McGee are proper. Attorneys Cieslak and McGee are licensed attorneys who were affiliated with the law firm of Rose Kaller LLP, and who serve(d) as Professor Bagley's legal counsel in this action.[4] Attorney Miller has been on record in this case since November 20, 2014, when she entered her appearance [Doc. #74], and has even been included on correspondence the Defendants counsel has sent to Professor Bagley's counsel concerning depositions taken in this case. Surely the attorney-client privilege applies to the correspondence Professor Bagley has exchanged and will exchange with her own litigation counsel for the purpose of obtaining legal advice.

Professor Bagley's assertion of privilege with respect to Stephen Hudspeth is also proper.

---

[3] Professor Bagley is producing copies of her correspondence with Elizabeth Smith Mao.
[4] Cindy Miller and Michael Rose, Professor Bagley's Connecticut counsel, are now affiliated with FordHarrison. Dana McGee is no longer with the firm.

Stephen Hudspeth is admitted to practice in Connecticut, New York, Pennsylvania, Massachusetts, and Maine. He has given Professor Bagley legal advice in connection with Yale's decision to deny her reappointment since July 2012. Attorney Hudspeth continues to provide legal advice to Professor Bagley and her litigation counsel in connection with her ongoing dispute with Yale and the individual Defendants to this action.

Judith Resnik is a Professor of Law at Yale Law School, and is admitted to practice in Connecticut. In April and May 2012, Professor Bagley corresponded with Professor Resnik for the specific purpose of obtaining Professor Resnik's legal advice in connection with the renewal of her contract as a Professor in the Practice. Although Professor Bagley did not ultimately retain Professor Resnik, her assertions of the attorney-client privilege with respect to the correspondence the she exchanged with Professor Resnik as part of those preliminary discussions is proper. See U.S. v. Dennis, 843 F.2d 652, 656-57 (2d Cir. 1988) (statements made to an attorney by a potential client who intended to employment the attorney were privileged even though the employment was not ultimately accepted); see also U.S. v. Devery, No. 93 Cr. 273 (LAP), 1995 WL 217529, at *5 (S.D.N.Y. Apr. 12, 1995) (absence of a formal attorney-client agreement did not preclude assertion of attorney-client privilege because preliminary discussions can be privileged even if the attorney is not retained).

### 3. All Other Portions of the Defendants' Motion to Compel Should Be Denied As Moot

Professor Bagley has supplemented her answers to the Defendants' First Set of Interrogatories, as well as her responses to their requests for production of documents. Thus, all remaining issues raised in the Defendants' Motion to Compel are moot.[5]

---

[5] Should any further discovery disputes arise, Professor Bagley's counsel will confer with the Defendants' counsel prior to seeking this Court's intervention, as required under Fed. R. Civ. P. 37.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny the Defendants' Motion to Compel.

Respectfully Submitted,

Constance E. Bagley
BY HER ATTORNEYS,

/s/ Laura R. Studen
Laura R. Studen, Esq.
lstuden@burnslev.com
Ellen J. Zucker, Esq.
ezucker@burnslev.com
Carla A. Reeves, Esq.
creeves@burnslev.com
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
617-345-3000

Dated: April 5, 2016

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on April 5, 2016, a copy of the foregoing was electronically filed and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                                      /s/ Carla A. Reeves
                                      Carla A. Reeves

4838-0690-6415.1