UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTANCE E. BAGLEY,<br><br>  Plaintiff,<br>v.<br><br>YALE UNIVERSITY, DOUGLAS RAE,<br>EDWARD SNYDER, and ANDREW<br>METRICK, individually,<br><br>  Defendants. | Civil Action No.<br>3:13 - CV - 1890 (CSH)<br><br><br>APRIL 15, 2016 |

## RULING ON DEFENDANTS' MOTION TO COMPEL (DOC. 175)

**HAIGHT, Senior District Judge:**

The Defendants (collectively "Yale") made a motion [Doc. 175] to compel Plaintiff Constance Bagley to make additional pre-trial discovery in certain respects. Counsel for the parties discussed the matter, with some apparent results. Defendants' most recent brief [Doc. 181] states at 1 that "the only remaining issue concerns the plaintiff's invocation of the psychotherapist-patient privilege." Defendants respond that the nature of Plaintiff's claims in the action constitute a waiver of the privilege.

A number of Defendants' discovery demands raise or skirt this question of privilege. The most direct inquiry appears in Interrogatory No. 4, which reads: "If you are claiming physical, emotional or mental injury or illness as a result of any of the defendants' conduct, provide a medical authorization in the form attached hereto." Doc. 175-2, at 33. Bagley objected to the request "on the ground that it seeks authorization to access information and material that is both private and

1

protected from disclosure by the physician-patient privilege." *Id.*

Stated more precisely, the present dispute implicates the psychotherapist-patient privilege. Defendants' interest is generated by Bagley's testimony on cross-examination during the preliminary injunction hearing. Counsel for Yale asked if Bagley was "currently treating with someone for emotional distress as a result of your employment situation." Hearing Transcript [Doc. 181-1], at 8. "Yes," Bagley replied, with "Dr. Dori Laub of the Yale Medical School," who prior to the employment situation arising had been treating Bagley "for other reasons." *Id.* Yale contends that a fair implication of that testimony is a waiver of the privilege.

The law of psychotherapist-patient privilege in this circuit is governed by *In re Sims*, 534 F.3d 117 (2d Cir. 2008), a § 1983 prisoner's rights case in which the Second Circuit granted plaintiff's writ of mandamus and vacated the district court's order directing plaintiff to disclose his mental health records. Judge Kearse's opinion recognized that in *Jaffee v. Redmond*, 518 U.S. 1 (1996), the Supreme Court "made clear that the federal courts are required to recognize that confidential communications between a licensed psychotherapist – including a licensed social worker engaged in psychotherapy – and his or her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." 534 F.3d at 130. The Second Circuit granted the writ of mandamus in *Sims* because it concluded that "the order requiring disclosure of Sims's mental health records to respondents was beyond the permissible limits of discretion." *Id*. at 142. Prominent among the considerations leading to that conclusion were "Sims's evidentiary renunciations and his withdrawal of any claim to damages for

mental injury or any non-garden-variety emotional injury."[1]  *Id*.  That circumstance, among others, militated against a finding that "Sims 's psychotherapist-patient privilege was *forfeited*," 534 F.3d at 142, a verb Judge Kearse used interchangeably throughout the opinion with "*waived*."

The Second Circuit said in *Sims* that "[t]his Court has not previously addressed questions as to whether a plaintiff asserting a civil rights claim forfeits his psychotherapist-patient privilege by reason of allegations in his pleading or his answers to questions in discovery," 534 F.3d at 133, a scenario that closely mirrors the one at bar.  *Sims* addresses those questions by holding that

> a plaintiff does not forfeit his psychotherapist-patient privilege merely by asserting a claim for injuries that do not include a claim for emotional damage; that a plaintiff does not forfeit that privilege by merely stating that he suffers from a condition such as depression or anxiety for which he does not seek damages; that a plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting his psychotherapist-patient privilege; and that a party's psychotherapist-patient privilege is not overcome when his mental state is put in issue by another party.

*Id.* at 134.  In concluding that the plaintiff in *Sims* had not waived or forfeited his psychotherapist-patient privilege, the Second Circuit thought it significant that "neither complaint so much as mentions emotional injury.  Nor do we see that Sims suggested that he was asserting a claim for emotional injury, serious or otherwise, in his deposition testimony." 534 F.3d at 135.

In contrast, Professor Bagley *is* asserting a claim for emotional injury against Yale and the other Defendants.  That is the fair inference to be drawn from her quoted preliminary injunction testimony, given on December 9, 2014, where defense counsel posed the question of treatment for

---

[1] The Second Circuit's opinion in *Sims* makes frequent use of the dismissive phrase "garden-variety" claim without defining it.  One district court has said: "Garden variety claims refer to claims for nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized."  *EEOC v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 121 (W.D.N.Y. 2009).  That definition is entirely consistent with the Second Circuit's rationale in *Sims*.

"emotional distress as a result of your employment situation," and Bagley answered in the affirmative, identifying Dr. Laub as the treating physician. But it is not necessary to draw inferences on the point. Any lingering question is dispelled by Bagley's first amended complaint, filed on April 3, 2015, which includes in a list of "money damages for actual damages" a claim for "damages for emotional distress and mental suffering." Prayer for Relief, page 39, ¶ A.

In these circumstances, I conclude on the authority of *Sims* that Professor Bagley's specific and particularized claim for emotional distress, allegedly caused by her employment "situation" with Yale, and compensable by Yale for that reason, results in a forfeiture of her psychotherapist-patient privilege. The privilege does not bar discovery by the Defendants of the pertinent documents. In cases of this nature, "fairness considerations arise when the party attempts to use the privilege both as a shield and a sword." *Sims*, 534 F.3d at 132 (citations and internal quotation marks omitted). If Bagley wishes to deflect discovery by using the shield, she must drop the sword of a claim for emotional distress (other blades would remain in Plaintiff's armory).

Because the only stated and discernible need for this discovery is to allow Yale's counsel to prepare a defense against this emotional distress claim, the production mandated by this Ruling will be for attorneys' eyes only, plus any expert medical witness the Defendants may retain to defend against the claim. These documents may not be shown, nor their contents disclosed, to any individual Defendant or those in privity with them. Of course, the contents of these records may be revealed during the course of a trial, but that is an unavoidable consequence of Plaintiff's assertion of the claim in the first place.

The documents covered by this Ruling must be furnished to Defendants' counsel forthwith, and in any event in sufficient time to allow counsel a reasonable amount of time to examine them

before Professor Bagley is deposed on April 28, 2016.

As *Sims* also teaches, Bagley may avoid forfeiting her psychotherapist-patient privilege if she is prepared to "withdraw or formally abandon all claims for emotional distress."  534 F.3d at 134.  Bagley may accomplish that outcome by entering into a stipulation to which Defendants agree (which shall not be unreasonably withheld).

For the foregoing reasons, Defendants' motion to compel discovery [Doc. 175] is GRANTED.  The parties are directed to proceed in a manner consistent with this Ruling.

It is SO ORDERED.

Dated:  New Haven, Connecticut
         April 15, 2016

                                              */s/Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge